**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
DISTRICT OF DELAWARE

Case number (if known) _____  Chapter  **11**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | Debtor's name | **Christmas Tree Shops, LLC** | |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **04-2471207** | |
| 4. | Debtor's address | **Principal place of business**<br><br>**64 Leona Drive**<br>**Middleborough, MA 02346**<br>Number, Street, City, State & ZIP Code<br><br>**Plymouth**<br>County | **Mailing address, if different from principal place of business**<br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | **www.christmastreeshops.com** | |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ | |

Debtor  **Christmas Tree Shops, LLC**                                     Case number (*if known*) _____
_____Name_____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
__4529__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check **all** that apply*:

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

Debtor **Christmas Tree Shops, LLC**     Case number (*if known*) _____
     Name

| | | |
|---|---|---|
| 10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No<br>■ Yes. | |

List all cases. If more than 1, attach a separate list

Debtor **See Attachment**      Relationship _____
District _____ When _____ Case number, if known _____

11. **Why is the case filed in *this district?***    *Check all that apply:*

    ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**
    ■ No
    ☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
       Number, Street, City, State & ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes.    Insurance agency _____
              Contact name _____
              Phone _____

**Statistical and administrative information**

13. **Debtor's estimation of available funds**    *Check one:*

    ■ Funds will be available for distribution to unsecured creditors.
    ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

14. **Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ■ 200-999 | | |

15. **Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ■ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

16. **Estimated liabilities**    ☐ $0 - $50,000    ☐ $1,000,001 - $10 million    ☐ $500,000,001 - $1 billion

Debtor **Christmas Tree Shops, LLC** _____   Case number (*if known*)_____
       Name

|  | | |
|---|---|---|
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  **Christmas Tree Shops, LLC**　　　　　　　　　　　　Case number (*if known*) _____
　　　　　Name

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on　**May 5, 2023**
　　　　　　　　MM / DD / YYYY

X _[signature]_____　　**Marc Salkovitz**
Signature of authorized representative of debtor　　Printed name

Title　**Executive Chairman**

---

**18. Signature of attorney**　X **/s/ Evelyn J. Meltzer**_____　　Date **May 5, 2023**
　　　　　　　　　　　　　　　Signature of attorney for debtor　　　　　　MM / DD / YYYY

**Evelyn J. Meltzer**
Printed name

**Troutman Pepper Hamilton Sanders LLP**
Firm name

**Hercules Plaza, Suite 5100**
**1313 Market Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone　**(302) 777-6500**　　Email address　**evelyn.meltzer@troutman.com**

**4581 DE**
Bar number and State

Debtor  **Christmas Tree Shops, LLC**   Case number *(if known)* _____
        Name

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
DISTRICT OF DELAWARE

Case number *(if known)* _____   Chapter  **11**

☐ Check if this an amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| | | | | |
|---|---|---|---|---|
| Debtor | **Handil Holdings, LLC** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When **5/05/23** | Case number, if known | |
| Debtor | **Handil, LLC** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When **5/05/23** | Case number, if known | |
| Debtor | **Nantucket Distributing Co., LLC** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When **5/05/23** | Case number, if known | |
| Debtor | **Salkovitz Family Trust 2, LLC** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When **5/05/23** | Case number, if known | |

## United States Bankruptcy Court
### District of Delaware

In re: **Christmas Tree Shops, LLC**
Debtor(s)

Case No. _____
Chapter **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Handil Holdings, LLC<br>64 Leona Drive<br>Middleboro, MA 02346 | | 100% | Membership |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Executive Chairman** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date **May 5, 2023**

Signature _____
Marc Salkovitz

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| CHRISTMAS TREE SHOPS, LLC, *et al.*,[1] | ) Case No. 23- |
| Debtors | ) Joint Administration Requested |

## STATEMENT OF CORPORATE OWNERSHIP

The following is the list of entities that directly or indirectly own 10% or more of any class of the above-captioned debtors' equity interests. This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(1) and Fed. R. Bankr. P. 7007.1 for filing in this chapter 11 case.

| Debtor | Holder Name | Approximate Percentage of Equity Interests Held |
|---|---|---|
| Handil, LLC | Marc Salkovitz | 50% |
|  | Pamela Salkovitz | 50% |
|  |  |  |
| Handil Holdings, LLC | Handil, LLC | 100% |
|  |  |  |
| Christmas Tree Shops, LLC | Handil Holdings, LLC | 100% |
|  |  |  |
| Salkovitz Family Trust 2, LLC | Handil, LLC | 100% |
|  |  |  |
| Nantucket Distributing Co., LLC | Christmas Tree Shops, LLC | 100% |

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640). The notice address for the Debtors is 64 Leona Drive, Middleboro, Massachusetts 02346.

154740628v1

# WRITTEN CONSENT OF SOLE MEMBER
# CHRISTMAS TREE SHOPS, LLC

**May 4, 2023**

The undersigned, being the sole member (the "Member") of Christmas Tree Shops, LLC, a Massachusetts limited liability company (the "Company") hereby takes the following actions and adopts the following resolutions (the "Resolutions") by written consent as of the date first written above, pursuant to the Massachusetts Limited Liability Company Act, and the limited liability company agreement (the "LLC Agreement") of the Company currently in effect:

**Approval of Chapter 11 Petition**

**WHEREAS,** in light of the Company's financial condition, the Company was directed to formally engage certain professionals to advise the Company on the restructuring of the Company, including seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), if advisable; and

**WHEREAS**, the Company has reviewed the materials presented by their financial and other advisors and the Member has engaged in numerous and extensive discussions (including, without limitation with management and professional advisors) regarding the Company's financial condition, including its liabilities and liquidity position, strategic alternatives available to it, and the impact of the foregoing on Company's business operations; and

**WHEREAS**, having considered the advice of financial and other advisors, the Company and the Member has determined that it is desirable and in the best interest of the Company and its creditors, employees, and other interested parties that a petition be filed by the Company, seeking relief under the provisions of chapter 11 of the Bankruptcy Code;

**NOW, THEREFORE, BE IT**:

**RESOLVED:**   That, the Member has determined, after due consultation with members of the Company's management and the legal and financial advisors of the Company, that it is advisable and in the best interests of the Company and all of its residual claimants, including its creditors and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a petition seeking relief under the provisions of Chapter 11 of the Bankruptcy Code to commence the Chapter 11 case and any other order that may be desirable under applicable law; and it is further

**RESOLVED:**   That each of the Chief Executive Officer, the President, the Chief Financial Officer and Corporate Secretary (each, an <u>Authorized Officer</u>") on behalf of the Company be, and each hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to execute and verify a petition under chapter 11 of the Bankruptcy Code (including any and all plans, schedules, statements, motions, lists, applications, pleadings, orders, and other documents) and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") at such time or in such other jurisdiction as the Authorized Officer executing the petition shall determine, and it is further

**RESOLVED:**   That the law firms of Murphy & King, Professional Corporation and Troutman Pepper Hamilton Sanders LLP be and hereby are, employed as attorneys for the Company in any such chapter 11 case, and the Company may provide such counsel with retainers for their services, all subject to approval of the Bankruptcy Court; and it is further

**RESOLVED:**   That KCC be and hereby is, employed as claims and noticing agent and administrative agent for the Company, and the Company may provide such claims agent with a retainer for its services in any such chapter 11 case, all subject to approval of the Bankruptcy Court; and it is further

**RESOLVED:**   That in connection with the commencement of any chapter 11 case, the Company hereby (i) approves the terms and provisions of that certain Senior Secured, Super-Priority Debtor-in-Possession Revolving Credit Agreement (the "<u>Credit Agreement</u>"), (ii) consents to, authorizes and directs the execution, delivery and performance thereof by the Company, (iii) consents to, authorizes and directs the Authorized Officers, on behalf of the Company, to enter into other documents evidencing or documenting the Credit Agreement, including any loan agreements, documents, notes, guaranties, security agreements, pledge agreements and all other documents, agreements or instruments related thereto in each case in such form as an Authorized Officer may approve, and making changes to the Credit Agreement, as may be deemed necessary or appropriate by the Authorized Officer (such approval and the approval of the Member to be conclusively evidenced by the execution thereof or taking of such action by the Authorized Officer), and (iv) consent to and authorize the amendment, extension, supplementation, or other modifications of any documents, certificates, agreements or other writings related to the Credit Agreement; provided that any material amendments, extensions, supplements or modifications of

|  |  |
|---|---|
|  | the Credit Agreement are subject to review and consent by the Member; and it is further |
| **RESOLVED:** | That in connection with the commencement of any chapter 11 case, the Company hereby (i) approves the terms and provisions of that certain Letter Agreement Governing Inventory Disposition (the "GOB Sale Agreement") by and among the Company and Hilco Merchant Resources, LLC, (ii) consents to, authorizes and directs the execution, delivery and performance thereof by the Company, (iii) consents to, authorizes and directs the Authorized Officers, on behalf of the Company, to enter into other documents evidencing or documenting the GOB Sale Agreement in each case in such form as an Authorized Officer may approve, and making changes to the GOB Sale Agreement, as may be deemed necessary or appropriate by the Authorized Officer (such approval and the approval of the Member to be conclusively evidenced by the execution thereof or taking of such action by the Authorized Officer), and (iv) consents to and authorizes the amendment, extension, supplementation, or other modifications of any documents, certificates, agreements or other writings related to the GOB Sale Agreement; provided that any material amendments, extensions, supplements or modifications of the GOB Sale Agreement are subject to review and consent by the Member; and it is further |
| **RESOLVED:** | That in connection with the commencement of any chapter 11 case, the Company hereby (i) approves the terms and provisions and assumption of that certain *Letter Agreement Governing Inventory Disposition* with Hilco Merchant Resources, LLC (the "Inventory Agreement"), (ii) consents to, authorizes and directs the execution, delivery and performance thereof by the Company, (iii) consents to, authorizes and directs the Authorized Officers, on behalf of the Company, to enter into other documents evidencing or documenting the assumption of the Inventory Agreement and all other documents, agreements or instruments related thereto in each case in such form as an Authorized Officer may approve, and making changes to the Inventory Agreement, as may be deemed necessary or appropriate by the Authorized Officer (such approval and the approval of the Member to be conclusively evidenced by the execution thereof or taking of such action by the Authorized Officer), and (iv) consent to and authorize the amendment, extension, supplementation, or other modifications of any documents, certificates, agreements or other writings related to the Inventory Agreement; provided that any material amendments, extensions, supplements or modifications of the Inventory |

|  |  |
|---|---|
|  | Agreement are subject to review and consent by the Member; and it is further |
| **RESOLVED:** | That in connection with the commencement of any chapter 11 case, the Company hereby (i) approves the terms and provisions and assumption of that certain *Agreement for Consignment of Memo Merchandise*, as amended, with Restore Capital, LLC (the "Consignment Agreement"), (ii) consents to, authorizes and directs the execution, delivery and performance thereof by the Company, (iii) consents to, authorizes and directs the Authorized Officers, on behalf of the Company, to enter into other documents evidencing or documenting the assumption of the Consignment Agreement and all other documents, agreements or instruments related thereto in each case in such form as an Authorized Officer may approve, and making changes to the Consignment Agreement, as may be deemed necessary or appropriate by the Authorized Officer (such approval and the approval of the Member to be conclusively evidenced by the execution thereof or taking of such action by the Authorized Officer), and (iv) consent to and authorize the amendment, extension, supplementation, or other modifications of any documents, certificates, agreements or other writings related to the Consignment Agreement; provided that any material amendments, extensions, supplements or modifications of the Consignment Agreement are subject to review and consent by the Member; and it is further |
| **RESOLVED:** | That the Authorized Officers be, and each of them hereby is, acting singly or together, authorized and directed in the name of and on behalf of the Company to (i) enter into negotiations with any interested parties regarding a purchase of any or all of the assets (of any kind) of the Company or any of the Company's other direct or indirect subsidiaries, whether pursuant to a plan or otherwise (such sale, a "Sale"), (ii) file a motion with the Bankruptcy Court seeking approval of bidding procedures to be used to facilitate a Sale, (iii) execute and deliver an agreement providing for such Sale (the "Sale Agreement") in connection with the Sale, (iv) enter into such additional agreements, consents, certificates, amendments, and instruments as may be necessary to obtain approval for the transaction contemplated thereby; (v) if the Authorized Officer deem it necessary or appropriate, seek approval from the Bankruptcy Court for authority under the Bankruptcy Code and any other relevant or applicable federal, state, local, or non-U.S. law to sell such assets in a Sale; (vi) to organize and manage a sale process for such assets, which may take the form of an auction or any other process which may include the identification of a stalking horse bidder, as well as |

|              | negotiate and entering into an agreement with such stalking horse bidder, and (vii) enter into such additional agreements, consents, certificates, amendments, and instructions as may be necessary to obtain approval for and effect the transaction contemplated thereby; provided that the foregoing shall be subject to review and consent by the Member in connection with the sale or potential Sale of all or a material portion of the assets of the Company;  and it is further |
|---|---|
| **RESOLVED:** | That in connection with the chapter 11 case, each Authorized Officers, and such other officers of the Company as the Authorized Officers shall from time to time designate, be, and each herby is, authorized and empowered on behalf of and in the name of the Company, to cause the Company to take such actions and execute such documents as are necessary to effectuate a Sale or Sales of the assets of the Company, in a manner determined by the Authorized Officer to represent the best interest of the Company and its creditors, provided that any Sale or potential Sale of all or a material portion of the assets of the Company shall be subject to review and consent by the Member, and it is further |
| **RESOLVED:** | That each Authorized Officer be, and each hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case; provided that the retention of professionals in connection with the Company's chapter 11 case that are in addition to Murphy & King, Professional Corporation, Troutman Pepper Hamilton Sanders LLP, and KCC shall be subject to review and consent by the Member; and it is further |
| **RESOLVED:** | That each Authorized Officer and such other officers of the Company as the Authorized Officers shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions, as in the judgment |

of any such officer shall be or become necessary, proper, and desirable, to effectuate the successful prosecution of the Company's chapter 11 case, with a view to the successful prosecution of such cases; provided that each of the foregoing shall be subject to review and consent by the Member with respect to any act or transaction that does not fall within the ordinary course of business of the Company; and it is further

**RESOLVED:** That each Authorized Officer be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute such consents on behalf of the Company as such Authorized Officer considers necessary, proper or desirable to effectuate these Resolutions, such determination to be evidenced by such execution or taking of such action; and it is further

**RESOLVED:** That any and all past actions heretofore taken by any Authorized Officers of the Company in the name of and on behalf of the Company in furtherance of any or all of the proceeding resolutions be, and the same hereby are, ratified, confirmed, approved and adopted as a duly authorized act of the Company in all respects and for all purposes.

The actions taken by this written consent shall have the same force and effect as if taken at a meeting of the Member duly called and constituted, pursuant to the applicable LLC Agreement of each the Company and the laws of the State of Massachusetts.

This written consent may be executed in as many electronic or original counterparts as may be required; all counterparts shall collectively constitute one and the same consent. This written consent shall be filed with the minutes of the proceedings of the Member.

IN WITNESS WHEREOF, the undersigned Member of the Company have executed this written consent as of the date first set forth above.

**SOLE MEMBER**:

**HANDIL HOLDINGS, LLC**

By: _____
Name: Marc Salkovitz
Title: President

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC, *et al.*,[1]<br><br>             Debtors | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 23- <br> ) <br> ) Joint Administration Requested <br> ) |

**CONSOLIDATED LIST OF CREDITORS HOLDING THE
THIRTY LARGEST UNSECURED CLAIMS**

      Christmas Tree Shops, LLC, Handil, LLC, Handil Holdings, LLC, Salkovitz Family Trust 2, LLC, and Nantucket Distributing Co., LLC (collectively, the "**Debtors**") each filed a petition in this Court on the date hereof for relief under chapter 11 of Title 11 of the United States Code. A consolidated list of creditors holding the thirty largest unsecured claims is included herewith (the "**Largest Unsecured Creditors List**").

      The Largest Unsecured Creditors List is based on the Debtors' books and records as of approximately May 2, 2022, and was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Largest Unsecured Creditors List does not include persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31). The information contained in the Largest Unsecured Creditors List shall not constitute an admission by, nor shall it be binding on, the Debtors.

---

[1]     The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640). The notice address for the Debtors is 64 Leona Drive, Middleboro, Massachusetts 02346.

154741182v1

**Fill in this information to identify the case:**

Debtor name: Christmas Tree Shops, LLC, et al.

United States Bankruptcy Court for the District of Delaware

Case number (If known):

☐ Check if this is an amended filing

## Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | PEDONE & PARTNERS, INC DBA LUXE COLLECTIVE GROUP<br>LISSETTE LOPEZ<br>112 WEST 27TH STREET, 7TH FLOOR<br>NEW YORK, NY 10001 | LISSETTE LOPEZ<br>PHONE: 212-488-5157<br>EMAIL: LISSETTEL@LUXECG.COM | OPERATING EXPENSE | | | | $ 1,928,161.25 |
| 2 | EVERSTAR MERCHANDISE CO., LIMITED<br>JOE LINCOLN<br>11F HARBOUR CENTRE, TOWER 1<br>NO. 1, HOK CHEUNG ST.<br>HUNG HOM<br>KOWLOON,<br>HONG KONG | JOE LINCOLN<br>PHONE: 720-936-4981<br>FAX: 852-23567308<br>EMAIL: JOELINCOLN@EVERSTAR.BIZ | MERCHANDISE | | | | $ 1,627,675.99 |
| 3 | METROPOLITAN TRUCKING INC.<br>HEATHER MAURER<br>6675 LOW STREET<br>BLOOMSBURG, PA 17815 | HEATHER MAURER<br>PHONE: 570-832-4714<br>FAX: 570-389-8977<br>EMAIL: HEATHERMAURER@MTRK.COM | FREIGHT | | | | $ 1,148,489.30 |
| 4 | PACIFIC SUPREME<br>BENNY HUANG<br>29/4 M00 1 SOI ONNUCH 62<br>SUKHUMVIT 77, SUANLUANG<br>BANGKOK 0,<br>THAILAND | BENNY HUANG<br>PHONE: 66-2322712830<br>EMAIL: PSTHAI@PACIFICSUPREME.NET | MERCHANDISE | | | | $ 1,111,830.31 |
| 5 | THE COMMERCIAL TRAFFIC COMPANY/CT LOGISTICS<br>AMY BERNARD<br>12487 PLAZA DRIVE<br>CLEVELAND, OH 44130 | AMY BERNARD<br>PHONE: 216-267-2000 X2126<br>EMAIL: ABERNARD@CTLOGISTICS.COM | FREIGHT | | | | $ 1,054,223.78 |
| 6 | TAIZHOU SUNNY COAST/JACK TOM<br>ERIC CHU<br>9TH 285 NANKING EAST ROAD, SEC. 3<br>TAIPEI<br>TAIPEI CITY, 105<br>TAIWAN | ERIC CHU<br>PHONE: 86 576-84274638<br>FAX: 86 576-84274633<br>EMAIL: ERIC@JACK-TOM.COM | MERCHANDISE | | | | $ 1,012,493.35 |
| 7 | 64 LEONA PROPERTY OWNER LLC<br>ALEC ROBERTS<br>2000 MCKINNEY AVE<br>SUITE 1000<br>DALLAS, TX 75201 | ALEC ROBERTS<br>PHONE: 617-951-4117<br>EMAIL: AROBERTS@LPC.COM | LANDLORD | | | | $ 998,000.15 |
| 8 | WORKDAY INC<br>JOE CONROY<br>6110 STONERIDGE MALL ROAD<br>PLEASANTON, CA 94588 | JOE CONROY<br>PHONE: 801-384-5024<br>EMAIL: JOE.CONROY@WORKDAY.COM | OPERATING EXPENSE | | | | $ 916,473.18 |
| 9 | CREATIVE CONVERTING<br>LAURA WRITT<br>255 SPRING STREET<br>CLINTONVILLE, WI 54929 | LAURA WRITT<br>PHONE: 800-826-0418 X5279<br>FAX: 800-848-1421<br>EMAIL: LAURA.WRITT@CREATIVECONVERTING.COM | MERCHANDISE | | | | $ 848,413.74 |
| 10 | PLUS MARK INC.<br>GREGG MANTERNACH<br>ONE AMERICAN BOULEVARD<br>CLEVELAND, OH 44145 | GREGG MANTERNACH<br>PHONE: 216-252-7300<br>FAX: 216-252-4155<br>EMAIL: GREGG.MANTERNACH@AMGREETINGS.COM | MERCHANDISE | | | | $ 842,330.29 |
| 11 | MAINSTREAM INTERNATIONAL/MAINSTREAM<br>ROBERT HOWARD<br>115 NEWFIELD AVENUE<br>EDISON, NJ 08837 | ROBERT HOWARD<br>PHONE: 718-649-7800 X103<br>FAX: 86 862-164338595<br>EMAIL: RHOWARD@MAINSTREAMINTL.COM | MERCHANDISE | | | | $ 840,213.69 |
| 12 | PEOPLEREADY INC<br>ANGELA KRUSE<br>1015 A STREET<br>TACOMA, WA 98402 | ANGELA KRUSE<br>PHONE: 253-680-8309<br>FAX: 253--274-3777<br>EMAIL: AKRUSE@TRUEBLUE.COM | OPERATING EXPENSE | | | | $ 823,345.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | PACIFIC ISLAND CREATIONS CO., LTD<br>VICKY HSU<br>9F, NO.135 DUNHUA N. RD.<br>SONGSHAN DIST<br>TAIPEI CITY, 114<br>TAIWAN | VICKY HSU<br>PHONE: 886 2-26577566<br>FAX: 886 2-26576399<br>EMAIL: PICC@MS6.HINET.NET | MERCHANDISE | | | | $ 752,092.04 |
| 14 | UTZ QUALITY FOODS LLC<br>ARLONA CAMPOS<br>900 HIGH STREET<br>HANOVER, PA 17331 | ARLONA CAMPOS<br>PHONE: 800-367-7629<br>FAX: 717-633-5102<br>EMAIL: ACAMPOS@UTZSNACKS.COM | MERCHANDISE | | | | $ 682,858.38 |
| 15 | CROWN LIFT TRUCKS<br>SUSAN KING<br>15 FORGE PARKWAY<br>FRANKLIN, MA 02038 | SUSAN KING<br>PHONE: 614-308-2116<br>EMAIL: SUSAN.KING@CROWN.COM | OPERATING EXPENSE | | | | $ 628,087.11 |
| 16 | CROWN KING ENT.<br>JULIA LIU<br>FLAT D, 3/F, CHEONG YIU BLDG.<br>NO. 169 CASTLE PEAK ROAD<br>TSUEN WAN,<br>HONG KONG | JULIA LIU<br>EMAIL: JULIA.LIU@LEAPAK.COM | MERCHANDISE | | | | $ 608,354.70 |
| 17 | SAMSONICO USA LLC<br>STEVE CARPENTER<br>4925 WESTIN PARK DRIVE<br>CONWAY, AR 72034 | STEVE CARPENTER<br>PHONE: 501-472-6503<br>FAX: 501-329-1345<br>EMAIL: STEVE@SAMSONICO.COM.TW | MERCHANDISE | | | | $ 601,043.82 |
| 18 | SOLARAY, LLC DBA SWIBCO INC<br>TONY ABBOTT<br>4535 SW 34TH STREET<br>ORLANDO, FL 32811 | TONY ABBOTT<br>PHONE: 315-382-8114<br>FAX: 407-513-9898<br>EMAIL: ANTHONY.ABBOTT@SRPCOMPANIES.COM | MERCHANDISE | | | | $ 562,725.28 |
| 19 | FTI CAPITAL ADVISORS<br>JAMIE BELCHER<br>79 WELLINGTON STREET WEST<br>SUITE 2010<br>PO BOX 104<br>TORONTO, ON M5K1G8<br>CANADA | JAMIE BELCHER<br>PHONE: 416-649-8081<br>EMAIL: JAMIE.BELCHER@FTICONSULTING.COM | OPERATING EXPENSE | | | | $ 560,854.10 |
| 20 | CREATE A TREAT<br>SHARON GUO<br>15 MARMAC UNIT 200<br>TORONTO, ON M9W 1E7<br>CANADA | SHARON GUO<br>PHONE: 416-675-0114<br>FAX: 416-675-0155<br>EMAIL: SGUO@GIVEANDGO.COM | MERCHANDISE | | | | $ 532,901.52 |
| 21 | OLDE THOMPSON LLC<br>ANJLI SHAH<br>ATTN ACCOUNTS RECEIVABLE<br>3250 CAMINO DEL SOL<br>OXNARD, CA 93030-8998 | ANJLI SHAH<br>PHONE: 800-827-1565<br>FAX: 805-983-1849<br>EMAIL: ANJLI.S@OFI.COM | MERCHANDISE | | | | $ 489,319.32 |
| 22 | IMPERIAL DISTRIBUTORS INC<br>JOY KELLER<br>150 BLACKSTONE RIVER ROAD<br>WORCESTER, MA 01607 | JOY KELLER<br>PHONE: 508-713-6233<br>EMAIL: JKELLER@IMPERIALDISTRIBUTORS.COM | MERCHANDISE | | | | $ 482,493.29 |
| 23 | SINO AGRO ENTERPRISE/AC<br>BEN<br>GUANGDONG GENERAL CORP 2 YI RD<br>LIANGTIAN INDUS PK ZHONGLUOTAN<br>GUANGZHOU<br>0 SICHUAN,<br>CHINA | BEN<br>PHONE: 86 20-22019088<br>FAX: 86 20-22019038<br>EMAIL: BEN@IHANDWORK.COM | MERCHANDISE | | | | $ 476,113.60 |
| 24 | PRESTIGE PATIO CO. LTD/PRESTIGE<br>STEVE KENGER<br>42 W 38 STREET, SUITE 802<br>NEW YORK, NY 10018 | STEVE KENGER<br>PHONE: 212-763-5151<br>EMAIL: SKENGER@PRESTIGEGLOBALCOLTD.COM | MERCHANDISE | | | | $ 467,084.00 |
| 25 | AMERICAN EXPRESS CO.<br>JEFF KOLODJAY<br>P.O. BOX 981535<br>EL PASO, TX 79998-1535 | JEFF KOLODJAY<br>PHONE: 413-754-3638<br>EMAIL: JEFFREY.R.KOLODJAY@AEXP.COM | OPERATING EXPENSE | | | | $ 462,591.22 |
| 26 | PILLOW PERFECT INC.<br>PAUL RATNER<br>318 BELL PARK DRIVE<br>WOODSTOCK, GA 30188 | PAUL RATNER<br>PHONE: 770-926-1122<br>EMAIL: PRATNER@PILLOWPERFECT.COM | MERCHANDISE | | | | $ 444,791.22 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27 | NINGBO KOSDA/AC<br>JING<br>25 PINGLE XIANG ROAD<br>DAXIE DEVELOPMENT ZONE<br>BEILUN DIST, NINGBO<br>ZHEJIANG, 315812<br>CHINA<br><br>NINGBO KOSDA/AC<br>JING<br>NO 1036 CIDONG AVENUE<br>BINHAI ECONOMIC DEVELOPMENT ZONE<br>CIXI CITY, ZHEJIANG, 315300<br>CHINA | JING<br>PHONE: 86 139-67818265<br>EMAIL: JING@KOSD.COM.CN | MERCHANDISE | | | | $ 422,450.80 |
| 28 | HOSTESS BRANDS LLC<br>SHAYLA SHANNON<br>7905 QUIVIRA ROAD<br>LENEXA, KS 66215 | SHAYLA SHANNON<br>PHONE: 816-701-4643<br>FAX: 866-712-7748<br>EMAIL: SSHANNON@HOSTESSBRANDS.COM | MERCHANDISE | | | | $ 399,233.14 |
| 29 | ZETA GLOBAL CORP<br>DONNA MCLAUGHLIN<br>3 PARK AVE, 33RD FLOOR<br>NEW YORK, NY 10016 | DONNA MCLAUGHLIN<br>PHONE: 631-851-5209<br>EMAIL: DMCLAUGHLIN@ZETAGLOBAL.COM | OPERATING EXPENSE | | | | $ 398,246.00 |
| 30 | CARDLYTICS INC<br>TAYLOR ZACKS<br>75 REMITTANCE DR DEPT 3247<br>CHICAGO, IL 60675-3247 | TAYLOR ZACKS<br>PHONE: 404- 936-4445<br>EMAIL: TZACKS@CARDLYTICS.COM | OPERATING EXPENSE | | | | $ 389,133.84 |

**Fill in this information to identify the case:**

Debtor name: **Christmas Tree Shops, LLC**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule _____
- ☐ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ■ Other document that requires a declaration    **List of Equity Security Holders**
  **Corporate Ownership Statement**
  **Creditors Holding 30 Largest Unsecured Claims**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **May 5, 2023**    X _/s/ Marc Salkovitz_
Signature of individual signing on behalf of debtor

**Marc Salkovitz**
Printed name

**Executive Chairman**
Position or relationship to debtor