IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CHRISTMAS TREE SHOPS, LLC, *et al.*,[1] | Case No. 23-10576 (TMH) |
| Debtors | Joint Administration Requested |

**MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO REJECT AN UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby file this motion (the "**Motion**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**") under Sections 105(a) and 365 of Title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**"), and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") (i) authorizing the Debtors to reject, effective as of the date hereof (the "**Petition Date**"), the unexpired lease of nonresidential property located at 5181 Sunrise Highway Bohemia, New York (the "**Lease**")[2], and (ii) granting related relief. In Support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640). The notice address for the Debtors is 64 Leona Drive, Middleboro, Massachusetts 02346.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Lease or First Day Declaration as applicable.

1

154773779v1

District of Delaware dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The basis for relief requested herein are sections 105(a) and 365 of the Bankruptcy Code.

**BACKGROUND**

3. On the Petition Date, the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Marc Salkovitz, Executive Chairman, In Support of First Day Relief* (Docket No, 12), which is incorporated herein by reference (the "**First Day Declaration**").

4. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been requested in the Chapter 11 Cases and no committees have yet been appointed.

5. Simultaneously with the filing of this Motion, the Debtors have sought an order of joint administration pursuant to Bankruptcy Rule 1015(b) that would provide for the joint administration of these cases and for consolidation for procedural purposes only.

6. The Debtors operate a chain of brick-and-mortar home goods retail stores that specializes in the sale of year-round seasonal goods at value pricing. The Debtors' stores offer a variety of products including home décor, bed and bath products, kitchen and dining products, furniture, food and seasonal products. As of the Petition Date, the Debtors operate 82 stores in 20 stores.

2

7.      The Debtor entered into the Lease on September 30, 2022, with Sayville Plaza Development LLC (the "**Landlord**"). The Rent Commencement Date under the Lease was the earlier of May 1, 2023, or when the Debtors opened the property for business with the public. The Debtors have not accepted delivery of the property or opened said property for business with the public. As a result of the challenges faced by the Debtors described further in the First Day Declaration, the Debtors' management team and advisors determined that it is appropriate to reject the Lease as the property is nonoperational and does not contain any personal property or inventory of the Debtors.

**RELIEF REQUESTED**

8.      The Debtors request entry of the Proposed Order, in substantially the form attached hereto as **Exhibit A**, authorizing them to (i) reject the Lease as of the Petition Date; and (ii) granting related relief.

**BASIS FOR RELIEF**

9.      A debtor, "subject to the court's approval, may assume or reject any . . . executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). This section is intended "to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property." *In re Republic Airways Holdings Inc.*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (quoting *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993)); *see also In re Exide Techs.,* 607 F.3d 957, 967 (3d Cir. 2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization").

3

10. Courts use the "business judgment" test, which requires a debtor to have determined that the requested assumption or rejection would be beneficial to its estate, in determining whether the rejection of an unexpired nonresidential lease should be authorized. *See Grp. Of Institutional Inv'rs, Inc. v. Chi., Milwaukee, St. Paul & Pac. R.R.*, 318 U.S. 523, 550 (1943) (noting that "the question whether a lease should be rejected . . . is one of business judgment"); *in re Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982), aff'd, 465 U.S. 513 ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test.") *accord In re HQ Glob. Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003).

11. Rejection of the Lease is well within the Debtors' business judgment and will serve the best interests of their estates. The Debtors seek to reject the Lease to avoid the incurrence of any additional, unnecessary expenses related to the Lease. The Debtors have engaged in a process with the assistance of their external advisors and in consultation with the DIP Lenders to review and analyze the Debtors' various leaseholds and have concluded that the cost of maintaining the Lease outweighs any potential value that the Lease could generate in the future. Accordingly, the Debtors have concluded that rejection of the Lease is in the best interest of the Debtors' estates, their creditors, and parties in interest.

12. In applying the business judgement standard, bankruptcy courts defer to a debtor's decision to assume or reject leases. *See, e.g. Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39-40 (3d Cir. 1989) (affirming the rejection of a service agreement as sound exercise of the debtor's business judgment when the bankruptcy court found that such rejection would benefit the debtors' estate); *In re Caribbean Petroleum Corp.*, 444 B.R. 263, 268 (Bankr. D. Del. 2010) (quoting *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. Del. 2000) ("[A]

4

debtor's decision to reject an executory contract must be summarily affirmed unless it is the produce of bad faith, or whim or caprice.")).

13. Authorizing the rejection of the Lease as of the Petition Date is consistent with prior rulings of courts in this and other circuits, which have held that a bankruptcy court may authorize the retroactive rejection of a nonresidential real property lease if the balance of equities favors such a retroactive rejection. *See In Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in the particular case); *In re Fleming Cos.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (stating that rejection has been allowed as of the date of the motion or the date the premises were surrendered).

14. Courts in this District have authorized debtors to reject unexpired nonresidential leases as of the date that the debtors filed their petitions for bankruptcy protection. *See e.g., In re 24 Hour Fitness Worldwide, Inc.* Ch. 11 Case No. 20-11558 (KBO) (Bankr. D. Del. July 13, 2020); *In re Forever 21, Inc.*, Ch. 11 Case No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019); *In re Claire's Stores, Inc.*, Ch. 11 Case No. 18-10584 (MFW) (Bankr. D. Del. Mar. 17, 2018).

15. Here, the balance of the equities favors rejection of the Lease as of the Petition Date, which will allow the Debtors to avoid the unnecessary economic burden of paying rent for the property, which they have never accepted or moved into.

**RESERVATION OF RIGHTS**

16. Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular

5

claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## CONSENT TO JURISDICTION

17. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## NOTICE

18. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the United States Attorney for the District of Delaware; (c) the United States Department of Justice; (d) the attorneys general for the 20 states in which the Debtors conduct business; (e) the Internal Revenue Service; (f) counsel for the DIP Agent; (g) counsel to Eclipse Business Capital LLC; (h) counsel to Pathlight Capital, LP; (i) counsel for Bed, Bath and Beyond, Inc.; (j) counsel for ReStore Capital (CTS), LLC; (k) those parties asserting liens or other security interests in certain delineated personal property of the Debtors based upon leases or sales

of such property to the Debtor (the "**Other Secured Parties**"); (l) the creditors listed on the Debtors' consolidated list of thirty creditors holding the largest unsecured claims; (m) the Landlord and (n) all parties entitled to notice pursuant to Local Rule 9013-1(m). The Debtors submit that, under the circumstances, no other or further notice is required.

19. A copy of this Motion is available on (a) the Court's website, at www.deb.uscourts.gov, and (b) the website maintained by the Debtors' proposed Claims and Noticing Agent, KCC, at www.kccllc.net/christmastreeshops.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, and grant such other and further relief.

Dated: May 5, 2023
    Wilmington, Delaware

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

By: */s/ Evelyn J. Meltzer*
Evelyn J. Meltzer (Del. Bar No. 4581)
Marcy J. McLaughlin Smith (Del. Bar No. 6184)
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, Delaware 19801
Tel: (302) 777-6500
Fax: (302) 421-8390
Email: evelyn.meltzer@troutman.com
       marcy.smith@troutman.com

-and-

**MURPHY & KING, PROFESSIONAL CORPORATION**
Harold B. Murphy (*pro hac vice* pending)
Christopher M. Condon (*pro hac vice* pending)
28 State Street, Suite 3101
Boston, Massachusetts 02109
Tel: (617) 423-0400
Email: hmurphy@murphyking.com
       ccondon@murphyking.com

*Proposed Attorneys for Debtors
and Debtors in Possession*

8

154773779v1