**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CHRISTMAS TREE SHOPS, LLC, *et al.*,[1] | Case No. 23-10576 |
| Debtors. | Jointly Administered |

**STATEMENT OF FINANCIAL AFFAIRS FOR**
**NANTUCKET DISTRIBUTING CO., LLC (CASE NO. 23-10579)**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), Handil, LLC (1150), and Nantucket Distributing Co., LLC (1640).  The notice address for the Debtors is 64 Leona Drive, Middleboro, Massachusetts 02346.

**GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

On May 5, 2023 (the "Petition Date"),  Christmas Tree Shops, LLC ("CTS"), Handil, LLC ("Handil"), Handil Holdings, LLC ("Handil Holdings"), Salkovitz Family Trust 2, LLC ("Salkovitz Trust"), and Nantucket Distributing Co., LLC ("Nantucket Distributing"), as debtors and debtors in possession (collectively, the "Debtors") each commenced a case (the "Chapter 11 Cases") under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors are authorized to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated under case number 23-10576 (TMH) for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**OVERVIEW OF GLOBAL NOTES**

Each of the Debtors has herewith filed separate Schedules of Assets and Liabilities ("Schedules") and Statement of Financial Affairs ("Statements"). These *Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs* (the "Global Notes") relate to each of the Debtors' Schedules and Statements and set forth the basis upon which the Schedules and Statements are presented. **These Global Notes pertain to, are incorporated by reference in, and compromise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of the Schedules and Statements**. The Global Notes are in addition to any specific notes contained in any Debtor's Schedules or Statements.  The Global Notes are presented for each Debtor, however, each provision contained in the Global Notes may not apply to all Debtors.  Disclosure of information in one Schedule or Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule or Statement, exhibit, or continuation sheet. Nothing contained in the Schedules and Statements shall constitute a waiver of any rights or claims of the Debtors against any third party, or in or with respect to any aspect of these Chapter 11 Cases.

**The Schedules, Statements, and Global Notes should not be relied upon by any person for information relating to the current or future financial conditions, events, or performance of any of the Debtors.**

The Schedules and Statements have been prepared, pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, by the Debtors' management with the assistance of their advisors and other professionals. The Schedules and Statements contain unaudited information, which is subject to further review and potential adjustment. Reasonable efforts have been made to provide accurate and complete information herein based upon information that was available at the time of preparation; however, subsequent information or discovery thereof may result in material changes to the Schedules and Statements and inadvertent errors or omissions may exist. Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights with respect to the Chapter 11 Cases, including with respect to any issues involving substantive consolidation, recharacterization, equitable

subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Debtors reserve all rights to amend, modify, or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated." Furthermore, nothing contained in the Schedules and Statements shall constitute an admission of any claims or a waiver of any of the Debtors' rights with respect to the Chapter 11 Cases, including with respect to any issues involving causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

Marc Salkovitz, Executive Chairman of CTS and Handil Holdings, and the Chief Executive Officer of the remaining Debtors, has signed each set of the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Salkovitz necessarily has relied upon the efforts, statements, and representations of the Debtors' legal advisors and various personnel employed by the Debtors. Given the scale of the Debtors' business, Mr. Salkovitz has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including, but not limited to statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## Debtors' Schedules and Statements Global Notes

**1. Basis of Presentation.** Information contained in the Schedules and Statements has been derived from the Debtor's books and records and historical financial statements. The Schedules and Statements do not purport to represent financial statements prepared in accordance with United States Generally Accepted Accounting Principles ("GAAP"), nor are they intended to fully reconcile with the financial statements of each Debtor. The Debtors used reasonable efforts to attribute the assets and liabilities to each particular Debtor entity. However, because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes rather than for reporting by legal entity, it is possible that not all assets and liabilities have been recorded with the correct legal entity on the Schedules and Statements. It is possible intercompany balances between legal entities may vary materially. Accordingly, the Debtors reserve all rights to supplement and amend the Schedules and Statements in this regard, including with respect to reallocation of assets or liabilities to any particular entity.

**2. Reporting Date.** Unless otherwise noted on the specific responses, the Schedules and Statements generally reflect the Debtors' books and records as of the close of business on May 4, 2023. The liability

values are as of the Petition Date and may have been adjusted for authorized payments made under the First-Day Orders (as defined below).

**3.  Amendment.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements. Despite these efforts, inadvertent errors or omissions may exist. The Debtors reserve all rights to, but are not required to, amend or supplement, or both, the Schedules and Statements from time to time as is necessary and appropriate.

**4.  Recharacterization.** The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate assets, liabilities, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, due to the complexity and size of the Debtors' business and operations, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements as necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition.

**5.  Confidentiality.** There may be instances in the Schedules and Statements where the Debtors have deemed it necessary and appropriate to redact or withhold from the public record information such as names, addresses, or amounts. Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality, concerns for the privacy of an individual or as authorized pursuant to the *Order Authorizing the Debtors to Redact From the Creditor Matrix and Certain Pleadings Certain Personally Identifiable Information; and Granting Related Relief* [Docket No. 77]. In addition, certain agreements may not have been included on the Schedules because publicly disclosing such agreements may violate the terms set forth therein.

**6.  Cash Management System.** The Debtors use a consolidated cash management system through which the Debtors collect substantially all receipts and pay liabilities and expenses. As a result, certain payments in the Schedules and Statements may have been made prepetition by one entity on behalf of another entity through the operation of the consolidated cash management system. The Debtors' prepetition cash management system is described in the *Motion of the Debtors for Interim and Final Orders (I) Approving Continued Use of the Debtors' Cash Management System, Bank Accounts, and Business Forms; (II) Authorizing the Debtors to Open and Close Bank Accounts; and (III) Authorizing Banks to Honor Certain Prepetition Transfers* (the "Cash Management Motion") dated December 16, 2020 [Docket No. 12].

**8.  Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on information and research that was conducted or available in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and post-petition periods may change. The Debtors reserve all of the rights to amend, supplement, or otherwise modify the Schedules and Statements as they deem necessary or appropriate. The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims

under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

**9. Property and Equipment.** Unless otherwise indicated, owned property and equipment are presented at net book value.

**10. Executory Contracts and Unexpired Leases.** The placing of a contract or lease onto the Schedules shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable agreement. The Debtors hereby expressly reserve the right to assert that any contract or lease listed on the Debtors' Schedules does not constitute an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code.

**11. Leases.** The Debtors lease real property, furniture, fixtures, and equipment from certain third party lessors. Such leases are presented in the Schedules and Statements, subject to the reservation of rights set forth herein. The Debtors have not included in the Schedules and Statements the future obligations of any leases. Nothing herein or in the Schedules or Statements shall be construed as a concession, admission or evidence as to the determination of the legal status of any leases (including whether any lease is a true lease or a financing agreement) identified in the Schedules or Statements, including whether such leases: (i) constitute an executory contract within the meaning of section 365 of the Bankruptcy Code or other applicable law; or (ii) have not expired or been terminated or otherwise are not current in full force and effect, and the Debtors reserve all of their rights.

**12. Causes of Action.** Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any claims, causes of action or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions or in any way prejudice or impair the assertion of such claims.

**13. Taxes.** Claims listed on the Debtors' Schedule E/F include claims owing to various taxing authorities to which the Debtors may potentially be liable. However, certain of such claims may be subject to ongoing audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the claims listed on Schedule E/F. Therefore, the Debtors have listed estimated claim amounts, where possible, or alternatively listed such claims as unknown in amount and marked the claims as unliquidated, pending final resolution of ongoing audits or other outstanding issues. The Debtors reserve the right to dispute or challenge whether such claims are entitled to priority.

**14. Unknown Amounts.** Claim amounts that could not readily be quantified by the Debtors are scheduled as "unknown." These may include claims for prepetition services for which the Debtors have not yet received invoices. The description of an amount as "unknown" is not intended to reflect upon the materiality of the amount.

**15. Payment of Prepetition Claims Pursuant to First Day Orders.** On or about May 9, 2023, the Bankruptcy Court entered orders (the "First Day Orders") authorizing, but not directing, the Debtors

to, among other things, pay certain prepetition claims relating to (a) certain vendors critical to the continued operation of the Debtors' business; (b) insurance premiums; (c) taxes; (d) employee wages, salaries, and other compensation and benefits; (e) customer programs, including certain refunds and customer credits; and (f) the continued use of the Debtors' cash management system. Where the Schedules list creditors and set forth the amounts attributable to such claims, such scheduled amounts reflect balances owed as of the Petition Date. To the extent any adjustments are necessary to reflect any payments made on account of such claims following the commencement of these Chapter 11 Cases pursuant to the authority granted to the Debtors by the Bankruptcy Court under the First Day Orders, such adjustments have been included in the Schedules unless otherwise noted on the applicable Schedule. The Debtors reserve the right to update the Schedules to reflect payments made pursuant to the First Day Orders.

**16. Employee Claims.** The Bankruptcy Court entered a First Day Order granting the authority, but not the obligation, to the Debtors to pay, as set forth therein, certain prepetition employee wages, salaries, severance, benefits and other obligations in the ordinary course. Employee claims for prepetition amounts that were paid, or were authorized to be paid pursuant to such orders of the Bankruptcy Court, may not be included in the Schedules and Statements.

**17. Other Claims Paid Pursuant to Court Orders.** Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' Chapter 11 Cases, the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims. Accordingly, these liabilities may have been or may be satisfied in accordance with those orders, and therefore may not be listed in the Schedules and Statements.

**18. Insiders.** The Debtors have included all payments and awards made to executive officers and the members of the board of directors during the twelve months preceding the Petition Date. Included in the value reflected are cash payments to or for the benefit of the insider (inclusive of payroll, bonus and other employee benefits paid in cash). Persons have been included in the Statements for informational purposes only, and the listing of an individual as an insider is not intended to be and should not be construed as a legal characterization of that person as an insider and does not act as an admission of any fact, claim, right or defense, and all such rights, claims and defenses are reserved. Further the Debtors do not take any position concerning (a) the person's influence over the control of the Debtors, (b) the person's management responsibilities and functions, (c) the person's decision-making or corporate authority, or (d) whether the person could successfully argue that he or she is not an insider under applicable law, including federal securities law, or any theories of liability or for any other purpose.

**19. Excluded Assets and Liabilities.** The Debtors may have excluded from the Schedules certain of the following items, which may be included in their GAAP financial statements: intercompany receivables, investments in subsidiaries, certain accrued liabilities, including, without limitation, accrued salaries, employee benefit accruals, and certain other accruals, capitalized interest, debt acquisition costs, restricted cash, goodwill, financial instruments, certain prepaid and other current assets considered to have no market value, certain contingent assets such as insurance recoveries, and deferred revenues and gains. Other non-material assets and liabilities may also have been excluded. The Debtors have reflected intercompany balances as of the end of the day on May 4, 2023 on Schedules A/B and E/F for the relevant Debtor.

**20. Intercompany Claims.** Claims among the Debtor and its affiliated Debtors, as reflected in the applicable entities' balance sheet accounts (each an "Intercompany Receivable" or "Intercompany Payable" and, collectively, the "Intercompany Claims"), are reported on Schedules A/B and E/F, as applicable. The listing by the Debtors of any account between the Debtors or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as claims, interests, or not allowed at all.

**21. Litigation.** Certain litigation actions reflected as claims against one Debtor may relate to any of the other Debtors. The Debtors have made commercially reasonable efforts to record these actions in the Schedules and Statements of the Debtor that is party to the action. In addition, the Debtors may have excluded details relating to federal and state agency discrimination charges, labor arbitration and grievance claims, and government investigations and civil penalty actions. Discrimination charges have been excluded to protect the privacy interests of the charging parties and because the majority of such claims generally will not result in actual litigation. Labor arbitration and grievance claims are omitted to protect the privacy interests of the grieving party. Government investigations and civil penalty actions were excluded due to confidentiality and privacy concerns or because the majority of such claims are for de minimis amounts, have been promptly remediated or will not ultimately give rise to a civil penalty.

**22. Claim Description.** Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on these Schedules and Statements on any grounds, including, without limitation, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken. Moreover, the Debtors reserve all of their rights to, but are not required to, amend, supplement, or otherwise modify their Schedules and Statements as necessary and appropriate, including modifying claims descriptions and designations.

**23. Debt Representatives.** Claims relating to the repayment of principal, interest and other fees and expenses under agreements governing any syndicated credit facility where the identities of the lenders or other parties in interest are not known with certainty are scheduled listing the administrative agent under the applicable credit facility.

**24. Unliquidated Claim Amounts.** Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated." To the extent the Debtors are able to ascertain or estimate all or a portion of the claim amounts, they may have listed the known or estimated claim amount and marked the claims as unliquidated, pending final resolution of outstanding issues necessary to determine the total claim amount with certainty.

**25. Liabilities.** The Debtors have sought to allocate liabilities between prepetition and postpetition

periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and post-petition periods may change. The Debtors reserve their right to, but are not required to, amend the Schedules and Statements as they deem appropriate to reflect this.

**26. Guarantees and Other Second Liability Claims.** The Debtors have used commercially reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, the "Guarantees") in their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where Guarantees have been identified, they have been included in the relevant Schedules D, E/F, G and H for the affected Debtor or Debtors. Guarantees have generally been included in Schedules of the guarantor Debtor as "contingent" unless otherwise specified. While the Debtors have used commercially reasonable efforts to locate and identify Guarantees, it is possible that Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. The Debtors reserve all of their rights to, but are not required to, amend, supplement, or modify the Schedules if additional Guarantees are identified.

**27. Intellectual Property Rights.** Exclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have been sold, abandoned, or terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Accordingly, the Debtors reserve all of their rights as to the legal status of all intellectual property rights.

**28. Post-petition Agreements.** The Debtors may enter into certain post-petition agreements with creditors and other counterparties.  The Debtors reserve all of their rights to, but are not required to, amend, supplement, or otherwise modify their Schedules and Statements as necessary and appropriate to reflect such post-petition agreements, including modifying claims descriptions and designations.

**29. Totals.** All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "unliquidated." If there are unknown or unliquidated amounts, the actual totals may be materially different from the listed totals.

**Specific Disclosures With Respect to the Debtors' Schedules**

**30. Schedule A/B – Assets: Real and Personal Property.** Bank account balances are as of the end of the day on May 4, 2023. Details with respect to the Debtors' cash management system and bank accounts are provided in the Cash Management Motion.

**31. Schedule D: Creditors Holding Secured Claims.** Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported

to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Certain claims may be listed on Schedule D as "unliquidated" because the value of the collateral securing such claims is unknown. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim. In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  The claims of Eclipse Business Capital and Restore Capital, LLC together total $23,816,275.42. The Debtors have scheduled these claims as undetermined because the Debtors are unaware of the percentage of each entity's interest in the loan.

Certain taxing authorities for certain of the personal property taxes listed on Schedule E/F may have asserted liens with respect to such tax claims that are not noted on Schedule D. It is the Debtors' understanding that any such liens are in effect unsecured, as they are junior to the security interest of the prepetition secured lenders.

**32. Schedule E/F: Creditors Who Have Unsecured Claims**. Listing a claim on Part 1 of Schedule E/F as priority does not constitute an admission by the Debtors of the claimant's legal rights or a waiver of the Debtors' right to recharacterize or reclassify the claim or contract. The Bankruptcy Court entered a number of first day orders granting authority to pay certain prepetition priority claims. Accordingly, claims against Debtors for prepetition amounts as of the Petition Date that were, or were not authorized to be paid pursuant to such orders, may not be included in Schedule E/F. The Debtors reserve their rights to object to any listed claims on the ground that, among other things, they have already been satisfied.

Part 2 of Schedule E/F may not include certain deferred charges, deferred liabilities or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, they are reflected on the Debtors' books and records as required in accordance with GAAP. The claims listed in Part 2 of Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. While commercially reasonable efforts have been made, determining the date upon which each claim in Part 2 of Schedule E/F was incurred or arose would be, in certain cases, unduly burdensome and cost prohibitive and, therefore, the Debtors have not listed a date for each claim listed on Part 2 of Schedule E/F. Part 2 of Schedule E/F may contain information regarding potential, pending and closed litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. However, to the extent that litigation involving a particular Debtor has been identified, such information is contained in the Schedule for that Debtor. The inclusion of any litigation in these Schedules and Statements does not constitute an admission by any Debtor of liability, the validity of any action, the availability of insurance coverage, or the amount or treatment of any claims, defenses, counterclaims, or cross-claims or the amount or treatment of any potential claim resulting from any current or future litigation. The Debtors have generally excluded internal grievance claims to protect the privacy interests of the grieving party and because the majority of such claims generally will not result in actual litigation. In addition, certain litigation or claims covered

by insurance policies maintained by the Debtors may be excluded from Part 2 of Schedule E/F. The claims of individual creditors are generally listed at the amounts recorded on the Debtors' books and records and may not reflect credits or allowances due from the creditor. The Debtors reserve all of their rights concerning credits or allowances. The Bankruptcy Court entered First Day Orders granting authority to the Debtors to pay certain prepetition obligations in the ordinary course of business. Accordingly, only claims against the Debtors for prepetition amounts that have not been paid as of the Petition Date have been included in Part 2 of Schedule E/F. The Debtors reserve their rights to object to any listed claims on the ground that, among other things, they have already been satisfied. Additionally, Part 2 of Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

Amounts listed as obligations under real property leases on Schedule E/F may be net of any common area maintenance credits.

Amounts listed on Schedule E/F as "Lease Obligations to Pay Landlord Real Property Taxes" are obligations to the respective landlords under real property leases where the Debtors pay taxing authorities directly for real property taxes owed by the landlord.

**33. Schedule G: Executory Contracts and Unexpired Leases.** While commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusions may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. The contracts, agreements and leases listed on Schedule G may not have taken effect or be binding on any party and may have expired or been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed therein. Certain of the real property leases and contracts listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Nothing herein shall be construed as a concession or evidence that any of the contracts, agreements or leases identified on Schedule G: (i) constitute an executory contract within the meaning of section 365 of the Bankruptcy Code or other applicable law; or (ii) have not expired or been terminated or otherwise are not current in full force and effect. The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on the Schedule, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument. Certain of these contracts or leases may have been modified, amended or supplemented by various documents, instruments or agreements that may not be listed, but are nonetheless incorporated by this reference. Certain executory agreements may not have been memorialized in writing and could be subject to dispute. Schedule G generally does not include stand-alone equipment purchase orders. Certain of the contracts, agreements and leases listed on Schedule G may have been entered into by more than one of the Debtors. Such contracts, agreements and leases are listed on Schedule G of each such Debtor.

<u>**Specific Disclosures with Respect to the Debtors' Statements**</u>

**34. Statement 3: Payments or Transfers within 90 Days of the Petition Date.** The dates identified in the date of payment column for payments made to creditors for goods or services, and other debts, within

90 days prior to the Petition Date relate to one of the following: (i) the date of a wire transfer; (ii) the date of an ACH payment; or (iii) the issuance date for a check or money order. Although the Debtors have attempted to remove unfunded and rejected payments, there may be items in process; therefore, certain payments reflected in response to Statement 3 may not have been paid, and those amounts may also appear as unsecured non-priority claims in Schedule E/F as amounts owed to the same entities. Credits taken against balances owed to third parties are included in response to Statement 3. Payments or transfers made within the 90 days prior to the Petition Date to non-employee directors and/or insiders are included in response to Statement 4, and not listed in response to Statement 3. Payments or transfers on account of payroll and expenses for employees are not included in response to Statement 3. Payments or transfers made within the 90 days before the Petition Date that relate to bankruptcy or restructuring related advice or services are included in response to Statement 11, and not listed in response to Statement 3.  During the 90 days prior to the Petition Date, CTS made payments to Allianz Trade Collections, a receivable insurance company, which paid certain CTS vendors and subsequently made claims against CTS on account of those vendors' claims.

**35. Statement 4: Payments to or for the Benefit of Insiders.** Payments, distributions and withdrawals credited or made to insiders listed in response to this Statement include: (i) transfers and payments to insiders made within 90 days of the Petition Date; and (ii) transfers and payments that benefited any insider made within one year of the Petition Date that would otherwise be included in response to Statement 30.

For purposes of the Schedules and Statements, the Debtors define insiders as (a) officers, directors, and anyone in control of a corporate debtor and their relatives and (b) affiliates of the Debtor and insiders of such affiliates. Individuals listed in the Statements as insiders have been included for informational purposes only. The Debtors do not take any position with respect to (i) such individual's influence over the control of the Debtors, (ii) the management responsibilities or functions of such individual, (iii) the decision-making or corporate authority of such individual, or (iv) whether such individual could successfully argue that he or she is not an insider under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose. Thus, the Debtors reserve all rights to dispute whether someone identified is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code. For more information regarding each Debtor's officers and directors, please refer to Statement 28 and Statement 29.

Statement 4 does not include unpaid interest on intercompany loans that accrued during the one year period prior to the Petition Date.

Names and home addresses for directors, former directors, officers, former officers, employees, and former employees identified as insiders have not been included in the Statements for privacy reasons. Amounts still owed to creditors will appear on the Schedules for each of the Debtors, as applicable.

The payroll-related amount shown in response to Statement 4, which includes, among other things, salary, wage, and additional compensation, is a gross amount that does not include reductions for amounts including employee tax or benefit withholdings. In the ordinary course of business, certain corporate or personal credit cards may be utilized by insiders to pay for travel and business related expenses for various other individuals employed by the Debtors. As it would be unduly burdensome for the Debtors to analyze which credit card expenses were related to those incurred on behalf of an insider as opposed to another

employee (or the Debtors), the Debtors have listed the aggregate amount paid per vendor for such expenses. Amounts still owed to creditors will appear on the Schedules for each of the Debtors.

**36. Statement 6: Setoffs.** The Debtors routinely incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur in connection with a variety of ordinary and customary transactions or settlements and are done in accordance with the contractual arrangement or an agreed upon settlement, including, but not limited to, intercompany transactions, pricing discrepancies, refunds, negotiations, and/or other ordinary and customary billing disputes between the Debtors and their customers and/or suppliers. These normal setoffs and net payments are consistent with the ordinary course of business in the Debtors' industry and can be voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and nettings may have been accounted for when scheduling certain amounts, these ordinary course setoffs and nettings are not independently accounted for, and as such, have been excluded from the Statements.

**37. Statement 7: Legal Actions, Administrative Proceedings, Court Actions, Executions, Attachments or Governmental Audits.** The Debtors have used reasonable efforts to report all legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the Debtors were involved in any capacity within one year prior to the Petition Date. Reserves are included in the balance sheet for issues when a material negative outcome is probable and the amount is reasonably estimable.

As of the Petition Date, several matters were in the litigation and dispute resolution process. The Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and administrative proceedings. The listing of any such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors or any affiliates of the Debtors. The Debtors also reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such actions or proceedings.

**38. Statement 9: Charitable Contributions.** The donations and/or charitable contributions listed in response to Statement 9 represent payments made to 501(c)(3) non-profit organizations, government, and public agencies for charitable purposes during the applicable timeframe that were recorded as such within the Debtors' books and records. The response to Statement 9 does not include amounts withheld via employee deductions and paid to non-profit organizations on behalf of employees. The response to Statement 9 does not include amounts collected by the Debtors from members, vendors and other third parties as contributions and later paid by the Debtors to charitable organizations.

**39. Statement 10: Certain Losses.** The losses listed in response to Statement 10 may exclude those incurred in the ordinary course of business, those where the amount is *de minimis*, or where the loss is less than the amount of the insurance deductible. The property values reported in response to Statement 10 are based on the actual or estimated costs, including labor costs, to repair the property.

**40. Statement 11: Payments Related to Bankruptcy.** All disbursements listed in response to Statement 11 were for the benefit of all Debtors. To the extent any of the firms listed in response to Statement 11 performed both Bankruptcy and non-Bankruptcy related work, the Debtors have attempted to identify only the payments related to Bankruptcy. However, certain payments listed in response to Statement 11 may be for both Bankruptcy and non-Bankruptcy services.

**41. Statement 16: Personally Identifiable Information.** In the ordinary course of business, the Debtors collect and maintain certain personally identifiable information ("PII"), including their customers' names, telephone numbers and e-mail addresses. The Debtors store and maintain this data in accordance with their privacy policy and the privacy and confidentiality requirements mandated by state and federal laws.

**42. Statement 23: Other Transfers.** The Debtors have excluded any *de minimis* asset sales made in the ordinary course of business.

**43. Statement 26(d): Financial Statements.** In the regular course of business, the Debtors have provided consolidated financial information to banks, customers, suppliers, rating agencies, landlords and other various interested parties. In light of the number of recipients and the possibility that such information may have also been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed specific individuals or entities.

**Fill in this information to identify the case:**

Debtor Name: In re : Nantucket Distributing Co., LLC

United States Bankruptcy Court for the:  District Of Delaware

Case number (if known): 23-10579 (TMH)

☐ Check if this is an
  amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy 04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

## Part 1: Income

**1. Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ MM / DD / YYYY | to    Filing date | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| **For prior year:** | From _____ MM / DD / YYYY | to _____ MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| **For the year before that:** | From _____ MM / DD / YYYY | to _____ MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |

Debtor: Nantucket Distributing Co., LLC
_____
Name

Case number *(if known)*:    23-10579

## 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

|  |  |  | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ <br> MM / DD / YYYY | to  Filing date | _____ | $ _____ |
| **For prior year:** | From _____ <br> MM / DD / YYYY | to _____ <br> MM / DD / YYYY | _____ | $ _____ |
| **For the year before that:** | From _____ <br> MM / DD / YYYY | to _____ <br> MM / DD / YYYY | _____ | $ _____ |

Debtor:  Nantucket Distributing Co., LLC
_____
      Name

Case number *(if known):*    23-10579
_____

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

3. **Certain payments or transfers to creditors within 90 days before filing this case**

    List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575 . (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

    ☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| 3.1  See SOFA 3 Attachment<br>    Creditor's Name<br><br>    Street<br><br>    City    State    ZIP Code<br>    Country | _____ | $ _____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

    List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

    ☑ None

| Insider's Name and Address | Dates | Total amount or value | Reason for payment or transfer |
|---|---|---|---|
| 4.1 _____<br>    Insider's Name<br><br>    Street<br><br>    City    State    ZIP Code<br>    Country<br><br>**Relationship to Debtor** | _____ | $ _____ | _____ |

Debtor: Nantucket Distributing Co., LLC _____     Case number *(if known)*:  23-10579 _____

Name

5. **Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's Name and Address | Description of the Property | Date | Value of property |
|---|---|---|---|
| 5.1 _____<br>Creditor's Name<br><br>_____<br>Street<br><br>_____<br><br>_____<br>City        State        ZIP Code<br><br>_____<br>Country | _____ | _____ | $ _____ |

6. **Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's Name and Address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 _____<br>Creditor's Name<br><br>_____<br>Street<br><br>_____<br><br>_____<br>City        State        ZIP Code<br><br>_____<br>Country | _____<br><br>Last 4 digits of account number: XXXX– _____ | _____ | $ _____ |

| Debtor: | Nantucket Distributing Co., LLC | | Case number *(if known):* | 23-10579 |
|---|---|---|---|---|
| | Name | | | |

## Part 3:  Legal Actions or Assignments

**7.  Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1 | Everstar Merchandise v. Nantucket Distributing | Claim for goods sold and delivered. | Superior Court State of Delaware <br> *Name* <br><br> 500 North King Street <br> *Street* | ☒ Pending <br> ☐ On appeal <br> ☐ Concluded |
| | **Case number** | | | |
| | N23C-03-306 | | Wilmington      DE      19801 <br> *City*          *State*        *ZIP Code* <br><br> *Country* | |
| 7.2 | MSRF, INC, Plaintiff v. Nantucket Distributing Co, LLC and Christmas Tree Shops LLC | Claim for goods sold and delivered. | Circuit Court of Cook County <br> *Name* <br><br> 50 West Washington Street <br> *Street* | ☒ Pending <br> ☐ On appeal <br> ☐ Concluded |
| | **Case number** | | | |
| | 2023L000960 | | Chicago          IL        60602 <br> *City*          *State*        *ZIP Code* <br><br> *Country* | |

**8.  Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

| | Custodian's name and address | Description of the Property | Value |
|---|---|---|---|
| 8.1 | | | $ |
| | *Custodian's name* | **Case title** | **Court name and address** |
| | *Street* | | *Name* |
| | | **Case number** | *Street* |
| | *City*     *State*     *ZIP Code* | | |
| | | | *City*       *State*      *ZIP Code* |
| | *Country* | **Date of order or assignment** | |
| | | | *Country* |

Debtor:  Nantucket Distributing Co., LLC

Case number *(if known)*:  23-10579

Name

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

9.  **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|
| 9.1 | | | | $ |
| | Creditor's Name | | | |
| | Street | | | |
| | City          State          ZIP Code | | | |
| | Country | | | |
| | **Recipient's relationship to debtor** | | | |

Debtor: Nantucket Distributing Co., LLC

Case number *(if known):*   23-10579

Name

| Part 5: | Certain Losses |
|---|---|

**10.** **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 | | | $ |

| Debtor: | Nantucket Distributing Co., LLC | Case number *(if known)*: | 23-10579 |
|---|---|---|---|
| | Name | | |

## Part 6:  Certain Payments or Transfers

**11.  Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑  None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1 | | | | $ |

**Address**

Street

City          State          ZIP Code

Country

**Email or website address**

**Who made the payment, if not debtor?**

**12.  Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑  None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
| 12.1 | | | | $ |

**Trustee**

Debtor: Nantucket Distributing Co., LLC _____    Case number *(if known)*:  23-10579 _____

Name

**13.  Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1 | _____ | _____ | _____ | $ _____ |
| | **Address** | | | |
| | _____<br>Street | | | |
| | _____ | | | |
| | _____<br>City        State        ZIP Code | | | |
| | _____<br>Country | | | |
| | **Relationship to Debtor** | | | |
| | _____ | | | |

Debtor: Nantucket Distributing Co., LLC

Case number *(if known)*:  23-10579

Name

| Part 7: | Previous Locations |
|---------|--------------------|

**14.  Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of occupancy |
|---------|--------------------|
| 14.1 _____ | From _____ To _____ |
| Street | |
| _____ | |
| City          State          ZIP Code | |
| _____ | |
| Country | |

Debtor: Nantucket Distributing Co., LLC
Name

Case number *(if known)*: 23-10579

---

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility Name and Address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 _____ Facility Name | | |
| _____ Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| _____ City    State    ZIP Code | | Check all that apply: <br> ☐ Electronically <br> ☐ Paper |
| _____ Country | | |

Debtor: Nantucket Distributing Co., LLC _____    Case number *(if known)*:  23-10579 _____

_____ Name

| Part 9: | Personally Identifiable Information |

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.

☐ Yes. State the nature of the information collected and retained.  _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below:

| | Name of plan | Employer identification number of the plan |
|---|---|---|
| 17.1 | _____ | EIN: _____ |

Has the plan been terminated?

☐ No

☐ Yes

Debtor: Nantucket Distributing Co., LLC

Name

Case number *(if known)*:    23-10579

---

**Part 10:**    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 _____<br>Name<br><br>_____<br>Street<br><br>_____<br><br>_____<br>City    State    ZIP Code<br><br>_____<br>Country | XXXX-____ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other _____ | _____ | $ _____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 19.1 _____<br>Name<br><br>_____<br>Street<br><br>_____<br>City    State    ZIP Code<br><br>_____<br>Country | _____<br><br>**Address**<br>_____ | _____ | ☐ No<br><br>☐ Yes |

Debtor: Nantucket Distributing Co., LLC

Case number *(if known)*:  23-10579

Name

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| | Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 20.1 | | | | ☐ No |
| | Name | | | |
| | Street | | | ☐ Yes |
| | | | **Address** | |
| | City        State        ZIP Code | | | |
| | Country | | | |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor: Nantucket Distributing Co., LLC
_____
Name

Case number *(if known)*    23-10579
_____

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
| --- | --- |

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
| --- | --- | --- | --- |
| 21.1 _____ Name | _____ | _____ | $ _____ |
| _____ Street | | | |
| _____ | | | |
| _____ City          State          ZIP Code | | | |
| _____ Country | | | |

Debtor: Nantucket Distributing Co., LLC

Case number *(if known):*  23-10579

Name

---

**Part 12:**  **Details About Environmental Information**

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No

☐ Yes. Provide details below.

| | Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|---|
| 22.1 | | | | ☐ Pending |
| | | Name | | ☐ On appeal |
| | | | | ☐ Concluded |
| | | Street | | |
| | **Case Number** | | | |
| | | | | |
| | | City          State          ZIP Code | | |
| | | Country | | |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No

☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 23.1 | Name | Name | | |
| | Street | Street | | |
| | | | | |
| | City          State          ZIP Code | City          State          ZIP Code | | |
| | Country | Country | | |

Debtor:  Nantucket Distributing Co., LLC

Case number <em>(if known)</em>:  23-10579

Name

**24.  Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 24.1 | | | |
| Name | Name | | |
| Street | Street | | |
| | | | |
| City          State          ZIP Code | City          State          ZIP Code | | |
| Country | Country | | |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor: Nantucket Distributing Co., LLC

Name

Case number *(if known)*:   23-10579

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.Include this information even if already listed in the Schedules.

☑ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1 | _____<br>Name | | EIN: _____ |
| | | | **Dates business existed** |
| | _____<br>Street | | From _____ To _____ |
| | _____ | | |
| | _____<br>City         State         ZIP Code | | |
| | _____<br>Country | | |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| | Name and Address | Dates of service |
|---|---|---|
| 26a.1 | Deborah DeFigueiredo - Controller<br>Name<br>64 Leona Drive<br>Street<br><br>Middleboro         MA         02346<br>City         State         ZIP Code<br>Country | From   January 2021   To   Present |
| 26a.2 | Kelsey Amaral - Staff Accountant<br>Name<br>64 Leona Drive<br>Street<br><br>Middleboro         MA         02346<br>City         State         ZIP Code<br>Country | From   August 2021   To   Present |
| 26a.3 | Jennifer Perri<br>Name<br>650 Liberty Ave<br>Street<br><br>Union         NJ         07083<br>City         State         ZIP Code<br>Country | From   November 2020   To   October 2021 |

Debtor: Nantucket Distributing Co., LLC
_____
Name

Case number *(if known)*:    23-10579
_____

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared  a financial statement within 2 years before filing this case.

☐ None

| Name and Address | Dates of service | | |
|---|---|---|---|
| 26b.1  Gray, Gray & Gray LLP | From  December 2020 | To | Present |
| Name | | | |
| 150 Royall Street Suite 102 | | | |
| Street | | | |
| Canton            MA            02021 | | | |
| City            State            ZIP Code | | | |
| Country | | | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1  Deborah DeFigueiredo | |
| Name | |
| 64 Leona Drive | |
| Street | |
| Middleboro            MA            02346 | |
| City            State            ZIP Code | |
| Country | |

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2  Kelsey Amaral | |
| Name | |
| 64 Leona Drive | |
| Street | |
| Middleboro            MA            02346 | |
| City            State            ZIP Code | |
| Country | |

Debtor: Nantucket Distributing Co., LLC

Name

Case number *(if known)*:    23-10579

26d.  List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☒ None

| Name and address |
| --- |

26d.1 _____

Name

_____

Street

_____

_____

City                          State            ZIP Code

_____

Country

**27.  Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of Inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
| --- | --- | --- |
| _____ | _____ | $ _____ |

| Name and address of the person who has possession of inventory records |
| --- |

27.1 _____

Name

_____

Street

_____

_____

City          State          ZIP Code

_____

Country

**28.  List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| | Name | Address | Position and Nature of any interest | % of interest, if any |
| --- | --- | --- | --- | --- |
| 28.1 | Christmas Tree Shops, LLC | 64 Leona Drive, Middleboro, MA  02346 | Sole Member | 100% |
| 28.2 | Pamela Salkovitz | 64 Leona Drive, Middleboro, MA  02346 | President | _____ |
| 28.3 | Marc Salkovitz | 64 Leona Drive, Middleboro, MA  02346 | CEO | _____ |

Debtor: Nantucket Distributing Co., LLC
_____
Name

Case number *(if known)*: 23-10579
_____

**29.** **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners,    members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☒ No

☐ Yes. Identify below.

| Name | Address | Position and Nature of any interest | Period during which position or interest was held |
|------|---------|-------------------------------------|---------------------------------------------------|
| 29.1 _____ | _____ | _____ | From _____ To _____ |

**30.** **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans,credits on loans, stock redemptions, and options exercised?

☒ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|-------------------------------|-----------------------------------------------------|-------|--------------------------------|
| 30.1 Name _____<br>Street _____<br>City ____ State ____ ZIP Code ____<br>Country _____<br>**Relationship to debtor** | _____ | _____ | _____ |

**31.** **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☒ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|--------------------------------|----------------------------------------------------------|
| 31.1 Christmas Tree Shops, LLC | EIN: 04-2471207 |

**32.** **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|--------------------------|---------------------------------------------------|
| 32.1 _____ | EIN: |

**Part 14:**   Signature and Declaration

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.

18 U.S.C.§§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   <u>05/26/2023</u>
                MM / DD / YYYY

✖   <u>/ s / Marc Salkovitz</u>                Printed name   <u>Marc Salkovitz</u>

    Signature of individual signing on behalf of the debtor

    Position or relationship to debtor   <u>Chief Executive Officer</u>

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐   No

☑   Yes

**In re: Nantucket Distributing Co., LLC**
**Case No. 23-10579**
Attachment 3
Certain payments or transfers to creditors within 90 days before filing this case

| Creditor's name | Address 1 | Address 2 | City | State | Zip | Country | Date | Total amount or value | Reason for payment or transfer (e.g. Secured debt, Unsecured loan repayments, Suppliers or vendors, Services, or Other) |
|---|---|---|---|---|---|---|---|---|---|
| BEST WAY INFLATABLES | Unit 06-07, 10/F | China United Centre | North Point | | | Hong Kong | 3/6/2023 | $30,865.14 | Vendors |
| BEST WAY INFLATABLES | Unit 06-07, 10/F | China United Centre | North Point | | | Hong Kong | 3/21/2023 | $30,865.14 | Vendors |
| BOC International, Inc | 21 Drydock Avenue, Suite 520 W. | | Boston | MA | 02110 | | 2/3/2023 | $75.26 | Services |
| BOC International, Inc | 21 Drydock Avenue, Suite 520 W. | | Boston | MA | 02110 | | 2/16/2023 | $175.00 | Services |
| BOC International, Inc | 21 Drydock Avenue, Suite 520 W. | | Boston | MA | 02110 | | 2/24/2023 | $5,295.00 | Services |
| BOC International, Inc | 21 Drydock Avenue, Suite 520 W. | | Boston | MA | 02110 | | 3/3/2023 | $9,951.92 | Services |
| BOC International, Inc | 21 Drydock Avenue, Suite 520 W. | | Boston | MA | 02110 | | 3/10/2023 | $3,835.00 | Services |
| CHUNG KEE/FOUR SEASONS | NO. 162 CHEUNG MUK TAU VILLAGE | | SAI KUNG NT | | | Hong Kong | 2/10/2023 | $9,515.00 | Vendors |
| CMA CGM AMERICA, LLC | 5701 LAKE WRIGHT DRIVE | | NORFOLK | VA | 23502 | | 3/29/2023 | $7,765.00 | Services |
| CMA CGM AMERICA, LLC | 5701 LAKE WRIGHT DRIVE | | NORFOLK | VA | 23502 | | 4/4/2023 | $2,599.00 | Services |
| COSCO Shipping Lines (North America), Inc. | 9659 N. Sam Houston Parkway East, Suite 150 #240 | | Humble | TX | 77396 | | 2/3/2023 | $117,658.00 | Services |
| COSCO Shipping Lines (North America), Inc. | 9659 N. Sam Houston Parkway East, Suite 150 #240 | | Humble | TX | 77396 | | 2/16/2023 | $61,540.00 | Services |
| COSCO Shipping Lines (North America), Inc. | 9659 N. Sam Houston Parkway East, Suite 150 #240 | | Humble | TX | 77396 | | 2/24/2023 | $32,552.00 | Services |
| COSCO Shipping Lines (North America), Inc. | 9659 N. Sam Houston Parkway East, Suite 150 #240 | | Humble | TX | 77396 | | 3/3/2023 | $12,460.00 | Services |
| COSCO Shipping Lines (North America), Inc. | 9659 N. Sam Houston Parkway East, Suite 150 #240 | | Humble | TX | 77396 | | 3/10/2023 | $18,075.00 | Services |
| COSCO Shipping Lines (North America), Inc. | 9659 N. Sam Houston Parkway East, Suite 150 #240 | | Humble | TX | 77396 | | 3/21/2023 | $24,189.00 | Services |
| COSCO Shipping Lines (North America), Inc. | 9659 N. Sam Houston Parkway East, Suite 150 #240 | | Humble | TX | 77396 | | 4/7/2023 | $62,875.00 | Services |
| COSCO Shipping Lines (North America), Inc. | 9659 N. Sam Houston Parkway East, Suite 150 #240 | | Humble | TX | 77396 | | 5/3/2023 | $113,175.00 | Services |
| DECRA LITE/AC | UNIT 803 8/F TOWER 1 | HARBOUR CENTRE 1 HOK CHEUNG ST | Hong Kong, KOWLOON | | | China | 4/4/2023 | $38,198.44 | Vendors |
| EVERNOBLE LIMITED | Unit G, 1/F, Hop Hing Industrial Bldg. | 704 Castle Peak Road | Kowloon | | | Hong Kong | 2/22/2023 | $20,176.80 | Vendors |
| EVERSTAR MERCHANDISE CO., LIMITED | 11F Harbour Centre, Tower 1 | No. 1, Hok Cheung St. | Hung Hom Kowloon | | | Hong Kong | 2/24/2023 | $38,250.00 | Vendors |
| HOME AND WE / TMERCH | D-4/1, SITE-4, KASNA ROAD | NEAR HALDIRAM | Uttar Pradesh | | 201306 | India | 4/25/2023 | $9,353.01 | Vendors |
| I.J.K. LIMITED | Unit A, 7/F, Summit Building | 30 Man Yue Street | Kowloon | | | Hong Kong | 4/7/2023 | $29,200.00 | Vendors |
| KANISHKO INT'L TRADING/HOME BAZAAR | RM#920,9TH FL,98 S.WANPING RD | XUHUI DIST. | SHANGHAI Shanghai | | 200030 | China | 4/7/2023 | $24,630.00 | Vendors |
| LHCH ENTERPRISES LIMITED | 15/B, 15/F Cheuk Nang Plaza | 250 Hennessy Road | Hong Kong | | 999077 | China | 2/3/2023 | $29,637.24 | Vendors |
| LHCH ENTERPRISES LIMITED | 15/B, 15/F Cheuk Nang Plaza | 250 Hennessy Road | Hong Kong | | 999077 | China | 2/10/2023 | $29,706.91 | Vendors |
| MAINSTREAM INTERNATIONAL/MAINSTREAM | 115 NEWFIELD AVENUE | | EDISON | NJ | 08837 | | 4/4/2023 | $70,200.42 | Vendors |
| MEDITERRANEAN SHIPPING COMPANY (USA) INC | 420 5TH AVENUE | | NEW YORK | NY | 10018 | | 2/24/2023 | $14,900.00 | Services |
| MEDITERRANEAN SHIPPING COMPANY (USA) INC | 420 5TH AVENUE | | NEW YORK | NY | 10018 | | 3/10/2023 | $22,125.00 | Services |

**In re: Nantucket Distributing Co., LLC**
**Case No. 23-10579**
Attachment 3
Certain payments or transfers to creditors within 90 days before filing this case

| Creditor's name | Address 1 | Address 2 | City | State | Zip | Country | Date | Total amount or value | Reason for payment or transfer (e.g. Secured debt, Unsecured loan repayments, Suppliers or vendors, Services, or Other) |
|---|---|---|---|---|---|---|---|---|---|
| MEDITERRANEAN SHIPPING COMPANY (USA) INC | 420 5TH AVENUE | | NEW YORK | NY | 10018 | | 3/21/2023 | $24,725.00 | Services |
| Multitrade Spain SL | Paseo Del Ferrocarril | 335 Bajos 2 | Castelldefels, Barcelona | | 08860 | Spain | 2/3/2023 | $9,751.25 | Services |
| Orient Overseas Container Line, Ltd | 10913 South River Parkway, Suite 200 | | South Jordan | UT | 84095 | | 2/3/2023 | $10,600.00 | Services |
| Orient Overseas Container Line, Ltd | 10913 South River Parkway, Suite 200 | | South Jordan | UT | 84095 | | 3/10/2023 | $10,000.00 | Services |
| Orient Overseas Container Line, Ltd | 10913 South River Parkway, Suite 200 | | South Jordan | UT | 84095 | | 3/21/2023 | $4,320.00 | Services |
| PACIFIC SUPREME | 29/4 M00 1 SOI ONNUCH 62 | SUKHUMVIT 77, SUANLUANG | Bangkok | | 10250 | Thailand | 3/29/2023 | $78,462.82 | Vendors |
| PEM AMERICA (HK) COMPANY | RM 1907 GREAT EAGLE CENTRE | 23 HARBOUR ROAD | Hong Kong, WAN CHAI | | | China | 4/4/2023 | $24,860.91 | Vendors |
| PRESTIGE PATIO CO. LTD/PRESTIGE | 42 W 38 STREET, SUITE 802 | | NEW YORK | NY | 10018 | | 3/10/2023 | $64,479.30 | Vendors |
| PRESTIGE PATIO CO. LTD/PRESTIGE | 42 W 38 STREET, SUITE 802 | | NEW YORK | NY | 10018 | | 3/24/2023 | $236,614.75 | Vendors |
| PRESTIGE PATIO CO. LTD/PRESTIGE | 42 W 38 STREET, SUITE 802 | | NEW YORK | NY | 10018 | | 4/4/2023 | $54,524.80 | Vendors |
| PRESTIGE PATIO CO. LTD/PRESTIGE | 42 W 38 STREET, SUITE 802 | | NEW YORK | NY | 10018 | | 4/13/2023 | $186,300.00 | Vendors |
| PRESTIGE PATIO CO. LTD/PRESTIGE | 42 W 38 STREET, SUITE 802 | | NEW YORK | NY | 10018 | | 4/17/2023 | $39,390.00 | Vendors |
| PRESTIGE PATIO CO. LTD/PRESTIGE | 42 W 38 STREET, SUITE 802 | | NEW YORK | NY | 10018 | | 4/24/2023 | $124,712.00 | Vendors |
| PRESTIGE PATIO CO. LTD/PRESTIGE | 42 W 38 STREET, SUITE 802 | | NEW YORK | NY | 10018 | | 4/25/2023 | $30,800.00 | Vendors |
| PRODUCT DESIGN CO | BLOCK B, 10/F, ELDEX INDUSTRIAL BUILDING | 21 MATAU ROAD, HUNGHOM | KOWLOON | | | Hong Kong | 4/4/2023 | $9,881.58 | Vendors |
| RIBA TEXTILES LTD/AVANTI | 234 MOONACHIE ROAD | | MOONACHIE | NJ | 07074 | | 4/5/2023 | $7,948.80 | Vendors |
| SHANGHAI LILY GIFT CO., LTD/AC | RM 203, NO. 1951 | SOUTH LIANHUA RD. | SHANGHAI Shanghai | | 201108 | China | 4/4/2023 | $13,431.96 | Vendors |
| SUNVIM GROUP CO./SCT | 303 FIFTH AVENUE, SUITE 1402 | | NEW YORK | NY | 10016 | | 4/3/2023 | $24,972.00 | Vendors |
| TAIZHOU SUNNY COAST/JACK TOM | 9TH 285 NANKING EAST ROAD, SEC. 3 | TAIPEI | Taipei City | | 105 | Taiwan | 2/23/2023 | $51,311.09 | Vendors |
| THE LINDY BOWMAN COMPANY | 7180 TROY HILL DRIVE | SUITE J-K | ELKRIDGE | MD | 21075-0000 | | 5/1/2023 | $50,000.00 | Vendors |
| US CBP | 1300 Pennsylvania Avenue, Suite 4.4-B | | Washington | DC | 20229 | | 2/23/2023 | $274,313.70 | Duties |
| US CBP | 1300 Pennsylvania Avenue, Suite 4.4-B | | Washington | DC | 20229 | | 3/22/2023 | $161,972.19 | Duties |
| US CBP | 1300 Pennsylvania Avenue, Suite 4.4-B | | Washington | DC | 20229 | | 4/24/2023 | $370,162.15 | Duties |
| Wan Hai Lines (USA) Ltd. | 17200 N Perimeter Drive | Suite 200 | Scottsdale | AZ | 85255 | | 2/16/2023 | $5,800.00 | Services |
| Wan Hai Lines (USA) Ltd. | 17200 N Perimeter Drive | Suite 200 | Scottsdale | AZ | 85255 | | 4/10/2023 | $2,400.00 | Services |
| ZHEJIANG XIANJU JIEDA FECH/CRYSTAL | 11555 HERON BAY BLVD #200 | | CORAL SPRINGS | FL | 33076 | | 2/10/2023 | $18,508.50 | Vendors |
| ZHEJIANG XIANJU JIEDA FECH/CRYSTAL | 11555 HERON BAY BLVD #200 | | CORAL SPRINGS | FL | 33076 | | 3/13/2023 | $4,873.11 | Vendors |

**In re: Nantucket Distributing Co., LLC**
**Case No. 23-10579**
Attachment 3
Certain payments or transfers to creditors within 90 days before filing this case

| Creditor's name | Address 1 | Address 2 | City | State | Zip | Country | Date | Total amount or value | Reason for payment or transfer (e.g. Secured debt, Unsecured loan repayments, Suppliers or vendors, Services, or Other) |
|---|---|---|---|---|---|---|---|---|---|
| ZIM AMERICAN INTEGRATED SHIPPING SERVICE CO., LLC | 5801 Lake Wright Drive | | Norfolk | VA | 23502 | | 2/16/2023 | $3,867.00 | Services |
| ZIM AMERICAN INTEGRATED SHIPPING SERVICE CO., LLC | 5801 Lake Wright Drive | | Norfolk | VA | 23502 | | 2/24/2023 | $6,934.00 | Services |
| ZIM AMERICAN INTEGRATED SHIPPING SERVICE CO., LLC | 5801 Lake Wright Drive | | Norfolk | VA | 23502 | | 3/3/2023 | $3,067.00 | Services |
| ZIM AMERICAN INTEGRATED SHIPPING SERVICE CO., LLC | 5801 Lake Wright Drive | | Norfolk | VA | 23502 | | 3/10/2023 | $5,960.00 | Services |
| ZIM AMERICAN INTEGRATED SHIPPING SERVICE CO., LLC | 5801 Lake Wright Drive | | Norfolk | VA | 23502 | | 3/21/2023 | $17,589.00 | Services |