IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x
In re:                                                       :    Chapter 11
                                                             :
CHRISTMAS TREE SHOPS, LLC, *et al.*,[1]                      :    Case No. 23-10576 (TMH)
                                                             :
        Debtors.                                 :    (Jointly Administered)
                                                             :
                                                             :    Objection Deadline: July 6, 2023 at 4:00 p.m. (ET)
                                                             :    Hearing Date: July 7, 2023 at 10:00 a.m. (ET)
                                                             :    Related to Docket Nos. 201, 229, 322
-------------------------------------------------------------x

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ACADIA REALTY LIMITED PARTNERSHIP, ARG CRHAGMD001, LLC, ARG TCFLOKY001, LLC, BRIXMOR OPERATING PARTNERSHIP L.P., FR ASSEMBLY SQUARE, LLC, KRE COLONIE OWNER LLC, AND SOUNDWATER PROPERTIES, INC. TO NOTICE OF OCCURRENCE OF DIP TERMINATION EVENT AND OBJECTION DEADLINE WITH RESPECT TO DEBTORS' AUTHORIZATION TO CONDUCT LIQUIDATION SALES AT ALL OF THE DEBTORS' STORES**

Acadia Realty Limited Partnership, ARG CRHAGMD001, LLC, ARG TCFLOKY001, LLC, Brixmor Operating Partnership L.P., FR Assembly Square, LLC, KRE Colonie Owner LLC, and Soundwater Properties, Inc. (the "Landlords"), by and through their undersigned counsel, hereby file this limited objection and reservation of rights (together, the "Objection") to *Notice of Occurrence of DIP Termination Event and Objection Deadline with Respect to Debtors' Authorization to Conduct Liquidation Sales at all of The Debtors' Stores* (the "Notice of Liquidation") [D.I. 322],[2] and respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640). The notice address for the Debtors is 64 Leona Drive, Middleboro, Massachusetts 02346.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Notice of Liquidation or Final Store Closing Order, as applicable.

I.     BACKGROUND

1.     Objecting Landlords are the owners or the agents for the owners of certain shopping centers in which Debtors operate retail stores pursuant to written leases (the "Leases", and each a "Lease"), as more fully set forth below.

| SHOPPING CENTER | CITY/STATE | STORE # | LANDLORD |
|---|---|---|---|
| Brandywine Town Center | Wilmington, DE | 38 | Acadia |
| Crosspoint Shopping Center | Hagerstown, MD | Unknown | ARG CRHAGMD001, LLC |
| Turfway Crossing | Florence, KY | Unknown | ARG TCFLOKY001, LLC |
| Christmas Tree Plaza | Orange, CT | 7017 | Brixmor |
| Dalewood II Shopping Center | Hartsdale, NY | 7033 | Brixmor |
| South Towne Centre | Dayton, OH | 7053 | Brixmor |
| Wendover Place | Greensboro, NC | 7066 | Brixmor |
| Assembly Row | Sommerville, MA | Unknown | Federal |
| Colonie Center | Albany, NY | 7019 | KRE Colonie |
| Faunce Corner Shopping Center | Dartmouth, MA | Unknown | Soundwater |

2.     Each Lease is a lease "of real property in a shopping center" as that term is used in Section 365(b)(3). See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-87 (3d Cir. 1990).

3.     Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on May 5, 2023 (the "Petition Date") in the United States Bankruptcy Court for the District of Delaware (the "Court"). Since the Petition Date, Debtors have been operating and managing their businesses as debtors-in-possession. The Official Committee of Unsecured Creditors (the "Committee") was appointed on May 17, 2023. [D.I. 100]

4.     On May 31, 2023, Debtors filed the *Debtors' Emergency Motion for Interim and Final Orders (I)(A) Confirming, on an Interim Basis, that the Store Closing Agreement is Operative and Effective and (B) Authorizing on a Final Basis the Debtors to Assume the Store Closing Agreement, (II) Authorizing and Approving Closing Sales Free and Clear of All Liens, Claims, and Encumbrances, and (III) Granting Related Relief* [D.I. 20] (the "Store Closing

Motion"), seeking entry of an order which, *inter alia*, authorizes the Debtors to commence store closing sales in accordance with proposed sale guidelines (the "Sale Guidelines", and the notice procedures set forth therein pursuant to which the Notice of Liquidation was issued.

5.  On May 31, 2023, the Court approved the Store Closing Motion and entered the *Final Order (I) Authorizing, on a Final Basis, the Debtors to Assume the Store Closing Agreement, (II) Authorizing and Approving Closing Sales Free and Clear of All Liens, Claims, and Encumbrances, and (III) Granting Related Relief* [D.I. 201] (the "Final Store Closing Order").

6.  According to the Notice of Liquidation, the Debtors' intend to commence going out of business sales (the "GOB Sales") at the stores noted on Exhibit A thereto, which stores include those subject to the Landlords' Leases, on or after July 6, 2023, and seek to use the Sale Guidelines already approved by this Court pursuant to the Final Store Closing Order, to govern the conduct of such GOB Sales at the respective Premises.

## OBJECTION

7.  Landlords file this Objection to ensure that if the GOB Sales are permitted they must be subject to reasonable guidelines and protections for third parties, including the Landlords, and be consistent with the Final Store Closing Order. Specifically, Landlords should have the ability to negotiate their customary form of Side Letter Agreement with the liquidating agent to govern the conduct of the GOB Sales at their Premises, consistent with Paragraph 31 of the Final Store Closing Order, which Side Letter Agreement shall control over the sale guidelines and any supplemental order authorizing the GOB Sales at the affected Premises, and must be entered into ***prior to*** the commencement of any GOB Sales.

8.  Any GOB Sales will contravene the provisions of Landlords' Leases not only with regard to the conduct of the GOB Sales in general but also insofar as Debtors seek to

3

limit the Landlords' rights to enforce the provisions of their Leases, including, but not limited to, the right to control signage and seek indemnification.  Landlords do not seek to deny the Debtors' ability to conduct reasonable sales of their inventory, but they do object to any blanket denial of reasonable restrictions on store-closing activities.  These provisions are specifically negotiated in the Leases to protect the Centers and balance the interests and rights of all tenants operating therein, which are permitted under state law, and it is unnecessary, inappropriate, and inconsistent with Sections 363 and 365 to render them unenforceable in all respects.

9. While Landlords understand the Debtors' desire to maximize the value of the inventory in the stores, and that historically courts have granted debtors the right to conduct such sales, notwithstanding the seemingly contrary provisions of Section 365(d)(3), the sales must not be allowed to have a detrimental effect on the Landlords and any other tenants of their properties, and must not be allowed to subvert the requirements of § 365(d)(3) which specifically require compliance with all of the terms of the Leases.

10. In the event that the Court does allow Debtors to conduct GOB Sales, such sales must be of limited duration, subject to reasonable guidelines and balance the rights and interests of both the Landlords, whose Leases the Debtors seek to breach, and the Landlords' other non-debtor tenants, who must compete for the consumer's retail dollars without the benefit of being allowed to breach signage and other restrictions in such tenants' leases or are otherwise affected by the proposed activities.

11. Landlords, through their counsel, are working with the Consultants and the Debtors to address any concerns they may have with the conduct of the GOB Sales through a negotiated Side Letter Agreement, but no agreement has been reached as of the time of the filing of this Objection.  Therefore, Landlords hereby file this Objection as a precaution to preserve the

issues raised herein and the right to raise such issues, and any other or further objections that may arise at the hearing on the Notice of Liquidation, should said parties not be able to reach an agreement.

12. To the extent that Landlords reach an agreement with the Consultants for modification of any approved guidelines through a Side Letter Agreement, any supplemental order authorizing such GOB Sales, consistent with the Final Store Closing Order, should also provide that such agreement or "side letter" should control over any court approved guidelines and the supplemental order. Further, unless and until a Side Letter Agreement is entered into by the parties, the Court should not permit the GOB Sales to commence at Landlords' Premises.

## RESERVATION OF RIGHTS

13. Landlords reserve the right to make such other and further objections at the hearing as may be appropriate, and do not waive and hereby preserve all of their rights, remedies, and arguments with respect to the Leases.

## JOINDER IN OTHER OBJECTIONS

14. Landlords hereby join in the objections filed by Debtors' other landlords or the Official Committee of Unsecured Creditors to the extent that such objections are not inconsistent with the provisions hereof.

WHEREFORE, Landlords respectfully request that the Bankruptcy Court grant relief consistent with the foregoing objections; and for such other and further relief as may be just and required under all of the circumstances.

Dated: July 6, 2023  
Wilmington, Delaware

Respectfully submitted,

By: */s/ Laurel D. Roglen*  
    Leslie C. Heilman, Esquire (DE No. 4716)  
    Laurel D. Roglen, Esquire (DE No. 5759)  
    Margaret A. Vesper, Esquire (DE No. 6995)  
    BALLARD SPAHR LLP  
    919 N. Market Street, 11th Floor  
    Wilmington, DE 19801  
    Telephone: (302) 252-4465  
    Facsimile: (302) 252-4466  
    E-mail:  heilmanl@ballardspahr.com  
           roglenl@ballardspahr.com  
           vesperm@ballardspahr.com

and

Dustin P. Branch, Esquire  
Nahal Zarnighian, Esquire  
BALLARD SPAHR LLP  
2029 Century Park East, Suite 1400  
Los Angeles, CA 90067-2915  
Telephone: (424) 204-4354  
Facsimile: (424) 204-4350  
E-mail: branchd@ballardspahr.com  
       zarnighiann@ballardspahr.com

*Counsel for Acadia Realty Limited Partnership, ARG CRHAGMD001, LLC, ARG TCFLOKY001, LLC, Brixmor Operating Partnership L.P., FR Assembly Square, LLC, KRE Colonie Owner LLC, and Soundwater Properties, Inc.*