IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10576 (TMH)<br><br>(Jointly Administered) |

**OBJECTION OF THE TRUSTEES OF LYNNFIELD PLAZA
REALTY TRUST TO THE APPLICATION OF THE FINAL
STORE CLOSING ORDER TO ADDITIONAL STORES**

Jay Hirsch, Richard Kohn, and Bradford A. Spencer, as Trustees of Lynnfield Plaza Realty Trust (the "Landlord"), by and through their undersigned counsel, hereby submit this objection (the "Limited Objection") to the application of the *Final Order (I) Authorizing, on a Final Basis, the Debtors to Assume the Store Closing Agreement, (II) Authorizing and Approving Closing Sales Free and Clear of All Liens, Claims, and Encumbrances, and (III) Granting Related Relief* (Docket No. 201) (the "Final Store Closing Order") to such Additional Store(s) as defined in that *Notice of Occurrence of DIP Termination Event and Objection Deadline with Respect to Debtors' Authorization to Conduct Liquidation Sales at all of the Debtors' Stores* (Docket No. 322) (the "Notice"). In support of this Objection, the Landlord respectfully states as follows:

**BACKGROUND**

1. On May 5, 2023 (the "Petition Date"), Christmas Tree Shops, LLC and four affiliated debtors (collectively, the "Debtors") each filed a voluntary petition for bankruptcy relief under Chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. The Landlord, through an assignment, and Christmas Tree Shops, LLC, formerly known as Christmas Tree Shops, Inc. (the "Tenant"), are parties to a lease executed on March 22,

1

1991, as amended by that First Amendment to the Lease dated March 22, 1992, as amended by that Second Amendment to the Lease dated March 12, 2003, as amended by that Third Amendment to the Lease dated August 31, 2012, as amended by that Fourth Amendment to the Lease dated September 5, 2017, as amended by that Fifth Amendment to the Lease dated July 23, 2020 (the "Lease"). Pursuant to the Lease, the Landlord leased to the Tenant premises located at 24-38 Broadway, Lynnfield, Massachusetts (the "Leased Premises").

3. The Landlord acquired its interest as owner of the Leased Premises on August 5, 2021, by way of a Deed recorded with the Southern Essex Registry of Deeds in Book 40150, Page 313.

4. The Lease is now listed on Exhibit A to the Notice as an Additional Store to be closed. *See* Docket No. 322, Exhibit A, Store #7013. The Lease has not been rejected.

5. Pursuant to the Lease, July rent was due on July 1, 2023 for the Lease Premises. As of the filing of this Limited Objection, July rent for the Lease Premises has not yet been received by the Landlord.

## **LIMITED OBJECTION**

6. No liquidation sale of the Debtor/Tenant's property should be allowed at the Leased Premises in the absence of the Debtor/Tenant having paid the July rent and any subsequent month's rent when due while the Lease remains unrejected.

7. Debtors' Counsel has represented that July rent will be paid as soon as today, however, the Landlord files this Objection in an abundance of caution in the event that the July rent is not paid. Under no circumstances should the Landlord, Leased Premises and the property therein be subject to the Final Store Closing Order and the Sale Guidelines attached thereto if the Debtor has not paid rent currently due under the Lease. Allowing the Debtor and its agent to

liquidate the Debtor's property in the Leased Premises without payment of rent to the Landlord makes the Landlord an involuntary lender holding only an administrative expense claim in a case which may be administratively insolvent. In such event, the Landlord has been denied adequate protection in violation of applicable law. *See, In re P.J. Clarke's Rest. Corp.*, 265 B.R. 392, 404 (Bankr. S.D.N.Y. 2001) (providing that a "landlord's right to adequate protection seems to follow clearly from the language of section 363(e)"). An administrative expense claim for post-petition rent does not adequately protect the Landlord, especially in the event the Lease is rejected. *See In re RB Furniture, Inc*., 141 B.R. 706, 708-09, 712-14 (Bankr. C.D. Cal. 1992).

WHEREFORE, the Landlord objects to the Notice and application of the Final Store Closing Order and the Sale Guidelines attached thereto to the Leased Premises on the grounds set forth above and requests that the Court deny such relief in the absence of the Debtor providing adequate protection to the Landlord in the form of, among other things, payment of monthly rent to the Landlord.

Dated: July 6, 2023
      Wilmington, DE

**GELLERT SCALI BUSENKELL & BROWN, LLC**

*/s/ Charles J. Brown, III*
Charles J. Brown, III (DE 3368)
1201 North Orange Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 425-5813
Facsimile: (302) 425-5814
E-mail: cbrown@gsbblaw.com

and

**HACKETT FEINBERG P.C.**

James M. Liston (Bar No. 301750)
(*pro hac vice*)
Jaqueline M. Price (Bar No. 707618)
(*pro hac vice*)
155 Federal Street, 9th Floor
Boston, MA 02110

Telephone: (617) 422-0200
Email: jml@bostonbusinesslaw.com
Email: jmp@bostonbusinesslaw.com

*Counsel to Jay Hirsch, Richard Kohn, and Bradford A. Spencer, as Trustees of Lynnfield Plaza Realty Trust*