# **EXHIBIT D**

Page 1

UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

Case No. 10-14092(CSS)

- - - - - - - - - - - - - - - - - - - - - -x

In the Matter of:

TOWNSENDS, INC., et al.,

                Debtors.

- - - - - - - - - - - - - - - - - - - - - -x

                United States Bankruptcy Court

                824 North Market Street

                Wilmington, Delaware

                January 21, 2011

                1:09 PM

B E F O R E:

HON. CHRISTOPHER S. SONTCHI

U.S. BANKRUPTCY JUDGE

ECR OPERATOR: DANA MOORE

Case 10-10597-BLS Doc 372-4 Filed 02/10/23 Page 23 of 87
TOWNSENDS, INC., et al.

Page 22

```
 1  committee still thinks that's a little too far out.  Mr. Abbott
 2  has assured us that the debtor's personnel and people in his
 3  office are working to get those done as soon as possible.  We
 4  were hoping that by adjourning that from last week's hearing
 5  till today, they might have been done.  He's asked us to
 6  withdraw that objection, as well.  Candidly, I'm somewhat
 7  ambivalent because we'd like to have them filed sooner than
 8  later, but he's assured us that if the committee needs any
 9  data, we will get what we need, and to date, the debtor's
10  personnel, as well as the Huron team, have been cooperative
11  with the committee in giving us in a real-time basis the data
12  that we need.  So I'm not going to be pushing that objection
13  before the Court, vis-a-vis the extension of statements and
14  schedules, but the committee is somewhat realistic with the
15  economics of what we're facing.  Clearly not very happy
16  campers, if you will, in this situation, but to use the
17  expression we can't get money where it doesn't exist, and
18  unfortunately, nobody expects, given the difficult time and the
19  amount of time this has been shopped, that at this date, the
20  debtor still does not have a signed asset purchase agreement to
21  go forward with or a letter of intent that's been signed at an
22  economic value that the lenders find acceptable to move
23  forward, so that's all still in a state of play.  And we hope
24  they get there because that's crucial to that.  But that's why,
25  if there's a credit bid ultimately by the banks on the
```

Case 10-10695-BLS Doc 372-4 Filed 02/10/11 Page 4 of 7
TOWNSENDS, INC., et al.

Page 23

1  collateral, the same million-eight will be available for the
2  503(b)(9) claimants, given their administrative priority status
3  is protected by the Code.
4       Unless Your Honor has any questions of the committee
5  position, that's why we have come to difficult conclusions, and
6  it's been a lot of conversation by the committee including
7  direct conversation between the committee members and the
8  bankers, yesterday, with no professionals on the phone call to
9  discuss these issues.
10      THE COURT: Okay.
11      MR. BUECHLER: Thank you.
12      THE COURT: Thank you, Mr. Buechler. Anybody else
13 wish to be heard?
14      Let me see if I understand, Mr. Abbott. Under no
15 scenario will the 503(b)(9) creditors be paid in full?
16      MR. ABBOTT: Your Honor, technically, it's possible;
17 practically, impossible. The range of values, given the amount
18 of debt, here, we just don't see a buyer clearing the secured
19 debt.
20      THE COURT: But other administrative claims will be
21 paid in full?
22      MR. ABBOTT: Post-petition administrative claims, we
23 expect to be paid in full under this revised budget, Your
24 Honor.
25      THE COURT: Well, we've got a problem. Not going to

Case 20-10691-BLS Doc 332-4 Filed 02/10/23 Page 5 of 7
TOWNSENDS, INC., et al.

Page 24

1  run an administratively insolvent estate.  There are benefits
2  to the current administrative claims that are accruing.  There
3  are benefits to the unsecured creditors.  But it can't be done
4  on the back of the 503(b)(9) admin claims, which are admin
5  claims.  Congress has made that determination.  So certainly I
6  would have a problem running any case that was administratively
7  insolvent.  But one that is both administratively insolvent and
8  prefers one set of administrative creditors over another is
9  doubly troubling.  So that's -- well, I'm not going to do it.
10          MR. ABBOTT:  To clarify --
11          THE COURT:  I'm not making -- I'm not making the --
12  this came up on Goody's, for example, Goody's I, and it turned
13  out we were all wrong.  But the point there was there had to be
14  a set aside to pay these claims in the plan that the evidence
15  indicated was a reasonable estimate that they would get paid.
16  Turns out, it was wrong.  But the point being, I'm not making
17  anyone guarantors or insurers of the fact that the case is
18  administratively solvent.  But to go in with a path forward
19  that indicates -- and I certainly appreciate your candor to the
20  Court -- that a certain type of administrative expense claim
21  won't get paid in full but yet others will, I just -- I can't
22  run that kind of case.
23          MR. ABBOTT:  I understand that, Your Honor.  Could I
24  ask the -- well, is it --
25          THE COURT:  Need help?  Go ahead.

Case 20-10691-BLS Doc 372-4 Filed 02/10/23 Page 6 of 7
TOWNSENDS, INC., et al.

Page 25

```
 1            MR. ABBOTT:  -- fair to say, Your Honor, that that is
 2    a denial, perhaps, without prejudice to our financing motion?
 3            THE COURT:  Well, it's hard for me to say.  I haven't
 4    seen it.  I haven't seen the final order.  But if the final
 5    order indicates that that's what's going to be in it, I'm not
 6    going to approve it.
 7            MR. ABBOTT:  Understand, Your Honor.
 8            THE COURT:  And in addition, if it appears that the
 9    case is administratively insolvent, I would be inclined to
10    either, upon motion or even sua sponte, either convert or
11    dismiss the case.  Mr. Buechler?
12            MR. BUECHLER:  Maybe the parties need to talk, Your
13    Honor, and maybe we need to adjourn this to the beginning of
14    next week to do that.  The only point I will make is if we get
15    to that point where Your Honor is faced with conversion or
16    dismissal, the committee has set forth in the objection that we
17    did file regarding the DIP financing, made very clear what our
18    preference was and why.  And so we would ask the Court to -- if
19    we get to that point, understanding Your Honor's position, and
20    we appreciate that, and that's part of what we said in our
21    objection, but we had to deal with reality, too, and tried
22    to -- would clearly support dismissal as being in the best
23    interest of the unsecured creditors in the estates for the
24    reasons I stated before as well as in our response, or
25    objection, if Your Honor gets to that fork in the road.  But I
```

Page 32

C E R T I F I C A T I O N

I, Lisa Bar-Leib, certify that the foregoing transcript is a true and accurate record of the proceedings.

_____

LISA BAR-LEIB (CET**D-486)

AAERT Certified Electronic Transcriber

Veritext

200 Old Country Road

Suite 580

Mineola, NY 11501

Date: February 22, 2011