**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CHRISTMAS TREE SHOPS, LLC, *et al.*,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 23-10576 (TMH)<br><br>(Jointly Administered) |
| AINSLIE H. VOREL, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>CHRISTMAS TREE SHOPS, LLC,<br><br>      Defendant. | Adv. Pro. No. 23-[     ] (TMH)<br><br>**Re: Adv. D.I. 1**<br><br>**CLASS ACTION** |

**CLASS ACTION ADVERSARY COMPLAINT
FOR VIOLATION OF THE WORKER ADJUSTMENT AND
RETRAINING NOTIFICATION ACT, 29 U.S.C. § 2101, *et seq.*, AND
VIOLATION OF NEW JERSEY WARN ACT, N.J.S.A. § 34:21-1, *et seq.*__**

Plaintiff Ainslie H. Vorel ("**Class Plaintiff**"), on her own behalf and on behalf of all other similarly situated persons, by and through their undersigned counsel, Gibbons P.C., by way of the within Complaint against Christmas Tree Shops, LLC ("**CTS**" or "**Defendant**"), alleges as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640). The notice address for the Debtors is 64 Leona Drive, Middleboro, Massachusetts 02346.

1

## NATURE OF THE ACTION

1. Class Plaintiff brings this action on behalf of herself and other similarly-situated employees who were employed by CTS and were terminated without cause, as part of, or as the result of, the plant closings/termination of operations ordered by CTS and who were not provided 60 days' advance written notice of their terminations, as required by the Worker Adjustment and Retraining Notification Act ("**WARN Act**"), 29 U.S.C. § 2101 *et seq*, or the 90 days' advance notice requirement under the Millville Dallas Airmotive Plant Loss Job Notification Act ("**NJ WARN Act**"), N.J.S.A. § 34:21-1 *et seq.*, (collectively, the "**WARN Acts**").

2. Class Plaintiff, and the members of the classes she seeks to represent, have not received proper advance notification of their terminations, in violation of the WARN Acts.

3. Class Plaintiff and all similarly-situated employees seek to recover from CTS 60 days' wages and benefits, pursuant to the WARN Act.

4. Class Plaintiff also brings a claim under the NJ WARN Act for damages to the New Jersey-based employees of CTS, for severance pay equivalent to one week of pay (calculated at their average rate of compensation during the last three years of employment with CTS or the final regular rate of compensation, whichever is higher) for each full year that he or she worked. The New Jersey-based employees also are entitled, in addition to the mandatory severance payment, an additional four weeks of severance pay.

5. Because the terminations at issue in this action occurred after CTS filed its Chapter 11 petition, Class Plaintiff and all similarly-situated employees seek allowance and payment of the WARN Act claims set forth herein as priority administrative expenses pursuant to 11 U.S.C. § 503(b)(1).

6. Class Plaintiff and all similarly-situated employees also seek a priority administrative expense claim under 11 U.S.C. § 503(b)(1) for the reasonable attorneys' fees and the costs and disbursements that Class Plaintiff the class members incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6), and the NJ WARN Act, N.J.S.A 34:21-6.

## JURISDICTION AND VENUE

7. This is an adversary proceeding arising under chapter 11, title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"). The United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") has subject matter jurisdiction over all civil proceedings arising under Title 11, or arising in or related to a case under Title 11, pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

8. The Bankruptcy Court also has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. § 2104(a)(5).

9. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

10. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 7008-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), Class Plaintiff confirms her consent to the entry of a final order or judgment by the Bankruptcy Court in connection with this Complaint to the extent it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

11. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 and 29 U.S.C. § 2104(a)(5).

**THE PARTIES**

12.     Defendant CTS is a Massachusetts limited liability company, which its principal place of business located at 64 Leona Drive, Middleborough, MA 02346 and its corporate offices previously located at 700 Liberty Ave., Union, NJ 07083.

13.     Class Plaintiff was a full-time employee at CTS's Union, New Jersey HQ. Class Plaintiff is a resident of the state of New Jersey.

14.     Like Class Plaintiff, all employees similarly situated to Class Plaintiff were employed by CTS and worked at or reported to one of CTS's DC, HQ or Stores.

**FACTUAL ALLEGATIONS AS TO ALL COUNTS**

**Background**

15.     On May 5, 2023 ("**Petition Date**"), CTS and its affiliated debtors (collectively, the "**Debtors**") each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") [Dkt. 1]. The Debtors continue to operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

16.     CTS operates a chain of brick-and-mortar home goods retail stores that specializes in year-round seasonal goods at discount pricing. CTS stores offer a variety of products including home décor, bed and bath products, kitchen and dining products, furniture, food and seasonal products. Declaration of Marc Salkovitz, Executive Chairman, in Support of First Day Relief [Dkt. 12] (the **Salkovitz Decl.**"), ¶ 4.

17.     As of the Petition Date, CTS employed approximately 3,600 full and part-time employees. Salkovitz Decl., ¶ 46.

18. As of the Petition Date, CTS operated a distribution center in Middleborough, Massachusetts (the "**DC**"), it corporate headquarters in Union, New Jersey (the "**HQ**"), as well as 82 CTS stores in 20 states (collectively, the "**Stores**"). Salkovitz Decl., ¶¶ 4, 6.

19. Until July 7, 2023, or within 90 days of that date, Class Plaintiff and all similarly situated employees were employed by CTS and worked at the DC, HQ or the Stores.

20. Defendant employed in excess of 50 full-time employees at both the DC and the HQ and employed in excess of 100 employees in New Jersey as of June 30, 2023.

21. In Defendant's "Team Member Separation Toolkit," CTS admits that "CTS was required to provide WARN notice to employees in Middleborough, Springfield ([then] serving as the home location of most NJ corporate workers as well as store team members), and across the state of NJ."

22. On June 30, 2023, 56 days after the Petition Date, Defendant CTS advised Class Plaintiff and other employees that they would be laid off beginning on July 7, 2023.

23. Defendant terminated the Class Plaintiff and more than fifty (50) similarly situated employees on or about July 7, 2023, without having provided sixty (60) days' notice under the WARN Act and the ninety (90) days' notice under the NJ WARN Act.

24. Class Plaintiff and all similarly situated employees were terminated without cause.

25. Defendant CTS failed to pay 60 days' wages and benefits to Class Plaintiffs and the other similarly situated employees in lieu of 60 days' written notice, and failed to pay the severance required under the NJ WARN Act.

**Federal Warn Act Class Allegations**

26. Pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a), Class Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*,

5

on behalf of herself and on behalf of all other similarly-situated employees who worked at or reported to one of Defendant's employment sites and were terminated pursuant to the plant closings and/or mass layoffs at the DC and the HQ without the legally required 60 days' notice, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "**WARN Class**").

27. The persons in the WARN Class identified above ("**WARN Class Members**") are so numerous that joinder of all members is impracticable. Upon information and belief, Class Plaintiff believes that the WARN Class consists of approximately 200 employees. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

28. On information and belief, the identity of the members of the class and the recent residential address of each of the WARN Class Members is contained in the books and records of Defendant.

29. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendant.

30. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    a. whether the members of the WARN Class were employees of Defendant who worked at or reported to one of Defendant's employment sites;

    b. whether Defendant has unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days' advance written notice in violation of the WARN Act; and

        c.    whether Defendant has unlawfully failed to pay the WARN Class Members 60 days' wages and benefits as required by the WARN Act.

31.    Class Plaintiff's claims are typical of those of the WARN Class. Class Plaintiff, like other WARN Class members, worked at or reported to one of Defendant's employment sites and was terminated without the requisite 60 days' notice of the plant closings/mass layoff implemented by Defendant.

32.    Class Plaintiff will fairly and adequately protect the interests of the WARN Class. Class Plaintiff has retained counsel competent and experienced in complex class actions and bankruptcy litigation, including the WARN Act and employment litigation.

33.    Class certification of these claims is appropriate under FED. R. BANKR. P. 7023, which incorporates FED. R. CIV. P. 23(b)(3), because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation — particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

34.    Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

35.    Class Plaintiff intends to send notice to all WARN Class Members to the extent required by Rule 23.

**New Jersey Warn Act Class Allegations**

36. Class Plaintiff brings this Second Claim for Relief for violation of the NJ WARN Act on behalf of herself and a class of similarly-situated persons pursuant to N.J.S.A. § 34:21-1 *et seq*. and Federal Rules of Civil Procedure 23(a) and (b), who worked at or reported to Defendant's New Jersey employment sites (HQ and Stores) and who were terminated without the legally required 90 days' notice as a result of a mass layoff and/or CTS's termination of business operations (the "**NJ WARN Class**").

37. The persons in the NJ WARN Class identified above ("**NJ WARN Class Members**") are so numerous that joinder of all members is impracticable. Upon information and belief, Class Plaintiffs believe that the NJ WARN Class consists of at least approximately 200 employees. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of defendant CTS.

38. On information and belief, the identity of the members of the NJ WARN Class and the recent residential address of each of the NJ WARN Class Members is contained in the books and records of CTS.

39. On information and belief, the rate of pay and benefits that were being paid by Defendant to each NJ WARN Class Member at the time of his/her termination is contained in the books and records of CTS.

40. Common questions of law and fact exist as to members of the NJ WARN Class, including, but not limited to, the following:

    a. whether the members of the NJ WARN Class were employees of defendant CTS who worked at a covered employment site of Defendant;

      b. whether Defendant has unlawfully terminated the employment of the NJ WARN Class Members without cause on their part and without giving them 90 days' advance written notice in violation of the NJ WARN Act; and

      c. whether Defendant has unlawfully failed to pay the NJ WARN Class Members severance pay and benefits as required by the NJ WARN Act.

41. Class Plaintiff's claims are typical of those of the NJ WARN Class. Class Plaintiff, like other NJ WARN Class Members, worked at or reported to one of Defendant's New Jersey employment sites and was terminated as part of the mass layoffs/termination of business operations implemented by CTS.

42. Class Plaintiff will fairly and adequately protect the interests of the NJ WARN Class. Class Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the NJ WARN Act, the Federal WARN Act, other similar state laws, and employment litigation.

43. Class certification of these claims is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the NJ WARN Class predominate over any questions affecting only individual members of the NJ WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation — particularly in the context of NJ WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual members of the NJ WARN Class are small compared to the expense and burden of individual prosecution of this litigation.

44. Concentrating all the potential litigation concerning the NJ WARN Act rights of the members of the NJ WARN Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the

resources of the parties and is the most efficient means of resolving the NJ WARN Act rights of all the members of the NJ WARN Class.

45. Class Plaintiff intends to send notice to all NJ WARN Class Members to the extent required by Rule 23.

## CLAIMS FOR RELIEF

### Count I: Violation of the WARN Act, 29 U.S.C. § 2101 *et seq.*

46. Class Plaintiff re-alleges and incorporates by reference the allegations contained in each of the preceding paragraphs of the Complaint as if fully set forth herein.

47. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

48. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business both during and after defendant CTS's decision to orchestrate the shut-down of business operations.

49. Defendant violated the WARN Act by implementing the mass layoffs and/or plant closings at its employment sites without giving written notice at least 60 days before the terminations were implemented to: (1) each affected employee; (2) the New Jersey Commissioner of Labor and Workforce Development; and (3) the chief elected official of each municipality within which the termination occurred.

50. The mass layoffs and/or plant closings at Defendant's employment sites resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at the employment sites, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

51. Class Plaintiff and the WARN Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

52. Defendant was required by the WARN Act to give Class Plaintiff and the WARN Class Members at least 60 days advance written notice of their terminations.

53. Defendant failed to give Class Plaintiff and the WARN Class Members written notice that complied with the requirements of the WARN Act.

54. Class Plaintiff and each of the WARN Class Members are "aggrieved employees" of Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

55. The relief sought in this proceeding is equitable in nature.

**Count II: Violation of the New Jersey WARN Act, N.J.S.A. § 34:21-1 *et seq*.**

56. Class Plaintiff re-alleges and incorporates by reference the allegations contained in each of the proceeding paragraphs of the Complaint as if fully set forth herein.

57. Class Plaintiff and similarly-situated NJ WARN Class Members who worked at or reported to Defendant's employment sites in New Jersey are "employees" of Defendant as defined in the NJ WARN Act.

58. Defendant terminated the employment of Class Plaintiff and each of the NJ WARN Class Members pursuant to a mass layoff and/or "termination of operations" as defined in the NJ WARN Act.

59. At all relevant times, Defendant was an "employer" as defined in the NJ WARN Act.

60. Defendant violated the NJ WARN Act by implementing the mass layoff and/or termination of operations at its employment sites in New Jersey without giving the requisite written notice at least 90 days before the terminations were implemented to: (1) each affected

11

employee; (2) the New Jersey Commissioner of Labor and Workforce Development; and (3) the chief elected official of each municipality within which the termination occurred.

61.     As a result of Defendant's violation of the NJ WARN Act, Class Plaintiff and each of the NJ WARN Class Members are entitled to damages equal to (i) one week of pay for each full year of employment with Defendant, with the rate of pay calculated at the average regular rate of compensation received by the employee during the last three (3) years of employment, or the final regular rate of compensation paid to the employee, whichever rate is higher, plus an additional four weeks of severance pay as required by recent amendments to the NJ WARN Act.

62.     Class Plaintiff will incur, and each of the NJ WARN Class Members will incur, attorneys' fees in prosecuting this claim, and are entitled to an award of attorneys' fees pursuant to the NJ WARN Act.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly-situated persons, prays for the following relief as against Defendant:

1. Certification that, pursuant to FED. R. CIV. P. 23 (a) and (b), Plaintiff and the other similarly situated former employees constitute a class for purposes of the WARN Act;

2. Certification that, pursuant to FED. R. CIV. P. 23 (a) and (b), Plaintiff and other similarly situated former employees constitute a class for purposes of the NJ WARN Act;

3. Designation of Class Plaintiff as Class Representative for both classes;

4. Appointment of the undersigned counsel as Class Counsel for both classes;

5. A judgment in favor of Class Plaintiff and each WARN Class Member equal to the sum of their unpaid wages and benefits, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4);

6. Judgment in favor of Class Plaintiff and each NJ WARN Class Member for severance pay equivalent to one week of pay (calculated at their average rate of compensation during the last three years of employment or the final regular rate of compensation, whichever is higher) and benefits, plus an additional four weeks of mandatory severance pay pursuant to N.J.S.A. 34:21.2(b) and 34:21-6;

7. An allowed administrative expense claim pursuant to 11 U.S.C. § 503(b)(1) equal to the sum of each WARN Class Member's claim and each NJ WARN Class Member's claim;

8. A priority administrative expense claim under 11 U.S.C. § 503(b)(1) for the reasonable attorneys' fees and the costs and disbursements that Class Plaintiff and each of the WARN Class Members incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6), and the NJ WARN Act, N.J.S.A 34:21-6; and

9. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: July 19, 2023
Wilmington, Delaware

*/s/ Christopher Viceconte*
Christopher Viceconte (No. 5568)
**GIBBONS P.C.**
300 Delaware Avenue, Suite 1015
Wilmington, Delaware 19801
Telephone: (302) 518-6300
Email:  cviceconte@gibbonslaw.com

-and-

Robert K. Malone (*pro hac vice* forthcoming)
Mark B. Conlan (*pro hac vice* forthcoming)
Christopher P. Anton (*pro hac vice* forthcoming)

**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey  07102
Telephone:  (973) 596-4500
Email: rmalone@gibbonslaw.com
          mconlan@gibbonslaw.com
          canton@gibbonslaw.com

*Attorneys for Ainslie H. Vorel, Individually and as Class Representative*