**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CHRISTMAS TREE SHOPS, LLC, *et al.*,[1] | Case No. 23-10576 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Related to Docket No. 304** |

**OBJECTION TO THE APPLICATION OF PARAMPARA FOR AN ORDER
COMPELLING PAYMENT OF ADMINISTRATIVE EXPENSE**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby file this objection (the "Objection") to the *Application of Parampara for an Order Compelling Payment of Administrative Expense* (the "Application") [Dkt No. 304]. In support of this Objection, the Debtors respectfully represent:

**FACTS**

1.      On May 5, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.      Parampara, an Indian sole proprietorship operated by Amit Khanna ("Parampara"), is a counterparty to a non-exclusive Buying Agency Agreement (the "Agreement") with Nantucket Distributing Co., LLC ("Nantucket"). A true and accurate copy of the Agreement is attached to the Application as Exhibit B.

---

[1]   The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), Handil, LLC (1150), and Nantucket Distributing Co., LLC (1640). The notice address for the Debtors is 64 Leona Drive, Middleboro, Massachusetts 02346.

161082618v1

3.      According to the Agreement, Parampara is entitled to "a buying agent commission of Five percent (5%) of the FOB foreign port value of goods of Merchandise sourced by [Parampara]." *See* Agreement, ¶ 14.1.

4.      The goods at issue were shipped on March 23, 2023, approximately six (6) weeks prior to the Petition Date and received on May 8, 2023.  *See Application of Riba Textiles, Ltd. for an Order Compelling Payment of Administrative Expense*, ECF No. 219.

5.      Parampara performed all of the obligations under the Agreement prior to the shipment of the goods on March 23, 2023.

6.      Notwithstanding the foregoing, Parampara did not invoice Nantucket for the shipped goods until May 22, 2023. *See* Application, Ex. A.

**ARGUMENT**

7.      The Bankruptcy Code provides for a limited right to recover "actual, necessary costs and expense of preserving the estate," only after the claimant demonstrates that both (1) a right to payment arose post-petition, and (2) the consideration supporting the right to payment was beneficial to the estate. 11 U.S.C. § 503(b)(1); *see also In re Energy Future Holdings Corp.*, 990 F.3d 728, 741 (3d Cir. 2021).

8.      Administrative priority claims are strictly construed in order to conserve the bankrupt's limited resources.  *See e.g. In re Kmart Corp.*, 290 B.R. 614, 621 (Bankr. N.D. Ill. 2003).  Parampara has the ultimate burden of establishing its entitlement to administrative priority. *See In re Goody's Family Clothing Inc.*, 610 F.3d 812, 818 (3d Cir. 2010).

9.      Parampara does not appear to have an administrative claim under the strict construction of § 503(b). Upon shipment of the goods, Parampara had completed its obligations. *See e.g. Goody's Family Clothing*, 610 F.3d at 818-19 ("In contrast, when the contract has been

2

fully performed prior to the petition date, it is no longer executory and thus not entitled to payment priority as an administrative expense."). *See also* 11 U.S.C. 503(b)(1)(A) ("commissions for services rendered *after* the commencement of the case."); *In re Halyard Realty Trust*, 37 B.R. 260, 264 (Bankr. D. Mass. 1983) ("Only where a broker performs services for the debtor in possession or the Trustee after the filing of the petition is he entitled to claim his commission as an administrative expense"). Parampara did not perform any services related to the shipped goods after the Petition Date. Accordingly, there is no consideration to support Parampara's asserted right to payment priority of its buying agent commission as an administrative expense.

10.    The Debtors assert that they have meritorious defenses to Parampara's administrative claim. Regardless, if the Court determines Parampara is entitled to an administrative priority claim, there are no available funds to satisfy the claim at the present time. Such allowed claim should be paid with other similarly situated allowed administrative claims when funds become available as has been previously ordered by the Court. *See* Dkt. No. 379.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

161082618v1

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court (a) sustain their objection;

(b) deny the Application; and (c) grant such other relief as is just and proper.

Dated: July 31, 2023
      Wilmington, Delaware

**TROUTMAN PEPPER HAMILTON
SANDERS LLP**

By: */s/ Marcy J. McLaughlin Smith*
Evelyn J. Meltzer (Del. Bar No. 4581)
Marcy J. McLaughlin Smith (Del. Bar No. 6184)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, Delaware 19801
Tel:  (302) 777-6500
Fax:  (302) 421-8390
Email: evelyn.meltzer@troutman.com
      marcy.smith@troutman.com

-and-

**MURPHY & KING, PROFESSIONAL
CORPORATION**
Harold B. Murphy (admitted *pro hac vice*)
Christopher M. Condon (admitted *pro hac vice*)
28 State Street, Suite 3101
Boston, Massachusetts 02109
Tel:  (617) 423-0400
Email: hmurphy@murphyking.com
      ccondon@murphyking.com

*Attorneys for Debtors
and Debtors in Possession*

4

161082618v1