**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> CHRISTMAS TREE SHOPS, LLC, *et al.*,[1] <br><br> Debtors | ) Chapter 11 <br> ) <br> ) Case No. 23-10576 (TMH) <br> ) <br> ) Jointly Administered <br> ) <br> ) <u>Objection Deadline</u>: August 14, 2023 at 4:00p.m. (ET) <br> ) <u>Hearing Date</u>: September 14, 2023 at 11:00 a.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE DEBTORS TO REJECT THEIR
DISTRIBUTION CENTER LEASE; AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") hereby file this motion (the "<u>Motion</u>") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "<u>Proposed Order</u>") under sections 105(a) and 365 of Title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "<u>Bankruptcy Code</u>") and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") (i) authorizing the Debtors to reject the Distribution Center Lease (as defined herein) as of the Rejection Date (as defined herein), and (ii) granting related relief. In support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. §

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640). The notice address for the Debtors is 64 Leona Drive, Middleboro, Massachusetts 02346.

1

157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The basis for relief requested herein are sections 105(a) and 365 of the Bankruptcy Code as supplemented by Bankruptcy Rules 6006 and 6007.

## BACKGROUND

3.  On May 5, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.

4.  On May 17, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors in the Chapter 11 Cases (the "Committee") [Dkt. No. 100].

5.  The Debtors operate a chain of brick-and-mortar home goods retail stores that specializes in the sale of year-round seasonal goods at value pricing. The Debtors' stores offer a variety of products including home décor, bed and bath products, kitchen and dining products, furniture, food and seasonal products. As of the Petition Date, the Debtors operated 82 stores in 20 states.

6.  A description of the Debtors and their business, and the facts and circumstances surrounding the Chapter 11 Cases are set forth in greater detail in the *Declaration of Marc Salkovitz, Executive Chairman, in Support of First Day Relief* [Dkt. No. 12] and the *Supplemental Declaration of Marc Salkovitz, Executive Chairman, in Support of First Day Relief* [Dkt. No. 23].

7.  On July 12, 2023, the Court entered the *Order Extending the Time Within Which the Debtors Must Assume or Reject Unexpired Leases of Nonresidential Real Property* [Dkt. No.

392], extending the time, pursuant to section 365(d)(4) of the Bankruptcy Code, for the Debtors to assume or reject the Debtors' unexpired leases (that have not previously been assumed or rejected) to the earlier of (i) December 1, 2023 and (ii) the date of entry of an order confirming a plan in these Chapter 11 Cases.

8. The Debtors are currently running going-out-of-business sales at their retail store locations and have been filing motions to reject such store leases on a rolling basis as the sales conclude. The Debtors anticipate completing such sales at all of their store locations in August 2023.

9. Debtor Christmas Tree Shops, LLC ("CTS") is party to a Lease Agreement (the "Distribution Center Lease") with 64 Leona Property Owner LLC, dated February 16, 2023, pursuant to which CTS leases a distribution center (the "Distribution Center") located at 64 Leona Drive, Middleborough, MA 02346.

10. Given the status of the Debtors' remaining going-out-of-business sales, the Debtors will no longer need the Distribution Center as of July 31, 2023. The Debtors will vacate the Distribution Center on or before July 31, 2023 and have removed or will remove all of the inventory located at Distribution Center, along with other personal property. There may still be some furniture, fixtures, equipment, and other miscellaneous personal property located on the premises at the time the Debtors vacate the Distribution Center, which is of no value to the Debtors' estates and which the Debtors through this Motion seek authority to abandon.

**RELIEF REQUESTED**

11. The Debtors request entry of the Proposed Order, in substantially the form attached hereto as **Exhibit A**, authorizing the Debtors to (i) reject the Distribution Center Lease as of July 31, 2023 (the "Rejection Date") and (ii) abandon certain equipment, fixtures, furniture or other

miscellaneous personal property that may be located at the Distribution Center that is not otherwise transitioned to another location (collectively, the "Abandoned Property"); and granting related relief.

## BASIS FOR RELIEF

12. A debtor, "subject to the court's approval, may assume or reject any . . . executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). This section is intended "to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property." *In re Republic Airways Holdings Inc.*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (quoting *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993)); *see also In re Exide Techs.,* 607 F.3d 957, 967 (3d Cir. 2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization").

13. Courts use the "business judgment" test, which requires a debtor to have determined that the requested assumption or rejection would be beneficial to its estate, in determining whether the rejection of an unexpired nonresidential lease should be authorized. *See Grp. Of Institutional Inv'rs, Inc. v. Chi., Milwaukee, St. Paul & Pac. R.R.*, 318 U.S. 523, 550 (1943) (noting that "the question whether a lease should be rejected . . . is one of business judgment"); *in re Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982), aff'd, 465 U.S. 513 ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test.") *accord In re HQ Glob. Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003).

14. After July 31, 2023, the Distribution Center Lease will provide no benefit to the Debtors' estates or these Chapter 11 Cases. By rejecting the Distribution Center Lease, the Debtors will save substantial rent amounts and associated costs including, without limitation, real property

taxes, utilities, insurance, and other related charges which the Debtors may be obligated to pay in connection with the Distribution Center Lease. Moreover, the Debtors have determined in their business judgment that such costs do not constitute a value-maximizing use of estate assets and that the costs of the Distribution Center Lease exceed any marginal benefits that could potentially be achieved from assignments or subleases of the Distribution Center Lease. Accordingly, the Debtors have concluded that rejection of the Distribution Center Lease is in the best interest of the Debtors' estates, their creditors, and parties in interest.

15. As of the Rejection Date, the Debtors will have vacated the Distribution Center. Absent rejection, the Debtors would be obligated to pay rent under the Distribution Center Lease even though they will have ceased operations at, and will no longer be in possession of, the Distribution Center.

16. In applying the business judgement standard, bankruptcy courts defer to a debtor's decision to assume or reject leases. *See*, *e.g.*, *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39-40 (3d Cir. 1989) (affirming the rejection of a service agreement as sound exercise of the debtor's business judgment when the bankruptcy court found that such rejection would benefit the debtors' estate); *In re Caribbean Petroleum Corp.*, 444 B.R. 263, 268 (Bankr. D. Del. 2010) (quoting *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. Del. 2000) ("[A] debtor's decision to reject an executory contract must be summarily affirmed unless it is the produce of bad faith, or whim or caprice.")).

17. Authorizing the rejection of the Distribution Center Lease as of the Rejection Date is consistent with prior rulings of courts in this and other circuits, which have held that a bankruptcy court may authorize the retroactive rejection of a nonresidential real property lease if the balance of equities favors such a retroactive rejection. *See In Chi-Chi's, Inc.*, 305 B.R. 396,

399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in the particular case); *In re Fleming Cos.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (stating that rejection has been allowed as of the date of the motion or the date the premises were surrendered).

18. Here, the balance of the equities favors rejection of the Distribution Center Lease as of the Rejection Date, which will allow the Debtors to avoid the unnecessary economic burden of paying rent for the property beyond the end of July, by which time the Debtors will have surrendered possession of the property back to the landlord.

19. Section 554(a) of the Bankruptcy Code provides that, "[a]fter notice and a hearing, the [debtor] may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a); *see also In re Wilson*, 94 B.R. 886, 888 (Bankr. E.D. Va. 1989) ("It is well settled, however, that a trustee is not obligated to accept onerous or unprofitable property surrendered as part of the estate, and may abandon property that is 'burdensome' or 'of inconsequential value and benefit' under § 554 of the Code.") (internal citations omitted). The right to abandon property is virtually unfettered, unless: (a) abandonment of the property will contravene laws designed to protect public health and safety; or (b) the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'lBank*, 474 U.S. 494, 501 (1986). Neither of these limitations is relevant under the instant facts.

20. The Debtors submit that any Personal Property left at the Distribution Center is of inconsequential value to the Debtors' estates, or the costs to the Debtors of retrieving, marketing, and reselling the Personal Property will exceed the recoveries, if any, that the Debtors and their estates could reasonably obtain in exchange for such property. Accordingly, the Debtors have

161006362v2

determined, in the exercise of their sound business judgment, that abandonment of any Personal Property will be in the best interest of the Debtors and their estates.

## RESERVATION OF RIGHTS

21. Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## CONSENT TO JURISDICTION

22. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## NOTICE

23. Notice of this Motion will be given to: (a) the Office of the United States Trustee

161006362v2

for the District of Delaware; (b) counsel for the DIP Agent; (c) counsel to Eclipse Business Capital LLC; (d) counsel to Pathlight Capital, LP; (e) counsel for Bed, Bath and Beyond, Inc.; (f) counsel for ReStore Capital (CTS), LLC; (g) counsel for the Committee; (h) the landlord that is the counterparty under the Distribution Center Lease; and (i) all parties requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no other or further notice is necessary.

24. A copy of this Motion is available on (a) the Court's website, at www.deb.uscourts.gov, and (b) the website maintained by the Debtors' Claims and Noticing Agent, KCC, at www.kccllc.net/christmastreeshops.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, and grant such other and further relief.

| | |
|---|---|
| Dated: July 31, 2023<br>Wilmington, Delaware | **TROUTMAN PEPPER HAMILTON SANDERS LLP**<br><br>By: */s/ Marcy J. McLaughlin Smith*<br>Evelyn J. Meltzer (Del. Bar No. 4581)<br>Marcy J. McLaughlin Smith (Del. Bar No. 6184)<br>Hercules Plaza, Suite 5100<br>1313 Market Street<br>Wilmington, Delaware 19801<br>Tel: (302) 777-6500<br>Fax: (302) 421-8390<br>Email: evelyn.meltzer@troutman.com<br>       marcy.smith@troutman.com<br><br>-and-<br><br>**MURPHY & KING, PROFESSIONAL CORPORATION**<br>Harold B. Murphy (admitted *pro hac vice*)<br>Christopher M. Condon (admitted *pro hac vice*)<br>28 State Street, Suite 3101<br>Boston, Massachusetts 02109<br>Tel: (617) 423-0400<br>Email: hmurphy@murphyking.com<br>       ccondon@murphyking.com<br><br>*Attorneys for Debtors and Debtors in Possession* |

161006362v2