# Exhibit A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHRISTMAS TREE SHOPS, LLC, *et al.*,[1] | ) | Case No. 23-10576 (TMH) |
| | ) | |
| Debtors | ) | Jointly Administered |
| | ) | |
| | ) | **Re: D.I.** _____ |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF
AN ORDER (I) AUTHORIZING THE DEBTORS TO REJECT THEIR
DISTRIBUTION CENTER LEASE; AND (II) GRANTING RELATED RELIEF**

Upon consideration of the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Reject Their Distribution Center Lease; and (II) Granting Related Relief* (the "**Motion**")[2]; this Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) notice of the Motion and the hearing was sufficient under the circumstances; and (v) there is good cause to waive the 14-day stay imposed by the Bankruptcy Rule 6004(h) to the extent it is applicable; and this Court, after due deliberation, having determined that the relief requested in the Motion is (i) in the best interests of the Debtors, their estates, and their creditors; and good and sufficient cause having been shown;

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).  The notice address for the Debtors is 64 Leona Drive, Middleboro, Massachusetts 02346.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

**IT IS HEREBY ORDERED THAT**:

1. The Motion is Granted as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, the Distribution Center Lease is hereby rejected, to be effective as of July 31, 2023 (the "Rejection Date").

3. The Debtors are authorized to abandon any Personal Property located at the Distribution Center free and clear of all liens, claims, encumbrances, interests, and rights of third parties.

4. Any Personal Property located at the Distribution Center is deemed abandoned, as of the Rejection Date free and clear of all liens, claims, encumbrances, interests, and rights of third parties. The counterparty to the Distribution Center Lease may dispose of such Personal Property in its sole and absolute discretion and without further notice or order of this Court without liability to the Debtors or third parties so long as the premises have been vacated by the Debtors; provided, however, that nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under applicable law from the Distribution Center. The right of the landlord to assert claims with respect to such disposition of the abandoned property is reserved, as are all parties' rights to object to such claims.

5. The Debtors do not waive any claim that they may have against the counterparty to the Distribution Center Lease, whether or not such claims arise under, are related to the rejection of, or are independent of the Distribution Center Lease.

6. Nothing herein shall prejudice the rights of the Debtors to argue that the Distribution Center Lease was terminated prior to the Rejection Date; that any claim for damages arising from the rejection of the Distribution Center Lease is limited to the remedies available

under any applicable termination provision of the Distribution Center Lease; or that any such claim is an obligation of a third party and not that of the Debtors or their estates.

7. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, or adoption of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

8. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party.

9. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

10. This Order shall be immediately effective and enforceable upon its entry. The fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

11. Any proof of claim for damages in connection with the rejection of a Lease, if any, shall be filed on or before the date that is thirty (30) days after entry of this Order.

12. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

13. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

161006362v2