# Exhibit A

**Proposed Order**

161306053v5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Christmas Tree Shops, LLC, *et al.*,[1] | Case No. 23-10576 (TMH) |
| Debtors. | Jointly Administered |
| | **Re: D.I.**_____ |

ORDER (I) CONVERTING THE
DEBTORS' CHAPTER 11 CASES TO CASES UNDER CHAPTER 7
OF THE BANKRUPTCY CODE PURSUANT TO 11 U.S.C. § 1112(b); (II) APPROVING
THE CONVERSION PROCEDURES; (III) AUTHORIZING THE TRANSFER OF THE
PROFESSIONAL FEE FUNDING AMOUNT INTO A SEGREGATED ATTORNEY
TRUST ACCOUNT MAINTAINED BY DEBTORS' COUNSEL; (IV) LIMITING
NOTICE OF THE MOTION AND (V) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the Debtors for the entry of an order (i) converting these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code, (ii) approving the Conversion Procedures including setting a date that is at least thirty (30) days after the Conversion Date as the date by which all chapter 11 professionals retained in these cases ("**Professionals**") must file final fee applications (collectively, the "**Final Fee Applications**") and establishing a date for a hearing on such Final Fee Applications; (iii) authorizing the transfer of the Professional Fee Funding Amount into a segregated attorney trust account maintained by Debtors' counsel; (iv) liming notice of this Motion to only those parties requesting notice pursuant to Bankruptcy Rule 2002 and (v) granting related relief; and it appearing that the relief sought in the Motion and the entry of this Order is appropriate; and it appearing that this Court has jurisdiction to consider the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640). The notice address for the Debtors is 64 Leona Drive, Middleboro, Massachusetts 02346.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

161306053v5

Motion pursuant to 28 U.S.C. § 1334; and it appearing that venue of these Chapter 11 Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is reasonable and in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as provided herein.

2. Effective one business day after the Professional Fee Funding Amount is transferred to a segregated bank account maintained by Debtors' counsel (the "**Conversion Date**"), pursuant to section 1112(a) of the Bankruptcy Code, the Debtors' Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code. The Debtors shall file a notice of Conversion Date on the docket in these Chapter 11 Cases within one business day of the Conversion Date.

3. The requirement of Bankruptcy Rule 2002(a)(4) to serve a request for conversion of a case to another chapter upon all of a debtor's creditors is hereby waived. Notice of this Motion was adequate, and no other or further notice is necessary.

4. The following Conversion Procedures are hereby approved:

   (a) **Professional Fees.** Professionals shall submit Final Fee Applications in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and orders of this Court by no later than thirty (30) days after the Conversion Date (the "**Final Fee Application Deadline**"). Objections, if any, to the Final Fee Applications shall be filed and served by no later than twenty-one (21) days after the Final Fee Application Deadline. A hearing to consider all timely filed Final Fee Applications should be held on [•], 2023 at [•] (ET).

 (b) **Books and Records.** As soon as reasonably practicable, but in no event more than fourteen (14) days after the appointment of the chapter 7 trustee, the Debtors shall turn over or provide access to the chapter 7 trustee the books and records of the Debtors in the Debtors' possession and control, as required by Bankruptcy Rule 1019(4). For purposes hereof, the Debtors may provide copies (including electronic copies) of such books and records to the chapter 7 trustee, or instructions for locating and accessing such books and records, and may retain copies of such books and records to the extent necessary to complete the reports required herein.

 (c) **Schedule of Unpaid Debts.** Within fourteen (14) days of the Conversion Date, the Debtors shall file a schedule of unpaid debts incurred after commencement of the Debtors' Chapter 11 Cases, including the name and address of each creditor, as required by Bankruptcy Rule 1019(5)(A) (as modified herein).

 (d) **Final Report**. Within thirty (30) days after the Conversion Date, the Debtors shall file and transmit to the chapter 7 trustee a final report and account in accordance with Bankruptcy Rule 1019(5)(A).

 (e) **Claims**. Within fourteen (14) days of the Conversion Date, Kurtzman Carson Consultants LLC ("**KCC**") shall (i) forward to the Clerk of this Court an electronic version of all imaged claims; (ii) upload the consolidated creditor mailing list into CM/ECF and, notwithstanding Local Rule 2002-1(f)(x), file the consolidated matrix in each jointly administered case in lieu of a separate matrix for each Debtor; and (iii) docket a final claims register in the Debtors' Chapter 11 Cases.

5. Subject to its compliance with Local Rules 2002-1(f)(x)-(xi), on the Conversion Date, Kurtzman Carson Consultants LLC ("**KCC**") shall be relieved of its responsibilities as the Debtors' claims and noticing agent in the Debtors' Chapter 11 Cases and will have no further obligations to the Court, the Debtors, the chapter 7 trustee (once appointed), or any party in interest with respect to the Debtors' Chapter 11 Cases or the chapter 7 cases.

6. Effective upon the date of this Order, pending the qualification of a permanent trustee under section 702 of the Bankruptcy Code, all contested matters pending in the Debtors' bankruptcy cases as of the date of this Order, including pending adversary proceedings, are stayed unless otherwise ordered by this Court.

7. The Debtors are authorized and directed to transfer the Professional Fee Funding

Amount to a segregated attorney trust account maintained by Debtors' counsel. Debtors' counsel is authorized and directed to retain the Professional Fee Funding Amount for distribution to Professional Persons pursuant to the interim compensation order (Docket No. 258) and any orders approving the Final Fee Applications.

8. All orders entered by the Court in the Chapter 11 Cases shall remain in full force and effect in the Chapter 7 Cases.

9. The Court shall retain jurisdiction over disputes pertaining to this Order.

161306053v5