**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC, *et al.*,[1]<br><br>Debtors | ) Chapter 7<br>)<br>) Case No. 23-10576 (TMH)<br>)<br>) Jointly Administered<br>) **Re: D.I. 555**<br>) <u>Proposed Objection Deadline</u>: At the Hearing<br>) <u>Proposed Hearing Date</u>: August 31, 2023 at 11:00 a.m. (ET) |

**CHAPTER 7 TRUSTEE'S MOTION TO SHORTEN NOTICE AND SCHEDULE
EXPEDITED HEARING ON CHAPTER 7 TRUSTEE'S OMNIBUS MOTION FOR
ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF CERTAIN
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY;
AND (II) GRANTING RELATED RELIEF**

George L. Miller, chapter 7 trustee (the "<u>Trustee</u>") of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") hereby files this motion to shorten (the "<u>Motion to Shorten</u>") with the Court for entry of an order pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), substantially in the form attached hereto as **Exhibit A**, shortening the notice period and scheduling a hearing with respect to the *Chapter 7 Trustee's Omnibus Motion for Entry of an Order (I) Authorizing the Rejection of Certain Unexpired Leases of Nonresidential Real Property; and (II) Granting Related Relief* [Docket No. 555] (the "<u>Omnibus Rejection Motion</u>").[2] In further support of this Motion to Shorten, the Trustee respectfully states as follows:

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

[2] Capitalized terms not otherwise defined in this Motion to Shorten shall have the meanings given in the Omnibus Rejection Motion.

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. Pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are section 105(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 9006, and Local Rule 9006-1(e).

**Relief Requested**

3. By this Motion to Shorten, the Trustee requests, pursuant to section 105(a) of the Bankruptcy Code and Local Rule 9006-1(e), that the Court shorten the notice required for a hearing on the Omnibus Rejection Motion so that the Omnibus Rejection Motion may be heard at the existing hearing on August 31, 2023 at 11:00 a.m. (prevailing Eastern Time) (the "Hearing"), with objections, if any, to be filed at or before the Hearing.

**Basis for Relief**

4. Local Rule 9006-1 generally requires motion papers to be "filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(1).

5. Local Rule 9006-1(e) provides in pertinent part that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by

2

order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

6. The exigencies justify shortening notice of the Omnibus Rejection Motion, which is subject to the 14-day notice period in Local Rule 9006-1. The Debtors' chapter 11 cases recently converted to chapter 7 on August 16, 2023, and the Trustee was appointed on the same date. The Trustee is in the process of reviewing numerous issues arising in these cases, including unexpired leases at certain of the Closing Stores that are the subject of the Omnibus Rejection Motion. The Trustee is seeking authority to reject the leases as of August 31, 2023 and to abandon certain property that may be located at the subject Closing Stores. As described in the Omnibus Rejection Motion, absent rejection, the Debtors' estates may incur administrative expense claims for postpetition rent under the leases due on September 1 even though the Debtors ceased operations at, and are no longer are in possession of, the Closing Stores. Additionally, multiple landlords have contacted the counsel to the Trustee seeking rejection of the leases and turnover of the Closing Stores as soon as possible as several seek to lease the premises to new lessees immediately.

7. Given the circumstances, a shortened notice period is necessary and appropriate so that the Court can consider the relief requested in the Motion prior to the end of August.

8. The Trustee requests that the Court shorten the notice required for a hearing on the Omnibus Rejection Motion so that it may be heard at the hearing on August 31, 2023 at 11:00 a.m. (prevailing Eastern Time), with objections, if any, to be filed at or before the Hearing.

**Local Rule 9006-1(e) Averment**

9. On August 24, 2023, the Trustee's counsel contacted counsel the Office of

3

the United States Trustee (the "UST") regarding the Trustee's expedited request for consideration of the Omnibus Rejection Motion before filing this Motion to Shorten. The UST confirmed it takes no position on the Motion to Shorten.

**Notice**

10. The Trustee will provide notice of this Motion to Shorten to the following parties, or their counsel, if known: (a) the Debtors; (b) the Office of the United States Trustee for the District of Delaware; and (c) any party that requests service pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

11. After entry of an Order on this Motion to Shorten, the Trustee will serve notice of the hearing on the Omnibus Rejection Motion on the Notice Parties by e-mail, fax, or overnight mail. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

12. No prior request for the relief sought in this Motion to Shorten has been made to this Court or to any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Trustee respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A**, and for such other and further relief as may be appropriate.

| | |
|---|---|
| Dated: August 24, 2023<br>Wilmington, Delaware | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ Colin R. Robinson*<br>Bradford J. Sandler (DE Bar No. 4142)<br>Colin R. Robinson (DE Bar No. 5524)<br>Peter J. Keane (DE Bar No. 5503)<br>Edward A. Corma (DE Bar No. 6718)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>Email: bsandler@pszjlaw.com<br>crobinson@pszjlaw.com<br>pkeane@pszjlaw.com<br>ecorma@pszjlaw.com<br><br>*Proposed Counsel to George L. Miller, Chapter 7 Trustee* |