IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC, *et al.*,[1]<br><br>Debtors | ) Chapter 7<br>)<br>) Case No. 23-10576 (TMH)<br>)<br>) Jointly Administered<br>)<br>) **Proposed Objection Deadline**: At the Hearing<br>) **Proposed Hearing Date**: August 31, 2023 at 11:00 a.m. (ET) |

**CHAPTER 7 TRUSTEE'S EMERGENCY MOTION PURSUANT TO SECTIONS 362 AND 542 OF THE BANKRUPTCY CODE TO COMPEL TURNOVER OF ESTATE PROPERTY AND ENFORCE THE AUTOMATIC STAY**

George L. Miller, chapter 7 trustee (the "Trustee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby files this motion (the "Emergency Motion") seeking entry of an order, substantially in the form attached hereto as Exhibit A (the "Order") pursuant to sections 362 and 542 of title 11 of chapter 11 of the United States Code (the "Bankruptcy Code") (a) compelling Bank of America, N.A. ("BOA") to turn over any and monies in the Debtors' accounts at BOA belonging to the Debtors' estates and (b) enforcing the automatic stay by requiring BOA to turn over the Debtors' property and cease all actions to obtain payment of any alleged prepetition or postpetition claims. In support of this Emergency Motion, the Trustee respectfully represents as follows:

**Jurisdiction and Venue**

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

*Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 542 of the Bankruptcy Code and rules 6002 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Parties**

4. On May 5, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

5. On May 17, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors in the Chapter 11 Cases (the "Committee") [D.I. 100].

6. On August 16, 2023, the Chapter 11 Cases were converted to Chapter 7 pursuant to the *Order (I) Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code Pursuant to 11 U.S.C. 1112(b); (II) Approving the Conversion Procedures; (III) Authorizing the Transfer of the Professional Fee Funding Amounts Into a Segregated Attorney Trust Account Maintained by Debtors' Counsel; (IV) Limiting Notice of the Motion and (V) Granting Related Relief* [D.I. 545] (the "Conversion Order"). George L. Miller was appointed as the chapter 7 trustee by the U.S. Trustee.

**Background**

A.    **The Conversion Order**

7.    The Conversion Order provides that the Debtors and ReStore Capital, LLC ("ReStore") agreed to fund the payment of the Debtors' store employees by the Trustee in the amount of $1,167,987 plus employer payroll taxes. *Conversion Order*, ¶3.

8.    The Trustee confirmed with ReStore that the payroll amounts were funded and distributed to the store employees on August 18, 2023. Unfortunately, the Trustee learned on August 21, 2023 that the payroll tax amount was not paid by the Debtors' payroll agent, ADP, despite the funds purportedly being in the applicable BOA account. Upon information and belief, the payroll tax amount was not transferred and paid by ADP due to a shortfall of the amount required to satisfy the payroll taxes. To date, the payroll taxes remain unpaid because, as discussed below, the Trustee has not received any monies of the Debtors held by BOA.

B.    **Demand for Turnover of the Withheld Funds**

9.    On August 17, 2017, the day after entry of the Conversion Order and the appointment of the Trustee, the Trustee delivered a letter to BOA and engaged in a series of communications with representatives of BOA requesting that BOA immediately transfer to the Trustee any and all of the Debtors' monies held in BOA accounts (the "Withheld Funds"). Despite the Trustee's initial written demand and follow-up discussions with representatives of BOA, the Withheld Funds were not transferred.

10.    On August 24, 2023, counsel for BOA responded to the Trustee and the undersigned proposed counsel and indicated that all of the Withheld Funds in deposit accounts at BOA would be transferred, less $100,000 that BOA asserts (which the Trustee disputes) it is entitled to retain. Additionally, on August 25, 2023, BOA provided copies of certain of the Debtors' account statements through July 31, 2023.

11. Despite indications that the Withheld Funds would be transferred to the Trustee, initially by wire, then by check, BOA has failed to deliver the Withheld Funds as of the time of the filing of this Emergency Motion. After providing BOA with wire instructions, as requested, BOA then indicated a check would be mailed on August 28, 2023. BOA then later pushed that date one more day and indicated a check would be mailed on August 29, 2023. After having initially made a demand on August 17, 2023, twelve days ago, the Trustee is concerned that BOA will continue to delay the transfer of the Withheld Funds to the detriment of these estates, necessitating this Emergency Motion.

12. In an effort to avoid the costs of litigation, the Trustee hoped to resolve this matter, at least in the interim, and relied on BOA's representations that the Withheld Funds would be transferred. However, the turnover of the Withheld Funds has not occurred and the Trustee needs to resolve this situation without further delay or expense in order to not only comply with the Conversion Order relating to the unpaid payroll taxes, but administer the Debtors' estates in his capacity as chapter 7 trustee.

13. With each day that passes, the Debtors' estates incur penalties and interest for the failure to pay the payroll taxes. Moreover, upon information and belief, the Trustee believes that BOA, in violation of the automatic stay, may have charged certain fees and penalties against the Debtors' accounts. The Trustee cannot confirm if that is the case without the account statements, which have only been provided through July 31, 2023, despite the Trustee's request for interim account statements through August 24, 2023.

**Basis for Relief**

A. **The Debtors' Funds are Property of the Debtors' Estates, and BOA Should Be Compelled to Turn Over Such Property to the Trustee.**

14. As of the Petition Date, the Withheld Funds are property of the Debtors' estates and thus subject to turnover. Pursuant to section 541 of the Bankruptcy Code, the commencement of a case under the Bankruptcy Code creates an estate, "comprised of all . . . property, wherever located and by whomever held" including, but not limited to "all legal or equitable interests of the debtor in property as of the commencement date" and "[p]roceeds, product, offspring, rents, or profits of or from property of the estate." *See* 11 U.S.C. § 541. The scope of section 541(a) is undoubtedly broad and includes both tangible and intangible property. *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 205 (1983).

15. Pursuant to section 542 of the Bankruptcy Code, "an entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of [the Bankruptcy Code] . . . shall deliver to the [debtor], and account for, such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542. Where an entity in possession of property of the estate fails to voluntarily turn over the estate property, a debtor in possession may seek to compel turnover. *In re DBSI, Inc.*, 468 B.R. 663, 669 (Bankr. D. Del. 2011). To do so, a debtor must establish (a) the property is in the possession, custody, or control of another entity; (b) the property can be used in accordance with the provisions of section 363; and (c) the property has more than inconsequential value to the debtor's estate. *Id.*

16. As of the Petition Date, the Withheld Funds constituted property of the Debtors' estates. Further, each of the factors required to establish an action for turnover is present. First, the Withheld Funds are in the possession of BOA. Second, the Withheld Funds constitute property that could be used in accordance with section 363. Specifically, the Trustee, in compliance with

the Conversion Order, must work with ReStore to assure payment of the Unfunded Budget Amounts. Lastly, the Withheld Funds have more than inconsequential value to the Debtors' estates. According to the accounts statements provided by BOA through July 31, 2023, BOA was in possession of over $8 million of estate funds. Even in the event the total amount held by BOA was reduced after July 31, 2023, any remaining funds are not insignificant given the conversion of these cases to chapter 7.

B. **BOA Has Violated the Automatic Stay.**

17. Section 362 of the Bankruptcy Code provides, in pertinent part, that the filing of a bankruptcy petition acts as an automatic stay, applicable to all entities, of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," 11 U.S.C. § 362(a)(3), as well as "any act to collect, assess, or recover a claim against the debtor that arose before the commencement" of a chapter 11 case, *id*. § 362(a)(6). Moreover, the automatic stay is "one of the fundamental debtor protections supplied by the Bankruptcy Code." *In re Univ. Med. Ctr.*, 973 F.2d at 1074; *see also Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986). It is designed to, among other things, "give[] the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions." *In re Univ. Med. Ctr.*, 973 F.2d at 1074; *see, also, Krystal Cadillac Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp. (In re Krystal Cadillac Oldsmobile GMC Truck, Inc.)*, 142 F.3d 631, 637 (3d Cir. 1998) (describing the automatic stay as a fundamental debtor protection which stops all collection efforts).

18. A creditor violates the automatic stay by taking actions to recover prepetition claims. *See In re Broadstripe*, 402 B.R. 646, 657 (Bankr. D. Del. 2008). Such actions include a creditor refusing to fulfill its duty under section 542(a) to turn over property of the estate. *See Thompson v. GMAC*, 566 F.3d 699, 703 (7th Cir. 2009) ("[w]itholding possession of property from

a bankruptcy estate is the essence of 'exercising control' over possession"); *see also, In re Hechinger Invest. Co. of Del., Inc.*, 2001 WL 1820320, at *5 (Bankr. D. Del. Jan. 29, 2001) (finding that self-help acceleration of a lease without court approval was a violation of the automatic stay); *In re Bowen*, 2000 WL 708961, at *4 (Bankr. E.D. Pa. May 26, 2000) (holding that creditor's self-help remedy of removing property from premises was in violation of the automatic stay). Finally, because the turnover provisions are intended to be self-executing, a party that willfully fails to comply with turnover requirements may be subject to sanctions. *See, e.g., Knaus v. Concordia Lumber Co. (In re Knaus)*, 889 F.2d 773 (8th Cir. 1989) (willful failure to turn over property can be sanctioned as violation of automatic stay under 11 U.S.C. § 362(k)).

19.     Although sections 362 and 542(a) of the Bankruptcy Code require BOA to turn over the Withheld Funds to the Trustee, BOA has failed to do so. Moreover, BOA's failure to do so has caused the Debtors' estates to continue to unnecessarily incur penalties and interest for the unpaid payroll taxes. Additionally, upon information and belief, the Trustee believes that BOA may have charged the Debtors' accounts with certain fees and penalties. BOA, thus, has violated, and continues to violate, the automatic stay.[2]

## Notice

20.     The Debtors will provide notice of this motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to BOA; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

---

[2] A willful violation of the automatic stay may result in liability for damages and civil penalties. The Trustee reserves any and all rights, including, but not limited to, seeking sanctions and actual and punitive damages against BOA in the Bankruptcy Court pursuant to section 362(k) of the Bankruptcy Code.

**No Prior Request**

21. No prior request for the relief sought in this Emergency Motion has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: August 29, 2023<br>Wilmington, Delaware | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ Colin R. Robinson*<br>Bradford J. Sandler (DE Bar No. 4142)<br>Colin R. Robinson (DE Bar No. 5524)<br>Peter J. Keane (DE Bar No. 5503)<br>Edward A. Corma (DE Bar No. 6718)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>Email: bsandler@pszjlaw.com<br>         crobinson@pszjlaw.com<br>         pkeane@pszjlaw.com<br>         ecorma@pszjlaw.com<br><br>*Proposed Counsel to George L. Miller, Chapter 7 Trustee* |