# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 )  |
| CHRISTMAS TREE SHOPS, LLC, *et al.*,[1] | ) Case No. 23-10576 (TMH) ) ) Jointly Administered |
| Debtors | ) ) **Re: D.I. 588** ) |

## ORDER COMPELLING THE TURNOVER OF ESTATE PROPERTY AND ENFORCING THE AUTOMATIC STAY

Upon the motion (the "Emergency Motion")[2] of George L. Miller, chapter 7 trustee ( the "Trustee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) compelling Bank of America, N.A. (collectively, "BOA") to turn over certain funds held in BOA accounts belonging to the Debtors' estates (the "Withheld Funds") and (b) enforcing the automatic stay extant in chapter 11 cases by requiring BOA to turn over the Debtors' property and cease all actions to obtain payment of any alleged prepetition claims, all as more fully set forth in the Emergency Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Emergency Motion in this district is

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Emergency Motion or Conversion Order.

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Trustee's notice of the Emergency Motion and opportunity for a hearing on the Emergency Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Emergency Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Emergency Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Emergency Motion is granted as set forth herein.

2. BOA shall immediately provide the Trustee with the account statements for the period August 1, 2023 through the date of the entry of this Order for the Debtors' accounts at BOA in accordance with section 542 of the Bankruptcy Code.

3. BOA shall provide for, and coordinate with the Trustee regarding the immediate turnover of $2,873,844.04 (the "Initial Turnover Amount") to the Trustee, no later than September 1, 2023, which Initial Turnover Amount represents a partial amount of the funds held by BOA owed to the Debtors' estates.

4. The parties reserve any and all rights regarding any remaining funds held by BOA.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Trustee's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Emergency Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of

the Trustee or Debtors' rights or the rights of any other Person under the Bankruptcy Code or any other applicable law.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. This Order does not adjudicate or impose sanctions for violation of the automatic stay, provided however, all of the parties' rights are reserved regarding the request and imposition of sanctions.

8. The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Emergency Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: August 31st, 2023  
Wilmington, Delaware

**THOMAS M. HORAN**  
**UNITED STATES BANKRUPTCY JUDGE**