IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| CHRISTMAS TREE SHOPS, LLC, *et al.*,[1] | ) Case No. 23-10576 (TMH) |
| | ) |
| Debtors | ) Jointly Administered |
| | ) |
| | ) **Re: D.I. 555** |

**OMNIBUS ORDER (I) AUTHORIZING THE CHAPTER 7 TRUSTEE TO REJECT
CERTAIN LEASES OF NONRESIDENTIAL REAL PROPERTY;
AND (II) GRANTING RELATED RELIEF**

Upon consideration of the *Chapter 7 Trustee's Omnibus Motion for Entry of an Order (I) Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property; and (II) Granting Related Relief* (the "Motion")[2]; this Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) notice of the Motion and the hearing was sufficient under the circumstances; and (v) there is good cause to waive the 14-day stay imposed by the Bankruptcy Rule 6004(h) to the extent it is applicable; and this Court, after due deliberation, having determined that the relief requested in the Motion is (i) in the best interests of the Debtors, their estates, and their creditors; and good and sufficient cause having been shown;

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

**IT IS HEREBY ORDERED THAT**:

1. The Motion is Granted as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, the Leases identified on **Schedule 1** attached hereto are hereby rejected, to be effective as of August 31, 2023 (the "Rejection Date").

3. The Trustee is authorized to abandon the Abandoned Property located at the Closing Stores free and clear of all liens, claims, encumbrances, interests, and rights of third parties.

4. The Trustee agrees to provide immediate possession to the applicable landlords of the Closing Stores as of the Rejection Date and authorizes the applicable landlords to enter and re-key the Premises as of the Rejection Date and waives the right to seek any state court action for possession of the Closing Stores.

5. The counterparties to the Leases may use or dispose of such Abandoned Property in their sole and absolute discretion and without further notice or order of this Court without liability to the Trustee, the Debtors or third parties and to the extent applicable, the automatic stay is modified for such disposition; provided, however, that nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under applicable law from any of the Debtors' leased premises. The rights of the applicable landlord to assert claims with respect to such disposition of the Abandoned Property are reserved, as are all parties' rights to object to such claims.

6. The Trustee does not waive any claim that they may have against any counterparty to a Lease, whether or not such claims arise under, are related to the rejection of, or are independent of such Lease.

7. Nothing herein shall prejudice the rights of the Trustee to argue that a Lease was terminated prior to the Rejection Date; that any claim for damages arising from the rejection of a Lease is limited to the remedies available under any applicable termination provision of such Lease; or that any such claim is an obligation of a third party and not that of the Debtors or their estates.

8. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Trustee's, Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, or adoption of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

9. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party.

10. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

11. This Order shall be immediately effective and enforceable upon its entry. The fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

12. Any proof of claim for damages in connection with the rejection of a Lease, if any, shall be filed on or before the date that is thirty (30) days after entry of this Order.

13. The Trustee is authorized to take all action necessary to effectuate the relief granted in this Order.

DOCS_DE:244375.7 57097/001

14. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

**Dated: August 31st, 2023**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**

4

DOCS_DE:244375.7 57097/001