**EXHIBIT B**
**SSG Retention**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CHRISTMAS TREE SHOPS, LLC, *et al.*,[1] | Case No. 23-10576 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 280** |

**ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY SSG ADVISORS, LLC AS INVESTMENT BANKER TO THE DEBTORS EFFECTIVE AS OF MAY 31, 2023, (II) APPROVING THE TERMS OF THE ENGAGEMENT LETTER, (III) MODIFYING CERTAIN TIME-KEEPING REQUIREMENTS, AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the application (the "**Application**")[2] filed by the debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-2(h) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for the entry of an order (the "**Order**"): (i) authorizing the Debtors to employ and retain SSG Advisors, LLC ("**SSG**") as investment banker effective as of May 31, 2023 in accordance with the terms and conditions set forth in that certain Engagement Letter dated as of May 31, 2023, (ii) approving the terms of the Engagement Letter, including the Fee and Expense Structure and the indemnification, contribution, reimbursement, and related provisions set forth therein, (iii) modifying certain

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), Handil, LLC (1150), and Nantucket Distributing Co., LLC (1640). The notice address for the Debtors is 64 Leona Drive, Middleboro, Massachusetts 02346.

[2] Capitalized terms used but not defined in this Order have the meanings given in the Application.

2

158171514v3

information requirements of Local Rule 2016-2, and (iv) granting related relief, as more fully set forth in the Application; and upon consideration of the Kohl Declaration attached to the Application as <u>Exhibit B</u>; this Court has found that: (i) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1332 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) this Court is able to issue a final order consistent with Article III of the United States Constitution, (iii) venue is proper in this district pursuant to 28 U.S.C. § § 1408 and 1409, (iv) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (v) notice of the Application and a hearing on the Application was sufficient under the circumstances, and it appearing that no other or further notice need be provided; and after due deliberation, this Court has determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein and that the terms and conditions of SSG's engagement, including but not limited to the Fee and Expense Structure set forth in the Engagement Letter and summarized in the Application, are reasonable as required by section 328(a) of the Bankruptcy Code; and the Court having found that SSG is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtors, their creditors, their estates and all other parties in interest; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Debtors are hereby authorized, pursuant to sections 327 and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014 and Local Rule 2014-1, to employ and retain SSG as their investment banker in accordance with the terms and conditions set forth in the Engagement

Letter effective as of May 31, 2023 and to pay fees and reimburse expenses to SSG on the terms and at the times specified in the Engagement Letter, subject to the modifications set forth herein.

3. The terms of the Engagement Letter, attached hereto as **Exhibit 1**, are approved in all respects except as limited or modified herein.

4. All of SSG's compensation set forth in the Engagement Letter, including, without limitation, the Fee and Expense Structure, is approved pursuant to section 328(a) of the Bankruptcy Code, and SSG shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of the Court.

5. None of the fees payable to SSG shall constitute a "bonus" or enhancement under applicable law.

6. SSG shall file a fee application for final allowance of compensation for services and reimbursement of expenses pursuant to the procedures set forth in section 330 and 331 of the Bankruptcy Code; *provided, however*, the final fee application filed by SSG shall be subject to review only pursuant to the standard of review set forth in section 328 of the Bankruptcy Code and not subject to the standard of review set forth in section 330 of the Bankruptcy Code.

7. Notwithstanding any provision to the contrary in this Order, the U.S. Trustee shall have the right to object to SSG's request(s) for interim and final compensation based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of SSG's fees under the standard set forth in the preceding sentence. Accordingly,

nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of SSG's fees.

8. SSG is granted a waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d) to the extent requested in the Application. Among other things, SSG shall maintain records of services rendered for the Debtors, including summary descriptions of those services, the time expended in providing those services (in half-hour (.5) increments) and the identity of the individuals who provided those services. SSG shall include such records in its final fee application. For the avoidance of doubt, SSG shall be paid its Monthly Fees without the need for monthly or interim applications for compensation; provided, however, SSG must submit monthly fee invoices to the U.S. Trustee and official committee of unsecured creditors (the "**Committee**") describing in narrative fashion the work performed during the monthly period by each professional working on the engagement. SSG must submit the monthly fee invoices to the U.S. Trustee and Committee by the twentieth (20th) day of each calendar month.

9. To the extent that SSG uses the services of independent contractors or subcontractors (collectively, the "**Contractors**") in these cases, SSG shall (i) pass through the cost of such Contractors at the same rate that SSG pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for SSG; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

10. The Debtors shall be bound by the indemnification, contribution, reimbursement, exculpation, and other provisions of the Engagement Letter and will indemnify and hold harmless SSG and the other Indemnified Parties (as defined in the Engagement Letter), pursuant to the Engagement Letter, subject, during the pendency of the cases, to the following:

    (a) The Indemnified Parties (as defined in the Engagement Letter) shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement

    Agreement for services, unless such services and the indemnification, contribution, or reimbursement therefore are approved by this Court;

 (b) The Debtors shall have no obligation to indemnify any Indemnified Party, or provide contribution or reimbursement to any Indemnified Party, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from any Indemnified Party's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of any Indemnified Party's contractual obligations, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to applicable law; or (iii) settled prior to a judicial determination as to the exclusions set forth in the clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which the Indemnified Party should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter; and

 (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these cases, any of the Indemnified Parties believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, such Indemnified Party must file an application therefor in this Court, and the Debtors must not pay any such amounts to such Indemnified Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by the Indemnified Parties for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Parties. All parties in interest shall retain the right to object to any demand by the Indemnified Parties for indemnification, contribution, or reimbursement.

11. Notwithstanding any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

12. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the cases to cases under chapter 7.

6

158171514v3

13. To the extent that there may be any inconsistency between the terms of the Application, the Kohl Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

14. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**Dated: July 5th, 2023**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**