IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: <br><br> Christmas Tree Shops, LLC, *et al.*,[1] <br><br> Debtors. | Chapter 7 <br><br> Case No. 23-10576 -TMH <br><br> Jointly Administered <br><br> **Hearing Date: October 17, 2023 at 11:00 a.m.** <br> **Objection Deadline: October 10, 2023 at 4:00 p.m.** |

### BANK OF AMERICA, N.A.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO EXERCISE SETOFF RIGHTS RELATING TO A DEPOSIT ACCOUNT

Bank of America, N.A., ("BOA") respectfully submits this motion (the "Motion") for an order granting it relief from the automatic stay under section 362(d) of the United States Bankruptcy Code (the "Bankruptcy Code") to exercise setoff rights with respect to bank deposits held by BOA against obligations owed by the debtor to BOA.

### I.  JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and § 1334. The statutory predicate for the relief sought in this Motion is 11 U.S.C. § 362(d) and Rules 4001, 9014, and 7062 of the Federal Rules of Bankruptcy Procedure.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The venue is appropriate in this Court pursuant to 28 U.S.C. § 1408 and § 1409.

### II.  BACKGROUND

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640). The notice address for the Debtors is 64 Leona Drive, Middleboro, Massachusetts 02346.

4. On May 5, 2023 (the "Petition Date"), Christmas Tree Shops, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware. On August 16, 2023, the case was converted to a case under chapter 7 of the Bankruptcy Code.

5. On or about February 21, 2023, BOA, on behalf of the Debtor, issued an Irrevocable Standby Letter of Credit (the "Letter of Credit") to 64 Leona Property Owner, LLC (the "Beneficiary") in an amount not to exceed $6,770,625.00. A copy of the Letter of Credit is filed herewith as **Exhibit A**. The Beneficiary is the owner of the warehouse used by the Debtor prior to conversion of this case.

6. Upon a draw on the Letter of Credit by the Beneficiary, the Debtor is obligated pursuant to an Application and Agreement for Standby Letter of Credit (the "Agreement") to repay BOA for the amount drawn plus applicable interest and other charges. A copy of the Agreement is filed herewith as **Exhibit B**.

7. Pursuant to a Security Agreement executed by the Debtor on February 16, 2023, the Debtor's obligations to BOA in connection with the Letter of Credit were secured by a deposit account identified with an account number ending in -752 along with any safekeeping or securities account in which such deposit account or products may be held or credited, any renewals or rollovers thereof, any proceeds thereof, and any general intangibles, financial assets, securities entitlements, investment property and choses in action arising therefrom or related thereto (the "Letter of Credit Deposit Account"). A copy of the Security Agreement is filed herewith as **Exhibit C**.

8. The Debtor's deposits with BOA are governed, in part, by a Deposit Agreement. A copy of the Deposit Agreement is filed herewith as **Exhibit D**. The Debtor agreed to be bound by

the Deposit Agreement pursuant to the various documents filed herewith as **Exhibit E**. The Deposit Agreement provides, in relevant part, BOA with the right to setoff funds of the Debtor held by BOA against obligations owed by the Debtor to BOA. See Exhibit D, page 55.

9. On July 24, 2023, the Beneficiary made a draw request with respect to the Letter of Credit. Thereafter, BOA honored the draw request.

10. On July 24, 2023, BOA filed a Motion for Relief from Stay to Exercise Setoff Rights Relating to a Letter of Credit (Docket No. 462) (the "Prior Stay Relief Motion"), which sought, among other things, this Court's authority to apply the funds in the Letter of Credit Deposit Account against the amounts due and owing by the Debtor to BOA in connection with the Letter of Credit. The Prior Stay Relief Motion was granted by order of this Court entered August 11, 2023 (Docket No. 521).

11. Following entry of the Prior Stay Relief Order, BOA applied the Letter of Credit Deposit Account funds against the obligations owing by Debtor in connection with the Letter of Credit.

12. Following the application of Letter of Credit Deposit Account funds, certain amounts remain due and owing as of September 15, 2023 on account of accrued interest and attorneys' fees in the amount of $101,098.41 and is broken down as follows:

- Unpaid interest: $74,053.71
- Legal fees and costs: $27,044.70

(the "Remaining Letter of Credit Obligations"). Each of these amounts are due by Debtor to BOA under the Agreement. *See* Ex. B, Section 2 (regarding interest); Section 12(g) (regarding attorneys' fees).

13. On or about August 17, 2023, the chapter 7 trustee demanded turnover of the remaining accounts of the Debtor held with BOA.

14. On or about August 31, 2023, BOA issued a check to the chapter 7 trustee in the amount of $2,873,844.04, representing all but $100,000.00 (the "Remaining Funds") of the Debtor's funds on account with BOA.

## III. RELIEF REQUESTED

15. BOA respectfully requests relief from the automatic stay of 11 U.S.C. § 362 to permit BOA to setoff the Remaining Letter of Credit Obligations owed to BOA against the Remaining Funds pursuant to the Deposit Agreement. BOA also respectfully requests the Court make the relief from the stay effective immediately pursuant to F.R.B.P. 4001(a)(3).

## IV. ANALYSIS

### A. BOA is entitled to relief from the automatic stay to effectuate a setoff.

16. The right of setoff, also known as offset, allows parties to cancel mutual debts. *In re WL Homes, LLC*, 471 B.R. 349, 351 (Bankr. D. Del. 2012). It recognizes the absurdity of "making A pay B when B owes A." *Id*. In the bankruptcy context, setoff allows a party holding property of the bankruptcy estate to keep the property up to the amount of the setoff right. *Id*. citing 11 U.S.C. § 542(b).

17. A party may obtain relief from the automatic stay to effectuate a setoff pursuant to Section 362(d) which provides, in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay- (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1).

18. Cause for relief from the stay is established by showing valid setoff rights. *In re WL Homes, LLC*, 471 B.R. 349, 351-352 (Bankr. D. Del. 2012); see also, *In re Whimsy*, 221 B.R.

69, 74 (S.D.N.Y. 1998)(bankruptcy court should enforce setoff rights absent compelling circumstances); *In re Gould*, 401 B.R. 414, 416 (9th Cir. B.A.P. 2009) (establishment of right to setoff of constitutes *prima facie* showing of cause for relief from stay); *Holber v. Suffolk Constr. Co. (In re Red Rock Servs. Co.)*, 480 B.R. 576, 617 (Bankr. E.D. Pa. 2012)(courts generally recognize that, by establishing a right of setoff, the creditor has established a *prima facie* showing of "cause" for relief from the automatic stay).

19. In this case, BOA has cause for relief from the automatic stay because it has a valid right of setoff. BOA holds a claim against the Debtor based on the Debtor's failure to fully reimburse BOA under the Agreement in the amount of the Remaining Letter of Credit Obligations. The Debtor's obligation to reimburse BOA has matured. BOA also owes a debt to the Debtor in the amount of Remaining Funds. Pursuant to the Deposit Agreement, BOA has an affirmative right to effectuate the setoff. See Exhibit D, page 55.

20. As a result, BOA is entitled to setoff the balance of the Remaining Funds against the Debtor's reimbursement obligations under the Letter of Credit and "cause" exists to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

**B.  Request for relief to become effective immediately.**

21. Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure provides that an order granting a motion for relief from an automatic stay is stayed until the expiration of 14 days after the entry of the order unless the court orders otherwise. F.R.B.P. 4001(a)(3).

22. BOA respectfully requests that the order granting relief from the automatic stay become effective immediately and not be subject to any stay.

**WHEREFORE**, Bank of America, N.A. respectfully requests that the Court enter an order in the submitted proposed form granting it relief from the automatic stay, effective immediately,

so that BOA may exercise setoff rights with respect to the Remaining Funds, together with such other and further relief as this Court deems just and proper.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**
/s/ Geoffrey G. Grivner
Geoffrey G. Grivner (4711)
500 Delaware Avenue, Suite 720
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295
Email: geoffrey.grivner@bipc.com
*Counsel to Bank of America, N.A.*

Date: September 20, 2023
      Wilmington, DE