## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC, *et al.*,[1]<br>Debtors. | Chapter 7<br><br>Case No. 23-10576 (TMH)<br><br>(Jointly Administered)<br><br>**Hearing Date:  Nov. 13, 2023 at 10:00 a.m. (Eastern)**<br>**Objection Deadline:  Oct. 17, 2023 at 4:00 p.m. (Eastern)** |

### MOTION OF JSM AT BRICK, LLC FOR AN ORDER
### ALLOWING AND COMPELLING PAYMENT OF CHAPTER 11
### ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503(b)

JSM at Brick, LLC ("the Lessor"), by and through its undersigned counsel, hereby files this motion (the "Motion") for entry of an order, pursuant to sections 365(d)(3) and 503(b) of title 11 of the United States Code, 11 § U.S.C. 101 *et seq*. (the "Bankruptcy Code"), in substantially the form attached as **Exhibit A**, allowing Lessor's chapter 11 administrative expense claim and compelling the immediate payment thereof.  In support of the Motion, Lessor respectfully represents as follows:

### JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of the Cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Lessor consents to

---

[1]  The Debtors and the last four digits of each Debtor's U.S. TIN are:  Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).  The notice address for the Debtors is 64 Leona Drive, Middleboro, MA  02346.

the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105, 365(d)(3), and 503(b)(1)(A).

## BACKGROUND

4.      On May 5, 2023 (the "Petition Date"), each of the above-captioned debtors (collectively, the "Debtors") filed a voluntary bankruptcy petition for relief under chapter 11 of Bankruptcy Code, thereby commencing the Debtors' chapter 11 cases (the "Cases").

5.      Lessor, as landlord, and Christmas Tree Shops ("CTS"), as tenant, are parties to that certain *Ground Lease* dated as of June 16, 2006 (as amended from time to time prior to the Petition Date, the "Lease"),[2] whereby CTS leased certain real property and the improvements thereon from Lessor.  The Lease relates to property identified therein located in Brick, New Jersey.

6.      The Lease is a "triple-net" lease.  *See* Lease, §§ 7(b) & 8(b).  Fixed Rent is payable on the first of each month.  *Id.*, §§ 4.1, 4.2.  In addition to Fixed Rent, the Debtor was obligated to pay Tenant's Proportionate Share of Real Estate Taxes and Tenant's Proportionate Share of Operating Expenses.  *Id.*, §§ 4.3, 5.1.2.

7.      On August 16, 2023, the Court entered the *Order (I) Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code Pursuant to 11 U.S.C. § 1112(b); (II) Approving the Conversion Procedures; (III) Authorizing the Transfer of the*

---

[2] Lessor has not attached a copy of the Lease to this Motion because it is voluminous.  A true and correct copy of the Lease is attached to the Lessor's Proof of Claim, filed in Case 23-10576 on September 27, 2023 at Claim No. 434.  Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Lease.

*Professional Fee Funding Amount into a Segregated Attorney Trust Account Maintained by Debtors' Counsel; (IV) Limiting Notice of the Motion; and (V) Granting Related Relief* [D.I. 545], whereby the Court converted the Debtors' Cases to cases under chapter 7 of the Bankruptcy Code.  The Court thereafter appointed Mr. George Miller as chapter 7 trustee as for the Debtors' estates (the "Chapter 7 Trustee").

8.    On August 24, 2023, the Chapter 7 Trustee filed a motion seeking authorization to reject certain unexpired leases of nonresidential property (including the Lease) as of August 31, 2023 (the "Rejection Date").  *See* D.I. 555.

9.    On August 31, 2023, the Court entered the *Omnibus Order (I) Authorizing the Chapter 7 Trustee to Reject Certain Leases of Nonresidential Real Property; and (II) Granting Related Relief* [D.I. 608], whereby the Court authorized the Chapter 7 Trustee to reject the Lease as of the Rejection Date.

10.    Lessor is entitled to an administrative expense claim for the period from the Petition Date through the Rejection Date of the Lease in the amount of no less than $114,121.19 (plus additional fees and interest) (the "Administrative Claim").

11.    The Administrative Claim consists of base rent, management fees, common area maintenance fees, and real estate taxes, all of which arose after the Petition Date and before the Rejection Date and for which the Debtors are liable under the Lease.

## **RELIEF REQUESTED**

12.    Lessor respectfully requests entry of an order, in substantially the form attached as **Exhibit A**, (i) allowing the Administrative Claim as an chapter 11 administrative expense of the Debtors' estates, (ii) compelling the Debtor to immediately pay the Administrative Claim, and (iii) granting such further relief to which Lessor may be entitled.

**BASIS FOR RELIEF**

13.    Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, that a trustee or debtor-in-possession "shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1)."  11 U.S.C. § 365(d)(3).  Under § 365(d)(3), "the bankruptcy trustee must fulfill any obligation that arises under a non-residential lease after the filing of the bankruptcy petition but before either assumption or rejection occurs." *In re Pac-West Telecomm., Inc.*, 377 B.R. 119, 123 (Bankr. D. Del. 2007).

14.    The Bankruptcy Code "does not define the terms 'obligation' or 'arises,' but 'the most straightforward understanding of an obligation is something that one is legally required to perform under the terms of the lease and that such an obligation arises when one becomes legally obligated to perform.'"  *In re Pac-West Telecomm., Inc.*, 377 B.R. at 124;  *see also In re Goody's Family Clothing Inc.*, 610 F.3d 812, 816 (3d Cir. 2010) ("'[A]n obligation arises under a lease for the purposes of § 365(d)(3) when the legally enforceable duty to perform arises under that lease.'" (citation omitted)).  "Simply put, the debtor should 'perform all the obligations . . . at the time required in the lease.'"  *In re Pac-West Telecomm., Inc.*, 377 B.R. at 124.

15.    The purpose of section 365(d)(3) is to require the trustee to perform under a lease in accordance with its terms—including, among other things, payment of lease obligations so that a landlord is not providing services to the debtor without compensation.  *See Centerpoint Props. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 268 F.3d 205, 209 (3rd Cir. 2001) ("The clear and express intent of § 365(d)(3) is to require the trustee to perform the lease in accordance with its terms.").

16.     Debtors' obligations under section 365(d)(3) are independent of, and not subject to, the requirements for the allowance and payment of administrative expense claims under section 503(b) of the Bankruptcy Code.  *See In re Goody's Family Closing Inc.*, 610 F.3d at 818 ("When a debtor occupies post-petition non-residential space it leases, that § 365(d)(3) provides when the rent obligation arises does not erase when lessors may make 503(b)(1) claims for the value conferred post petition by the occupancy."); *In re Valley Media, Inc.*, 290 B.R. 73, 77 (Bankr. D. Del. 2003) ("In other words, § 365(d)(3) effectively reads: 'forget what § 503(b)(1) says' when the issue is pre rejection period obligations of a nonresidential real estate lease."); *WM Inland Adjacent LLC v. Mervyn's LLC (In re Mervyn's Holdings, LLC)*, Nos. 08-11586 (KG), 09 50920 (KG), 2013 Bankr. LEXIS 67, at *24 25 (Bankr. D. Del. Jan. 8, 2013) ("The provision 'notwithstanding section 503(b)(1), at the end of section 365(d)(3) means that aside from administrative expenses provided for in § 503(b)(1), § 365(d)(3) creates a new and different obligation one that does not necessarily rest on the administrative expense concept.'" (citations omitted)).

17.     Here, Lessor is entitled to the protections afforded by section 365(d)(3).  The Administrative Claim represents obligations that arose under the Lease during the post-petition, pre-rejection period, and therefore is entitled to administrative expense priority under section 365(d)(3).  *See, e.g.*, *In re Hayes Lemmerz Int'l, Inc.*, 340 B.R. 461 (Bankr. D. Del. 2006).

18.     Lessor also is entitled to allowance and payment of the Administrative Claims as a chapter 11 administrative expense claim under sections 503(b) and 507(a) of the Bankruptcy Code.   Section 503(b) of the Bankruptcy Code provides, in pertinent part, that allowed administrative expense claims exist for "the actual, necessary costs and expenses for preserving the estate . . ."  11 U.S.C. § 503(b)(1)(A).  In turn, section 507(a) of the Bankruptcy Code

provides that administrative expense claims that are allowed under section 503(b) of the Bankruptcy Code have priority.  11 U.S.C. § 507(a)(2).

19.    Here, the Debtors utilized the leased premises after the Petition Date and before the Rejection Date and were benefited thereby.  Bankruptcy Courts generally hold that a debtor's continued use and occupancy of leased premises post-petition give rise to an administrative expense claim.  *See In re Goody's Family Clothing, Inc.*, 392 B.R. 604, 613 (Bankr. D. Del. 2008), *aff'd*, 401 B.R. 656 (D. Del. 2009) (citing *Zagata Fabricators, Inc. v. Superior Air Prods.*, 893 F.2d 624, 627 (3d Cir. 1990)).  The mere fact that a debtor is occupying a landlord's premises is sufficient, in and of itself, to establish that payment for that use and occupancy is an actual, necessary expense of preserving a debtor's estate under section 503(b)(1) of the Bankruptcy Code.  *See In re Goody's Family Clothing, Inc.*, 392 B.R. at 614.

20.    Finally, Lessor respectfully request that the Debtors be compelled to pay the Administrative Claim immediately.  The decision whether to order immediate payment of section 503(b)(1) administrative claims is within the sound discretion of the Court.  *See In re HQ Global Holdings*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (internal citations omitted).  As Judge Walrath explained in determining the timing of the payment of an administrative expense claim in *Global Holdings*, "one of the chief factors courts consider is bankruptcy's goal of an orderly and equal distribution among creditors and the need to prevent a race to the debtor's assets."  *Id.*; *see also In re Garden Ridge Corp.*, 321 B.R. 669, 677 (Bankr. D. Del. 2005) ("In determining the time of [an administrative expense] payment, courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors.").  The status of these cases clearly warrants immediate payment of the Lessor's Administrative Claim.

21.     For these reasons, Lessor respectfully requests that the Court allow, and compel the Debtors to immediately pay, the Administrative Claim pursuant to sections 365(d)(3) and 503(b) of the Bankruptcy Code.

## **RESERVATION OF RIGHTS**

22.     Lessor reserves all of its rights and remedies, including its right to amend, modify, or supplement this Motion in any manner, at any time and for any purpose, and to assert and file any and all additional claims of whatever kind or nature that it has or may hereafter have against the Debtors (including, without limitation, under 11 U.S.C. §§ 502, 503, and 365) which may be based on the respective rights and obligations arising under the relationship and agreements discussed herein or the same events and circumstances described herein, including, without limitation, claims related to or arising in connection with the Administrative Claim and any amounts related to environmental concerns.

23.     Lessor further reserves the right to bring forth additional documentation supporting any and all of its claims including, but not limited to, any documents that may become available after further investigation and discovery.

## **NOTICE**

24.     Counsel for the Lessor will serve this motion electronically via the Court's CM/ECF system on (i) counsel to the Chapter 7 Trustee; (ii) the Office of the United States Trustee for the District of Delaware; and (iii) all parties who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002. In light of the nature of the relief requested herein, Lessor submits that no other or further notice is required.

## **NO PRIOR REQUEST**

25.    No prior request for the relief requested herein has been made to this Court or to any other court.

WHEREFORE, Lessor respectfully requests that the Court enter an order, in substantially the form attached as **Exhibit A**:  (i) granting the Motion; (ii) allowing Lessor's Administrative Claim in the amount of $114,121.19 (plus additional fees and interest); (iii) compelling the Debtors to immediately pay such Administrative Claims in accordance with 11 U.S.C. 365(d)(3); and (iv) granting such further relief as is just and proper.

Dated: October 3, 2023
       Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By:   */s/ Jason D. Angelo*
      Jason D. Angelo (No. 6009)
      1201 North Market Street, Suite 1500
      Wilmington, Delaware 19801
      Telephone:  (302) 778-7500
      Facsimile:  (302) 778-7575
      E-mail:  jangelo@reedsmith.com

      -and-

      Derek J. Baker, Esquire
      REED SMITH LLP
      Three Logan Square
      1717 Arch St., Suite 3100
      Philadelphia, PA 19103-7301
      Telephone:  (215) 851-8100
      Facsimile:  (215) 851-142
      E-mail:  dbaker@reedsmith.com

      *Counsel for Lessor JSM at Brick, LLC*