
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC., *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 23-10576 (TMH)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 639, 640, 641, 642, 643, 644, 654, and 646** |

**CHAPTER 7 TRUSTEE'S OMNIBUS RESPONSE TO FINAL FEE**
**APPLICATIONS OF CHAPTER 11 ESTATE PROFESSIONALS**

George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors") files this omnibus response (this "Response") to the final fee applications of chapter 11 estate professionals (the "Applications") filed in this case. In support of the Objection, the Trustee submits as follows:

**Preliminary Statement**

1. The Trustee does not object to allowance of the fees and expenses sought in the Applications. However, the Trustee objects to the Applications to the extent they seek immediate payment for the full amounts stated from general estate funds because there is not enough cash in the Debtors' estates and there are millions of dollars in chapter 11 administrative expense claims asserted by other creditors against the estates.

2. The Trustee is statutory fiduciary on behalf of all creditors. *See In re Wisdom*, 478 B.R. 394, 399 (Bankr. D. Idaho 2012) (a chapter 7 trustee is described as a fiduciary charged

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

with protecting the interests of all creditors of the estate). To that end, the Trustee must be careful not to prefer similarly-situated creditors over others.

3. The Trustee is still in the process of reviewing the applicable financing orders and related documents and budgets to understand the Professionals' entitlement to payment from professional fee reserve carveout amounts. The Trustee needs to understand how Professionals were treated among each other and how the Professionals were treated relative to other administrative creditors. To that end, it is possible that some Professionals may have to later disgorge amounts received so that the Professionals are treated equally.

## Background

2. On May 5, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

3. On August 16, 2023, the Court entered an order converting the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code (the "Conversion Order") [Docket No. 545].

4. On the same date, the Office of the United States Trustee (the "U.S. Trustee") appointed George L. Miller as the chapter 7 trustee in these cases [Docket No. 546].

5. These cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

6. The Debtors operated a chain of brick-and-mortar home goods retail stores that specialized in the sale of year-round seasonal goods at value pricing. The Debtors' stores offered a variety of products including home décor, bed and bath products, kitchen and dining products, furniture, food, and seasonal products. As of the Petition Date, the Debtors operated 82 stores in 20 states.

7. A description of the Debtors and their business, and the facts and circumstances surrounding the chapter 11 cases, are set forth in greater detail in the *Declaration of Marc*

*Salkovitz, Executive Chairman, in Support of First Day Relief* [Docket No. 12] and the *Supplemental Declaration of Marc Salkovitz, Executive Chairman, in Support of First Day Relief* [Docket No. 23].

8. On June 5, 2023, the Court entered a final DIP financing order [Docket No. 229] (the "Final DIP Order"). On July 13, 2023, the Court entered a supplemental order to the Final DIP Order (the "Supplemental DIP Order") [Docket No. 431]. The Supplemental DIP Order amended certain professional fee carveouts for the estate professionals. *See* Supplemental DIP Order ¶8.

9. In accordance with the *Order Authorizing Establishing Procedures for Interim Compensation and Reimbursement of Expenses* (the "Interim Compensation Order") [Docket No. 258] various estate professionals in the Chapter 11 Cases (the "Professionals") filed applications seeking allowance and payment of compensation and reimbursement of expenses during the course of the Chapter 11 Cases.

10. Following the Conversion Order, the Trustee understands that the Professionals have indicated that: (a) the Supplemental DIP Order established certain carveouts for fees and expenses for Debtor Professionals for certain periods and that carveout amounts are capped and subject to the applicable budget in accordance with the terms of the order;[2] and (b) the Trustee has been advised that there was no segregation of the carveout amounts for Professionals' fees, through a Professional Fee Reserve as required under paragraph 2.3(b) of the Final DIP Order; rather, the amounts were comingled with other funds of the Debtors.

11. Pursuant to a prior order in these cases following conversion [Docket No. 606], the Trustee has received $2,873,844.04 from Bank of America that were on deposit in the

---

[2] *See* Docket No. 639 at footnote 2 (Murphy & King Final Fee Application) and Docket No. 640 at footnote 2 (Troutman Pepper Hamilton Sanders LLP Final Fee Application).

Debtors' former bank accounts with Bank of America.  The Trustee is also in the process of reconciling various claims made by former employees for unpaid wages and other compensation.

12. Thus, the Trustee holds money on behalf of the Debtors' estates for which there are competing claims – professionals for carveout amounts and unpaid administrative expenses for fees and former employees for unpaid wages – and the Trustee needs to reconcile the asserted claims against those funds to determine which parties are entitled to payment.

13. Accordingly, no final fee order should contain language requiring immediate payment for allowed Professionals' fees and expenses.  The Trustee has no objection to allowance of fees and expenses but the Professionals will be paid as and when the Trustee determines they can be paid from either available funds, or the Professionals will retain a chapter 11 administrative expense claim that will receive a distribution at an appropriate time later in the case.

## The Final Fee Applications

14. The Professionals have filed the Applications, which seek allowance and payment, as detailed below:

| PROFESSIONAL | ROLE | D.I. | PERIOD COVERED | FEES REQUESTED | EXPENSES REQUESTED |
|---|---|---|---|---|---|
| Murphy & King, Professional Corporation | Debtors' counsel | 639 | 5/5/23-8/16/23 | $665,268.50 | $16,644.80 |
| Troutman Pepper Hamilton Sanders LLP | Debtors' Delaware counsel | 640 | 5/5/23-8/16/23 | $596,603.00 | $6,710.44 |
| Porzio, Bromberg & Newman, P.C. | Counsel to Committee | 641 | 5/22/23-8/16/23 | $497,271.75 | $8,561.45 |
| Kurtzman Carson Consultants, LLC | Administrative Advisor to Debtors | 642 | 5/5/23-8/16/23 | $29,544.24 | $0 |
| FAAN Advisors Group, Inc. | Financial Advisor to Debtors | 643 | 5/5/23-8/16/23 | $239,507.70 | $0 |

| PROFESSIONAL | ROLE | D.I. | PERIOD COVERED | FEES REQUESTED | EXPENSES REQUESTED |
|---|---|---|---|---|---|
| Womble Bond Dickinson (US) LLP | Delaware Counsel to Committee | 644 | 5/22/23-8/16/23 | $309,918.50 | $6,515.90 |
| Rock Creeek Advisors, LLC | Financial Advisors to Committee | 645 | 5/23/23-8/16/23 | $233,748.00 | $0.00 |
| | | | TOTAL: | $2,571,861.69 | $38,432.59 |

**Basis for Response**

15.     The Trustee objects to the Applications to the extent they seek immediate payment from general estate funds for the full amounts stated because there is not current enough funds available in the estates to pay all Professionals in full and there are millions of dollars in asserted chapter 11 administrative expense claims from other creditors.

16.     The Trustee does not object to the allowance of the amounts stated in the Applications if the Court and the U.S. Trustee are satisfied that the amounts sought as compensation or for reimbursement as expenses meet the applicable standards under the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.

17.     The Trustee is working diligently to liquidate the Debtors' assets and recover available funds for the Debtors' estates but cannot at this time pay all of the amounts requested in the Applications in full. Accordingly, he requests the Court not enter any orders that have language requiring immediate payment of all amounts to the chapter 11 estate professionals. Instead, any final fee orders should include language that permits allowance of final fees and, to the extent applicable, recovery from any applicable professional fee reserve carveout if the Trustee determines that such funds are indeed "carveout" funds but no other amounts from the estates at this time. Instead, the remaining amounts owed to the Professionals should only come in the form of an asserted chapter 11 administrative expense claim.

18.     In addition, the final fee order for any Professional should contain language that the order does not operate as res judicata of any claims or causes of action by the Trustee against any of the Professionals, including, but not limited to, the Trustee's rights to seek disgorgement of fees and expenses from any of the Professionals at any time before the chapter 7 cases are closed are preserved, and all the Professionals' rights to dispute such claims or causes of action are preserved

## Reservation of Rights

19.     The Trustee expressly reserves all rights to supplement this Objection on any and all available substantive and non-substantive grounds that bankruptcy and non-bankruptcy law permits.

## Conclusion

20.     Based on the foregoing, the Trustee respectfully requests that the Court only approve the Applications through orders (or an omnibus final fee order) that contain appropriate language consistent with the above, and grant such other relief as is just and proper.

| | |
|---|---|
| Dated: October 6, 2023 | PACHULSKI STANG ZIEHL & JONES LLP |
| | |
| | */s/ Bradford J. Sandler* |
| | Bradford J. Sandler (DE Bar No. 4142) |
| | Colin R. Robinson (DE Bar No. 5524) |
| | Peter J. Keane (DE Bar No. 5503) |
| | Edward A. Corma (DE Bar No. 6718) |
| | 919 North Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | Email: bsandler@pszjlaw.com |
| |       crobinson@pszjlaw.com |
| |       pkeane@pszjlaw.com |
| |       ecorma@pszjlaw.com |
| | |
| | *Counsel to George L. Miller, Chapter 7 Trustee* |