# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> CHRISTMAS TREE SHOPS, LLC., *et al.*, <br><br> Debtors.[1] | Chapter 7 <br><br> Case No. 23-10576 (TMH) <br><br> (Jointly Administered) <br><br> **Re: D.I. 652** |

## CHAPTER 7 TRUSTEE'S OBJECTION TO BANK OF AMERICA, N.A.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO EXERCISE SETOFF RIGHTS RELATING TO DEPOSIT ACCOUNT

George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors") files this objection (this "Objection") to Bank of America, N.A.'s motion for relief from the automatic stay to exercise setoff rights relating to a deposit account (the "Motion"). In support of the Objection, the Trustee submits as follows:

### Objection

1. The Motion should be denied because it lacks any support for the amounts allegedly owed. The Motion asserts that BOA is entitled to setoff: (i) unpaid interest of $74,053.71; and (ii) legal fees and costs of $27,044.70. *See Motion*, ¶12. The Motion simply references two provisions in the Agreement that arguably provide BOA the right to recover unpaid interest and legal fees and costs. Nothing more.

2. The Motion lacks any support for the setoff amounts other than citation to the contractual provisions. BOA fails to provide any of the invoices or billing related to the legal fees and costs. Nor does it provide how the unpaid interest was calculated. Cause to lift the

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

automatic stay to setoff alleged debts requires more than citation to boilerplate provisions in the Agreement and the Deposit Agreement.

3. Moreover, without any support for the unpaid interest and legal fees, the Trustee cannot determine if such amounts are directly attributable to the estate's purported liability under the Agreement. The Prior Stay Relief Motion was approved on August 11, 2023. That date should be the cutoff for any unpaid fees or interest. It is unclear if BOA is using September 15, 2023 or another date to calculate the unpaid interest. In either event, BOA should not receive a windfall in the form of unpaid interest because they failed to satisfy any amounts from the funds in their possession as of August 11, 2023.

4. The Trustee also notes that the timing of BOA's request to setoff is suspect. BOA waited to extract payment for the Remaining Letter of Credit Obligations until weeks after the entry of the Prior Stay Relief Order. BOA conveniently filed the Motion only after it incurred legal fees responding to the Court's order compelling BOA to turn over the Debtors' remaining funds. BOA should not be permitted to recover fee related to its compliance with the Court's order to compel. It cannot be determined that the unpaid legal fees are directly traced to the Letter of Credit without any evidence from BOA.

5. Finally, BOA's proposed setoff against the Remaining Funds is premature. Payment of unpaid payroll taxes pursuant the Court's conversion order [D.I. 545] was delayed because BOA's actions caused there to be insufficient funds in the Debtors' accounts. The inability to satisfy the payroll taxes caused the estate to incur penalties that have yet to be assessed but the Trustee estimates may exceed $30,000. To the extent that BOA's actions may have caused or contributed to the lack of funds in the Debtors' accounts that led to the payroll tax shortfall, the Trustee will assert setoff rights against BOA for the penalties. Thus, it is premature

to grant BOA stay relief for setoff relating to the Remaining Letter of Credit Obligations until the amount of the penalties are assessed and any setoff asserted against BOA is determined.

6. Faced with the transfer of all of the Debtors' funds to the Trustee, BOA unilaterally decided without providing any detail or support to this Court or the Trustee, that it could withhold $100,000 of estate funds. Without the invoices behind the legal fees or calculation of the unpaid interest, and until the Trustee is able to calculate amounts due and owing from BOA for certain penalties related to late payment of the Debtors' payroll taxes, there is no cause for relief from the automatic stay and the BOA motion should be denied.

## Reservation of Rights

7. The Trustee expressly reserves all rights to supplement this Objection on any and all available substantive and non-substantive grounds that bankruptcy and non-bankruptcy law permits.

## Conclusion

8. Based on the foregoing, the Trustee respectfully requests that the Court deny the Motion and grant such other relief as is just and proper.

| | |
|---|---|
| Dated: October 10, 2023 | PACHULSKI STANG ZIEHL & JONES LLP |
| | */s/ Colin R. Robinson*<br>Bradford J. Sandler (DE Bar No. 4142)<br>Colin R. Robinson (DE Bar No. 5524)<br>Peter J. Keane (DE Bar No. 5503)<br>Edward A. Corma (DE Bar No. 6718)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>Email: bsandler@pszjlaw.com<br>       crobinson@pszjlaw.com<br>       pkeane@pszjlaw.com<br>       ecorma@pszjlaw.com<br><br>*Counsel to George L. Miller, Chapter 7 Trustee* |