**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 7 |
| CHRISTMAS TREE SHOPS, LLC., *et al.*, | Case No. 23-10576 (TMH) |
| Debtors.[1] | (Jointly Administered) |
|  | **Re: D.I. 660** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
CHAPTER 7 TRUSTEE TO MOTION OF JSM AT BRICK, LLC FOR AN
ORDER ALLOWING AND COMPELLING PAYMENT OF CHAPTER 11
ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503(b)**

George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), files this objection (the "Objection") to the *Motion of JSM at Brick, LLC for an Order Allowing and Compelling Payment of Chapter 11 Administrative Claim Pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)* [Docket No. 660] (the "Motion").[2]  In support of this Objection, the Trustee respectfully states as follows:

## Objection

1.      The Trustee is currently in the process of reconciling the administrative expense claim amount asserted in the Motion and will attempt to resolve open issues before the hearing scheduled on the Motion on November 13, 2023.  The Trustee files this Objection to preserve rights while the parties attempt to resolve the Motion consensually.

2.      In the Motion, JSM at Brick, LLC (the "Landlord") seeks allowance of and immediate payment of its administrative expense claim.  There are millions of dollars in

---

[1]     The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows:  Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

administrative expense claims asserted gains the estates, and the estates currently do not have funds to pay such claims.  The Trustee cannot prefer one administrative expense claimant over others.  Therefore, the Trustee submits that, while the Landlord may be entitled to an allowed claim (if proven), the Landlord should only receive a distribution as and when other similarly-situated administrative claims receive a distribution.  Accordingly, the Trustee objects to the Motion to the extent that it seeks an order compelling immediate payment of its claim.

3.      In the Motion, the Landlord asserts that it is entitled to an administrative expense claim in the amount of $114,121.19 (plus additional fees and interest).  While the Landlord may be entitled to an administrative expense claim (if proven), the Landlord is not entitled to immediate payment of this amount.  Under section 726 of the Bankruptcy Code, chapter 7 administrative expenses are entitled to payment before chapter 11 administrative expenses.  11 U.S.C. § 726(b); *see also Ross v. Kanaga* (*In re Darmstadt Corp.*), 164 B.R. 465, 468 (D. Del. 1994); *In re Phila. Newspapers, LLC*, 433 B.R. 164, 168 n.5 (Bankr. E.D. Pa. 2010).  Thus, in a case that converts from chapter 11 to chapter 7, a claimant is not automatically entitled to immediate payment of a chapter 11 administrative expense post-conversion.  *See, e.g.*, *In re Tel-Central Comms.*, 212 B.R. 342, 348-49 (Bankr. W.D. Mo. 1997).  Accordingly, any administrative expense claim to which the Landlord may be entitled should be paid *pro rata* with all other allowed chapter 11 administrative expenses if and when such expenses receive a payment through a later distribution.

### **Reservation of Rights**

4.      Until the Motion is resolved, the Trustee reserves all rights to supplement this Objection on any and all available substantive and non-substantive grounds that bankruptcy and non-bankruptcy law may permit, to conduct discovery into the matters raised by the Motions, and to present evidence at any hearing on the Motions.

2

## Conclusion

5.      For all the reasons set forth above, the Court should deny the Motion to the extent

that the Landlord seeks immediate payment of its administrative expense claim.


Dated:  October 17, 2023                PACHULSKI STANG ZIEHL & JONES LLP

                                        */s/ Bradford J. Sandler*
                                        Bradford J. Sandler (DE Bar No. 4142)
                                        Colin R. Robinson (DE Bar No. 5524)
                                        Peter J. Keane (DE Bar No. 5503)
                                        Edward A. Corma (DE Bar No. 6718)
                                        919 North Market Street, 17th Floor
                                        P.O. Box 8705
                                        Wilmington, DE 19899-8705 (Courier 19801)
                                        Telephone:  (302) 652-4100
                                        Facsimile:  (302) 652-4400
                                        Email: bsandler@pszjlaw.com
                                                crobinson@pszjlaw.com
                                                pkeane@pszjlaw.com
                                                ecorma@pszjlaw.com

                                        *Counsel to George L. Miller, Chapter 7 Trustee*