# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CHRISTMAS TREE SHOPS, LLC, *et al.*, | Case No. 23-10576 (TMH) |
| Debtors.[1] | (Jointly Administered) |

Hearing Date: January 17, 2024 at 10:00 a.m. (ET)
Objection Deadline: December 27, 2023 at 4:00 p.m. (ET)

## MOTION OF CHAPTER 7 TRUSTEE FOR ORDER EXTENDING DEADLINE TO ASSUME OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF PERSONAL PROPERTY PURSUANT TO SECTION 365(d)(1) OF BANKRUPTCY CODE

George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors") hereby files this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to section 365(d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), extending the time period for the Trustee to assume or reject any executory contracts (the "Executory Contracts") or unexpired leases of residential real property or personal property under which any of the Debtors are the lessee (the "Unexpired Leases"), from December 15, 2023 through and including February 16, 2024. In support of this Motion, the Trustee respectfully represents as follows:

### Jurisdiction and Venue

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended*

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

*Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are section 365 of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

4. On May 5, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

5. On August 16, 2023, the Court entered an Order converting the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code, effective as of August 16, 2023 (the "Conversion Date") [Docket No. 545].

6. On August 16, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed George L. Miller as the chapter 7 trustee in these cases [Docket No. 546].

7. These cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

8. The Debtors operated a chain of brick-and-mortar home goods retail stores that specialized in the sale of year-round seasonal goods at value pricing. The Debtors' stores offered a variety of products including home décor, bed and bath products, kitchen and dining products, furniture, food, and seasonal products. As of the Petition Date, the Debtors operated 82 stores in 20 states.

9. A description of the Debtors and their business, and the facts and circumstances surrounding the Chapter 11 Cases, are set forth in greater detail in the *Declaration of Marc Salkovitz, Executive Chairman, in Support of First Day Relief* [Docket No. 12] and the *Supplemental Declaration of Marc Salkovitz, Executive Chairman, in Support of First Day Relief* [Docket No. 23].

## Relief Requested

10. The Trustee seeks an order extending the time for the Trustee to assume, assume and assign, or reject the Executory Contracts and Unexpired Leases through and including February 16, 2024. Absent a further order from the Court, the Trustee would be required to assume, assume and assign, or reject the Executory Contracts and Unexpired Leases by no later than December 15, 2023, which is the deadline established pursuant to an Order of this Court granting a previous extension of the deadline [Docket No. 668].[2]

11. The Trustee requires additional time to evaluate any Executory Contracts and Unexpired Leases, to the extent not already assumed, assumed and assigned, or rejected. The Trustee is still evaluating the Executory Contracts and Unexpired Leases to determine if there is

---

[2] The Trustee has filed this Motion before the expiration of the current deadline of December 15, 2023. Pursuant to Local Rule 9006-2, "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the [Bankruptcy] Code, the [Bankruptcy Rules], these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Del. Bankr. L.R. 9006-2. Accordingly, Local Rule 9006-2 automatically extends the time for the Trustee to assume, assume and assign, or reject the Executory Contracts and Unexpired Leases pending the Court's ruling on this Motion.

any value that can be realized through a sale process or chapter 7 estate administration. Accordingly, the Trustee submits that the requested extension is appropriate.

### Basis for Relief

12. Section 365(d)(1) of the Bankruptcy Code provides:

> In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

11 U.S.C. § 365(d)(1).

13. Section 348(c) of the Bankruptcy Code provides that section 365(d) applies in "a case that has been converted under section [1112 of the Bankruptcy Code], as if the conversion order [was] the order for relief." 11 U.S.C. § 348(c).

14. Accordingly, absent the relief requested in this Motion, the Trustee is required to assume or reject any executory contracts or unexpired leases of residential real property or of personal property as of December 15, 2023.

15. Cause exists here to extend the deadline to assume or reject. The Trustee is currently still evaluating whether to assume or reject any remaining Executory Contracts or Unexpired Leases that may be needed for remaining wind down of operations.

16. Accordingly, the Trustee submits that it is appropriate to extend the deadline for making determinations regarding the Executory Contracts or Unexpired Leases through and including February 16, 2024. Therefore, an extension of time is necessary to allow the Trustee to consider the options with respect to any remaining Executory Contracts or Unexpired Leases in connection with the wind down of operations and the disposition of the Debtors' assets.

**Notice**

17.     The Trustee will provide notice of this Motion to the following parties, or their counsel, if known: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Debtors; and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee respectfully submits that no further notice is required.

WHEREFORE, the Trustee respectfully requests that the Court enter an order: (i) granting the Trustee an extension of time pursuant to 365(d)(1) of the Bankruptcy Code to assume or reject any Executory Contracts and Unexpired Leases through and including February 16, 2024, subject to and without prejudice to the rights of the Trustee to seek further extensions of time; and (ii) granting such other and further relief as is just and proper.

Dated: December 13, 2023          **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Colin R. Robinson*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:   bsandler@pszjlaw.com
             crobinson@pszjlaw.com
             pkeane@pszjlaw.com
             ecorma@pszjlaw.com

*Counsel to George L. Miller, Chapter 7 Trustee*