**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No.: 23-10576 (TMH)<br>(Jointly Administered)<br><br>**Objection Deadline: December 27, 2023 at 4:00 p.m. (ET)**<br>**Hearing Date: January 17, 2024 at 10:00 a.m. (ET)**<br>**Related Docket No.: 719** |

**LIMITED OBJECTION TO MOTION OF CHAPTER 7 TRUSTEE FOR ORDER
EXTENDING DEADLINE TO ASSUME OR REJECT EXECUTORY CONTRACTS
AND UNEXPIRED LEASES OF PERSONAL PROPERTY PURSUANT TO
SECTION 365(d)(1) OF BANKRUPTCY CODE**

Blue Yonder, Inc. ("Blue Yonder"), by and through its undersigned counsel, hereby files this limited objection to the *Motion of Chapter 7 Trustee for Order Extending Deadline to Assume or Reject Executory Contracts and Unexpired Leases of Personal Property Pursuant to Section 365(d)(1) of Bankruptcy Code* [Docket No. 719] (the "Extension Motion") filed by George L. Miller, chapter 7 trustee (the "Trustee"), and states as follows:

1. Blue Yonder and Debtor Christmas Tree Shops, LLC (the "Debtor") are parties to two agreements: (a) the SAAS and Professional Services Agreement (the "SAAS Agreement") dated as of May 28, 2021, and (b) the Software License and Services Agreement dated as of May 28, 2021 (the "Licensing Agreement," and together with the SAAS Agreement, the "Agreements").

2. Pursuant to the Agreements, the Debtor is able to access and use Blue Yonder's cloud-based software and services.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. TIN are: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640). The notice address for the Debtors is 64 Leona Drive, Middleboro, MA 02346.

3.      The Agreements are invoiced separately on an annual basis.

4.      On September 12, 2023, the Court entered the *Order Granting Motion of Blue Yonder, Inc. for Allowance of Administrative Expense Claim* [Docket No. 624], granting Blue Yonder an administrative expense claim in the amount of $364,474.73 (the "Administrative Expense Claim").  The Administrative Expense Claim represented the renewal fee under the SAAS Agreement for the time period May 28, 2023 through May 28, 2024.

5.      On August 28, 2023, Blue Yonder issued invoice no. 230210753 (the "Licensing Agreement Invoice") to the Debtor in the total amount of $253,937.50, representing the renewal fee under the Licensing Agreement for the time period August 26, 2023 through August 26, 2024. The Licensing Agreement Invoice remains outstanding.

6.      The deadline for the Trustee to assume, assume and assign, or reject Executory Contracts and Unexpired Leases[2] was December 15, 2023, and the Trustee now seeks an extension of the deadline through and including February 16, 2024.

7.      For this Court to approve the Extension Motion as to the Agreements, the Trustee must demonstrate "cause" for such extension.  *See* 11 U.S.C. § 365(d)(1).  In support of the requested extension, the Trustee alleges that he is "still evaluating" the Debtors' executory contracts.  *See* Motion, ¶ 3.  While this allegation may demonstrate cause for extending time with regard to other contracts, it does not constitute cause with regard to the Agreements.

8.      Blue Yonder is continuing to provide services under the Agreements, including without limitation providing software licenses and maintenance along with SaaS services and support.   At the same time, the Trustee has failed to pay the Licensing Agreement Invoice, and it is unclear whether there will be sufficient assets in the estate to pay, in full or otherwise, Chapter

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Extension Motion.

7 administrative expenses or Chapter 11 administrative expenses. Unless the Trustee agrees to pay the Licensing Agreement Invoice, this Court should not extend the period for assumption or rejection of the Agreements.

9. Blue Yonder will be prejudiced by any further extension of the election deadline. Accordingly, Blue Yonder requests that any order entered granting the Extension Motion specifically provide that the Agreements are not subject to the extension and require the Trustee to make an immediate election of whether he wants to assume, assume and assign, or reject the Agreements.

**WHEREFORE**, for the foregoing reasons, Blue Yonder respectfully requests that should the Court grant the Extension Motion that the order granting the Extension Motion: (a) specify that the extension does not apply to the Agreements; and (b) require the Trustee to make an immediate election of whether he wants to assume, assume and assign, or reject the Agreements.

Dated: December 19, 2023
Wilmington, Delaware

**CONNOLLY GALLAGHER LLP**

/s/ Jeffrey C. Wisler
Jeffrey C. Wisler (# 2795)
1201 N. Market Street, 20th Floor
\Wilmington, DE 19801
Telephone:     (302) 757-7300
Facsimile:     (302) 658-0380
Email:          jwisler@connollygallagher.com

**SQUIRE PATTON BOGGS (US) LLP**
Mark A. Salzberg, Esq. (*pro hac vice*)
2550 M St NW
Washington, DC 20037
Telephone:   (202) 457-6000
Facsimile :   (202) 457-6315
Email:          mark.salzberg@squirepb.com

*Attorneys for Blue Yonder, Inc.*