**Exhibit A**

**Proposed Order**

DE:4856-9693-9416.1 57097.001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 23-10576 (TMH)<br><br>(Jointly Administered) |

**ORDER APPROVING STIPULATION BETWEEN THE CHAPTER 7
TRUSTEE, RESTORE CAPITAL, LLC, AND PATHLIGHT CAPITAL, LP,
PROVIDING FOR PAYMENT OF CERTAIN UNPAID PAYROLL AMOUNTS**

Upon the *Certification of Counsel Submitting Order Approving Stipulation Between the Chapter 7 Trustee, Restore Capital, LLC, and Pathlight Capital, LP, Providing for Payment of Certain Unpaid Payroll Amounts* (the "Certification") and the *Stipulation Between the Chapter 7 Trustee, Restore Capital, LLC, and Pathlight Capital, LP, Providing for Payment of Certain Unpaid Payroll Amounts* (the "Stipulation"),[2] attached hereto as **Exhibit 1**, by and among (A) George L. Miller, the duly appointed chapter 7 trustee (the "Trustee") for the estates (the "Estates") of the above-captioned debtors (the "Debtors"); (B) ReStore Capital, LLC ("ReStore"); and (C) Pathlight Capital, LP ("Pathlight" together with the Trustee, and ReStore, the "Parties"); and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Stipulation.

Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Stipulation; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is approved.

2. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate the Stipulation.

3. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

# EXHIBIT 1

Case 23-10576-TMH    Doc 728-1    Filed 12/21/23    Page 4 of 12

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC, *et al.*,<br><br>Debtors.¹ | Chapter 7<br><br>Case No. 23-10576 (TMH)<br><br>(Jointly Administered) |

**STIPULATION BETWEEN THE CHAPTER 7 TRUSTEE, RESTORE CAPITAL, LLC, AND PATHLIGHT CAPITAL, LP, PROVIDING FOR PAYMENT OF CERTAIN UNPAID PAYROLL AMOUNTS**

This stipulation (the "Stipulation") is entered into by and between: (A) George L. Miller, the duly appointed chapter 7 trustee (the "Trustee") for the estates (the "Estates") of the above-captioned debtors (the "Debtors"); (B) ReStore Capital, LLC ("ReStore"); and (C) Pathlight Capital, LP ("Pathlight" together with the Trustee, and ReStore, the "Parties").

**Background**

A.  WHEREAS, on May 5, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), commencing the above-captioned bankruptcy cases (the "Bankruptcy Cases").

B.  WHEREAS, on May 17, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors in the Chapter 11 Cases (the "Committee") [Docket No. 100].

---

¹ The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

C.  WHEREAS, on June 5, 2023, the Court entered the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and 507 (I) Authorizing the Debtors to Obtain Senior Secured Superpriority Postpetition Financing; (II) Granting (A) Liens and Superpriority Administrative Expense Claims and (B) Adequate Protection to Certain Prepetition Lenders; (III) Authorizing Use of Cash Collateral; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief* [Docket No. 229], as supplemented by the *Final Supplemental Order to the Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and 507 (I) Authorizing the Debtors to Obtain Senior Secured Superpriority Postpetition Financing; (II) Granting (A) Liens and Superpriority Administrative Expense Claims and (B) Adequate Protection to Certain Prepetition Lenders; (III) Authorizing Use of Cash Collateral; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief* [Docket No. 431] (together, the "Final DIP Order").[2]

D.  WHEREAS, on August 16, 2023, the Chapter 11 Cases were converted to cases under chapter 7 of the Bankruptcy Code pursuant to the *Order (I) Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code Pursuant to 11 U.S.C. § 1112(b); (II) Approving the Conversion Procedures; (III) Authorizing the Transfer of the Professional Fee Funding Amounts Into a Segregated Attorney Trust Account Maintained by Debtors' Counsel; (IV) Limiting Notice of the Motion and (V) Granting Related Relief* [Docket No. 545] (the "Conversion Order").  George L. Miller was appointed as the chapter 7 trustee by the U.S. Trustee

E.  WHEREAS, following entry of the Conversion Order, the Trustee asserted certain remaining payroll amounts due and owing to the Debtors' former employees (the "Payroll Amounts") had not been paid.

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Final DIP Order.

F.WHEREAS, ReStore asserted, and the Trustee disputed, that even if the Payroll Amounts were outstanding, the DIP Lenders, including ReStore, had provided the Debtors with funds sufficient to pay all of the Debtors' administrative payroll obligations required to be paid under the DIP Budget, the orders of the Bankruptcy Court and the Bankruptcy Code.

G.WHEREAS, on August 31, 2023, the Bankruptcy Court entered the *Order Compelling the Turnover of Estate Property and Enforcing the Automatic Stay* [Docket No. 606] (the "Turnover Order"). Pursuant to the Turnover Order, the Trustee received funds from Bank of America, N.A. in the amount of $2,873,844.04, which funds remain in the possession, custody and control of the Trustee (the "Estate Funds").

H.WHEREAS, the Estate Funds included funds sufficient to pay the amount of the Carve Out.

I.WHEREAS, all of the Professionals[3] have filed final applications for compensation. *See* Docket Nos. 639–646.

J.WHEREAS, the Parties have reached a resolution that provides the critical funds necessary to satisfy the Payroll Amounts including the use of $300,000 of the Estate Funds subject to the liens granted to the DIP Lenders, including ReStore, to pay the Payroll Amount.

K.WHEREAS, the Professionals have agreed to *pro rata* reductions of the payment of their final fees in the total amount of $440,000 to fund the Payroll Amount.

L.WHEREAS, ReStore has agreed to release any and all liens and consent to the use of the Estate Funds to satisfy the Payroll Amount provided that Pathlight reimburses ReStore for a portion of the Carve Out in an agreed amount of $697,875.00 (the "Carve Out Reimbursement").

---

[3]As defined in the Conversion Order.

**NOW, THEREFORE**, with the foregoing background deemed incorporated hereinafter, the Parties intending to be legally bound hereby, in consideration for the mutual covenants and promises contained herein, the sufficiency of which is hereby acknowledged, promise and agree, subject to Bankruptcy Court approval, as follows:

1. The recitals set forth above are hereby incorporated in full and made a part of this Stipulation.

2. As of the Conversion Date, approximately $740,000 remained unpaid to satisfy the Payroll Amount, including the costs to complete the distribution of the Payroll Amount and pay applicable payroll taxes.

3. The Trustee is authorized to hold back $440,000 (the "Professionals' Contribution") to account for the Professionals' agreed *pro rata* reductions in payment of their final fees in order to partially fund payment of the Payroll Amount, as reflected in the omnibus final fee order (the "Final Fee Order") approving the Professionals' chapter 11 fees and costs.

4. ReStore and Pathlight each consent to the Trustee's use of the Professionals Contribution and an additional amount of up to $300,000 of the Estate Funds to fund payment of the balance of the Payroll Amount.

5. Not later than two (2) business days following entry of an order of the Court approving this Stipulation, Pathlight shall pay the Carve Out Reimbursement to ReStore by wire transfer of immediately available funds.

6. Upon payment of the Carve Out Reimbursement, the Trustee is authorized to pay the Payroll Amount by wire transfer to the payroll processing company. Upon payment of the Payroll Amount and entry of the Final Fee Order by the Bankruptcy Court, the Trustee is

authorized to use the Estate Funds to pay the final fees and expenses of the Professionals as set forth in the Final Fee Order by wire transfer.

7. Any and all rights and claims of the Parties against any responsible person under applicable state or federal law for authorizing, administering, or controlling the payment of wages, salaries and benefits prior to the entry of the Conversion Order are expressly preserved and not waived by the entry and approval of this Stipulation by the Bankruptcy Court.

8. This Stipulation may be executed in any number of separate counterparts, any of which may be transmitted by facsimile or email, and each of which when so executed and delivered shall be an original, but all of which shall together constitute one and the same agreement.

9. No provision of this Stipulation is intended to, or shall, confer any third party beneficiary or other rights or remedies upon any person other than the Parties hereto.

10. The Bankruptcy Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation. Any request for relief brought before the Bankruptcy Court to resolve a dispute arising from or related to this Stipulation, and the matters agreed to herein, shall be brought on proper notice and in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

11. This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to any choice of law provisions.

12. No failure of any Party to enforce any right granted under this Stipulation shall represent a waiver of such right.

13. The Parties agree to execute any and all documents that are reasonably necessary to implement the terms and provisions of this Stipulation.

14. No modification or amendment of any of the provisions hereof shall be effective unless set forth in writing and signed by the Trustee, ReStore, and Pathlight and approved by the Bankruptcy Court.

15. This Stipulation is, subject in all respects to Bankruptcy Court approval, in all respects acceptable to the Parties. The Trustee shall promptly seek such approval after the full execution of this Stipulation. Failure to obtain approval of the Stipulation shall return the Parties to their respective positions *status quo ante*.

16. The Bankruptcy Court shall have jurisdiction over all matters arising from or relating to this Stipulation, and any order approving the same.

[Remainder of Page Intentionally Left Blank;
Signatures Appear Next Page]

IN WITNESS WHEREOF, the Parties have executed this Stipulation, intending to be legally bound, as of the date first below written.

Dated: December 21, 2023

GEORGE L. MILLER, CHAPTER 7 TRUSTEE

/s/

By: George L. Miller, solely in his capacity as Chapter 7 Trustee of the bankruptcy estates of Christmas Tree Shops, LLC, *et al.*

Dated: December 21, 2023

PATHLIGHT CAPITAL, LP

By: Pathlight GP LLC, Its General Partner

By:   Matthew N. Williams
Title: Managing Director

Dated: December __, 2023

RESTORE CAPITAL, LLC

/s/
By:
Title:

3806863.2
3810448.1

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation, intending to be legally bound, as of the date first below written.

| | |
|---|---|
| Dated: December __, 2023 | Dated: December __, 2023 |
| GEORGE L. MILLER, CHAPTER 7 TRUSTEE | PATHLIGHT CAPITAL, LP |
| | By: Pathlight GB LLC, Its General Partner |
| */s/* | */s/* |
| By: George L. Miller, solely in his capacity as Chapter 7 Trustee of the bankruptcy estates of Christmas Tree Shops, LLC, *et al.* | By:<br>Title: |

Dated: December 21, 2023

RESTORE CAPITAL, LLC

*/s/* *Ian Fredericks* (DocuSigned by: Ian Fredericks, 8211DE797AB4402...)
By:   Ian Fredericks
Title:  President

3806863.2