# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| CHRISTMAS TREE SHOPS, LLC, *et al.*,[1] | ) | Case No. 23-10576 (TMH) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: December 27, 2023** |
| | ) | **Hearing Date: January 17, 2024, 10:00 a.m.** |
| | ) | **Related Docket No.: 719** |
| | ) | |

## WORKDAY INC.'S LIMITED OBJECTION TO MOTION OF CHAPTER 7 TRUSTEE FOR ORDER EXTENDING DEADLINE TO ASSUME OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF PERSONAL PROPERTY PURSUANT TO SECTION 365(d)(1) OF BANKRUPTCY CODE

Workday, Inc. ("**Workday**"), by and through its undersigned counsel, hereby files this limited objection to the *Motion of Chapter 7 Trustee for Order Extending Deadline to Assume or Reject Executory Contracts and Unexpired Leases of Personal Property Pursuant to Section 365(d)(1) of Bankruptcy Code* [Docket No. 719] (the "**Extension Motion**") filed by George L. Miller, chapter 7 trustee (the "**Trustee**"), and states as follows:

1. Christmas Tree Shops, LLC executed a *Master Services Agreement* (as amended, "**MSA**") with Workday to use payroll, human resource, and other cloud-based enterprise management services provided by Workday. Since entering the MSA, the Debtor has executed numerous order forms, which, among other things, added new service applications, extended the terms of use of service applications, and established payment and invoicing schedules for the services to be performed pursuant to the MSA (collectively, the "**Order Forms**").[2] The MSA and

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640). The notice address for the Debtors is 64 Leona Drive, Middleboro, Massachusetts 02346).

[2] The term "Order Forms" is defined in the MSA to mean "the separate ordering documents under which Customer subscribes to the Workday Service pursuant to his Agreement that have been fully executed by the parties," and the MSA includes all fully executed order forms.

16473249/1

the Order Forms, collectively, constitute the "**Workday Contract**".

2. On May 5, 2023 (the "**Petition Date**"), the Debtors filed a voluntary petition for bankruptcy under Chapter 11 of the United States Code (hereinafter, the "**Bankruptcy Code**").

3. After the Petition Date, the Debtors continued to operate and manage their businesses as a debtors-in-possession under section 1107(a) and 1108 of the Bankruptcy Code.

4. Following the Petition Date, Workday continued to provide its cloud-based enterprise management services to the Debtors in accordance with the Workday Contract. Pursuant to the Workday Contract, Workday issues invoices prospectively for future services (often in the form of an annual subscription cost). Accordingly, pursuant to the Workday Contract, Workday issued invoices prior to the Petition Date that are related, in part, to postpetition services.

5. On June 30, 2023, Workday timely filed Proof of Claim No. 837 asserting a claim of $854,338.58 (the "**Filed POC**").[3] As outlined in the Filed POC and the table below (and pursuant to the various payment schedules in the Order Forms) the Filed POC consists of a claim for the various invoices ("**Invoices**") that Workday issued prior to the Petition Date minus a payment of $62,134.60 the Debtors made to Workday on May 22, 2023, for a total remaining balance owed of **$854,338.58.**

| Invoice No. | Invoice Date | Amount |
|---|---|---|
| WD-270135 | 11/23/2022 | $40,861.63 |
| WD-275022 | 1/1/2023 | $40,861.63 |
| WD-278074 | 1/19/2023 | $3,800.00 |
| WD-278938 | 1/30/2023 | $14,000.00 |
| WD-278945 | 1/30/2023 | $718,865.21 |
| WD-280706 | 2/14/2023 | $85,334.71 |
| WD-286303 | 3/31/2023 | $12,750.00 |
| Payment to Workday | 5/22/2023 | $(62,134.60) |
| **TOTAL** | | **$854,338.58** |

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Filed POC.

6. The Invoices remain outstanding. Put differently, Workday has been providing services postpetition without receiving payment.[4]

7. The deadline for the Trustee to assume, assume and assign, or reject Executory Contracts and Unexpired Leases was December 15, 2023, and the Trustee now seeks an extension of the deadline through and including February 16, 2024.

8. For this Court to approve the Extension Motion as to the Workday Contract, the Trustee must demonstrate "cause" for such extension. *See* 11 U.S.C. § 365(d)(1). In support of the requested extension, the Trustee alleges that he is "still evaluating" the Debtors' executory contacts. *See* Motion, ¶ 3. This allegation does not constitute cause with regard to the Workday Contract.

9. Workday is continuing to provide services under the Workday Contract, including providing cloud-based enterprise management services. At the same time, while taking advantage of Workday's services, the Trustee has failed to pay the Invoices (or the portions of the Invoices that relate to postpetition services), and it is unclear whether there will be sufficient assets in the estate to pay, in full or otherwise, Chapter 7 administrative expenses or Chapter 11 administrative expenses. Unless the Trustee agrees to pay the portions of the Invoices that relate to Workday's postpetition provision of services, this Court should not extend the period for assumption or rejection of the Workday Contract.

10. Workday will be prejudiced by any further extension of the election deadline, as it will be required to continue to perform and provide it services without assurance of payment. Accordingly, Workday requests that any order entered granting the Extension Motion specifically provide that the Workday Contract is not subject to the extension and require the Trustee to make

---

[4] Workday has not yet filed, but intends to promptly file, an application for allowance of its adminsitraitve expense claim with respect to the Workday Contract.

an immediate election of whether he wants to assume, assume and assign, or reject the Workday Contract.

WHEREFORE, for the reasons stated herein, Workday respectfully requests that any order granting the Extension Motion: (a) specify that the extension does not apply to the Workday Contract; and (b) require the Trustee to make an immediate election of whether he wants to assume, assume and assign, or reject the Agreements.

| | |
|---|---|
| Dated: December 27, 2023 | **MORRIS JAMES LLP** |
| | |
| | */s/ Eric J. Monzo* |
| | Eric J. Monzo (DE Bar No. 5214) |
| | Brya M. Keilson (DE Bar No. 4643) |
| | 500 Delaware Avenue, Suite 1500 |
| | Wilmington, DE 19801 |
| | Telephone: (302) 888-6800 |
| | Facsimile: (302) 571-1750 |
| | E-mail: emonzo@morrisjames.com |
| | E-mail: bkeilson@morrisjames.com |
| | |
| | -and- |
| | |
| | **PERKINS COIE LLP** |
| | Bradley A. Cosman, Esq. (*pro hac vice* forthcoming) |
| | 2901 N. Central Avenue |
| | Suite 2000 |
| | Phoenix, AZ 85012-2788 |
| | Telephone: (602) 351-8205 |
| | Email: bcosman@perkinscoie.com |
| | |
| | *Attorneys for Workday, Inc.* |