**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 7 |
| CHRISTMAS TREE SHOPS, LLC, et al.,[1] | Case No. 23-10576 (TMH)<br>(Jointly Administered) |
| Debtors. | **Re: Document Nos. 657, 708 & 735** |

**ORDER GRANTING AETNA LIFE INSURANCE COMPANY'S APPLICATION FOR
ALLOWANCE AND PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSE
AND RESERVATION OF RIGHTS**

Upon consideration of *Aetna Life Insurance Company's Application for Allowance and Payment of Chapter 11 Administrative Expense and Reservation of Rights* [Docket No. 657] ("**Application**")[2] filed by Aetna Life Insurance Company ("**Aetna**") and the *Limited Objection and Reservation of Rights of Chapter 7 Trustee to Aetna Life Insurance Company's Application for Allowance and Payment of Chapter 11 Administrative Expense and Reservation of Rights* [Docket No. 708] filed by George L. Miller, the chapter 7 trustee (the "**Trustee**"), and the Court finding that notice of the Application was proper and appropriate; and for good cause appearing;

**IT IS HEREBY ORDERED THAT**:

1.      The Application is **GRANTED**, as set forth in this Order.

2.      Aetna shall have an allowed chapter 11 administrative expense in the amount of $258,980.37 ("**Aetna's Allowed Chapter 11 Administrative Expense**").

3.      Aetna's Allowed Chapter 11 Administrative Expense Claim shall be entitled to payment *pro rata* with other allowed chapter 11 administrative expenses under 11 U.S.C. §

---

[1] The Debtors and the last four digits of each Debtor's U.S. TIN are: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640). The notice address for the Debtors is 64 Leona Drive, Middleboro, MA 02346.

[2] All capitalized terms used herein but not otherwise defined shall have the meaning provided to such terms in the Application.

507(a)(2) as and when such similarly situated allowed chapter 11 administrative expenses receive a distribution.

  4. The MSA between Aetna and Christmas Tree Shops, LLC is terminated and rejected effective as of the August 16, 2023 Conversion Date.

  5. Aetna shall have no further obligations in connection with the MSA or the Health Plan as of the Conversion Date.  Among other things, Aetna shall be entitled to reject and/or deny all Health Claims that Aetna has not processed or paid as the entry of this Order and shall be entitled to reject and/or deny all Health Claims that Aetna may receive after the entry of this Order.

  6. Aetna's rights regarding any filed proof of claim related to rejection damages are hereby preserved, and the Trustee's rights to object to such rejection damage claim are preserved.  Aetna may amend any filed proof of claim or may file a proof of claim with regard to rejection damages within thirty (30) days from entry of this Order.

  7. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: December 29th, 2023**
**Wilmington, Delaware**

          **THOMAS M. HORAN**
          **UNITED STATES BANKRUPTCY JUDGE**