IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC, *et al.*,[1]<br><br>              Debtors. | Chapter 7<br><br>Case No. 23-10576 (TMH)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC *et al.*,<br><br>              Plaintiff,<br><br>vs.<br><br>VIABELLA HOLDINGS LLC,<br><br>              Defendant. | Adv. Proc. No. 25-_____ (TMH) |

**COMPLAINT FOR AVOIDANCE AND RECOVERY
OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550**

      Plaintiff, George L. Miller, in his capacity as chapter 7 trustee of Christmas Tree Shops, LLC, et al., (the "Plaintiff" or "Trustee"), for the estates of the above-captioned debtors (the "Debtors") in the above-captioned cases pending under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), by and through his undersigned counsel, as and for his *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547*

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

4918-0252-8830.1 57097.001

*& 550* (the "Complaint") against the above-captioned defendant (the "Defendant"), alleges as follows:

## BACKGROUND

1. On May 5, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). These cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

2. On August 16, 2023, the Court entered an order converting the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code, effective as of August 16, 2023 (the "Conversion Date") [Docket No. 545].

## THE PARTIES

3. On August 16, 2023, the Office of the United States Trustee appointed George L. Miller as the chapter 7 trustee in these cases [Docket No. 546]. The Bankruptcy Code authorizes the Trustee to pursue and prosecute avoidance actions on behalf of the Debtors' estates.

4. Defendant Viabella Holdings LLC is a business entity formed under the laws of the State of Massachusetts with its principal office address at 9 Kendrick Road, Wareham, MA 02571.

## JURISDICTION AND VENUE

5. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

6. This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

7. Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

8. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BASIS FOR RELIEF REQUESTED

9. This adversary proceeding is initiated pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 547 and 550 of the Bankruptcy Code, to avoid and recover certain avoidable transfers that were made by the Debtors to the Defendant 90 days prior to the Petition Date.

## FACTS

10. Prior to the Conversion Date, the Debtors operated a chain of brick-and-mortar home goods retail stores that specialized in the sale of year-round seasonal goods at value pricing. The Debtors' stores offered a variety of products including home décor, bed and bath products, kitchen and dining products, furniture, food, and seasonal products.

11. A description of the Debtors and their business, and the facts and circumstances surrounding the Chapter 11 Cases, are set forth in greater detail in the *Declaration of Marc Salkovitz, Executive Chairman, in Support of First Day Relief* [Docket No. 12] and the *Supplemental Declaration of Marc Salkovitz, Executive Chairman, in Support of First Day Relief* [Docket No. 23] (together, the "First Day Affidavit").

12. Prior to the Petition Date, the Debtors made certain payments to Defendant for goods and/or services provided to the Debtors pursuant to invoices or statements submitted by Defendant to the Debtors, including but not limited to the transactions between the parties identified on **Exhibit A** attached hereto.

13. During the ninety (90) days prior to the Petition Date, the Debtors made payments to or for the benefit of the Defendant, including those identified on **Exhibit A** attached hereto (collectively, the "Transfers"). **Exhibit A** sets forth the details of each of the Transfers, including the identity of the transferor Debtor, payment date, and payment amount. The aggregate amount of the Transfers is not less than $370,510.49.

14. Although it is possible that some Transfers might be subject in whole or in part to defenses under 11 U.S.C. § 547(c), Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c).

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers—11 U.S.C. § 547)**

15. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

16. Within the ninety days prior to the Petition Date, the Debtors made the Transfers to Defendant in the total amount of $370,510.49, as more specifically described in **Exhibit A**.

17. Each of the Transfers to the Defendant was a transfer of property of the Debtors.

18. Each of the Transfers to the Defendant was made to or for the benefit of the Defendant.

19. The Defendant was a creditor of the Debtors (within the meaning of 11 U.S.C. § 110(10)) at the time each of the Transfers was made or, alternately, received the Transfers for the benefit of a creditor or creditors of the Debtors.

20. Each of the Transfers to the Defendant was made on account of an antecedent debt owed by the Debtors to the Defendant before the Transfer was made.

21. Each of the Transfers was made while the Debtors were insolvent. The Debtors are presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

22. Each of the Transfers enabled the Defendant to receive more than the Defendant would have received if (i) the transfers and/or payments had not been made, and (ii) the Defendant received payment on account of the debt paid by each of the Transfers to the extent provided by the Bankruptcy Code.

23. As of the date hereof, the Defendant has not returned any of the Transfers to the Plaintiff.

24. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

**SECOND CLAIM FOR RELIEF**
**(For Recovery of Property -- 11 U.S.C. § 550)**

25. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

26. As the Defendant is the initial, immediate, or mediate transferee of the Transfers, the Plaintiff is entitled to recover for the estate the proceeds or value of the Transfers under section 550 of the Bankruptcy Code.

27. As alleged above, Plaintiff is entitled to avoid the Transfers under 11 U.S.C. § 547. As Defendant is the initial, immediate, or mediate transferee of the Transfers, Plaintiff is entitled to receive for the Estate the proceeds or value of the Transfers under 11 U.S.C. § 550.

WHEREFORE, Plaintiff prays for judgment as follows:

a. For a determination that the Transfers are avoidable fraudulent transfers under 11 U.S.C. § 547, as applicable, and that the Plaintiff is entitled to recover the Transfers under 11 U.S.C. § 550 of the Bankruptcy Code;

b. Awarding to the Plaintiff the costs of suit incurred herein, including pre-judgment interest; and

c. For such other and further relief as the Court may deem just and proper.

Dated: May 5, 2025                                      PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:   bsandler@pszjlaw.com
             crobinson@pszjlaw.com
             pkeane@pszjlaw.com
             ecorma@pszjlaw.com

*Counsel to Plaintiff George L. Miller, Chapter 7 Trustee*