# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC, *et al.*,[1]<br><br>               Debtors. | Chapter 7<br><br>Case No. 23-10576 (TMH)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC *et al.*,<br><br>               Plaintiff,<br><br>vs.<br><br>COASTAL COCKTAILS, INC., dba MODERN GOURMET FOODS, | Adv. Proc. No. 25-50854 (TMH) |
| DRM WASTE MANAGEMENT CORPORATION, | Adv. Proc. No. 25-50843 (TMH) |
| ENGINEERING EXCELLENCE NATIONAL ACCOUNTS, LLC, | Adv. Proc. No. 25-50847 (TMH) |
| GOOGLE, LLC, | Adv. Proc. No. 25-50852 (TMH) |
| HOME EXPRESSIONS, INC., | Adv. Proc. No. 25-50885 (TMH) |
| LINDENMEYR CENTRAL, | Adv. Proc. No. 25-50839 (TMH) |
| MET EXPRESS, INC., f/k/a METROPOLITAN TRUCKING, INC., | Adv. Proc. No. 25-50860 (TMH) |
| MWBT Holdings, LLC, formerly known as BOSTON TRAILER SALES, LLC | Adv. Proc. No. 25-50829 (TMH) |
| ORLY SHOE CORPORATION, | Adv. Proc. No. 25-50891 (TMH) |
| TEKSYSTEMS GLOBAL SERVICES, | Adv. Proc. No. 25-50876 (TMH) |

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

| | |
|---|---|
| WINBROOK COMMUNICATION SERVICES, INC.<br><br>                    Defendants. | Adv. Proc. No. 25-50886 (TMH) |

**Objection Deadline: March 25, 2026, at 4:00 p.m. (ET)**
**Hearing Date: April 13, 2026, at 10:00 a.m. (ET)**

### THIRD OMNIBUS MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, TO APPROVE PREFERENCE ADVERSARY SETTLEMENT AGREEMENTS

George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, under sections 105 and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the settlement agreements (the "Settlement Agreements")[2] between the Trustee and the following parties:

  a.  Coastal Cocktails, Inc. dba Modern Gourmet Foods ("Coastal"), Adv. Proc. No. 25-50854

  b.  DRM Waste Management Corporation ("DRM"), Adv. Proc. No. 25-50843;

  c.  Engineering Excellence National Accounts, LLC ("Engineering"), Adv. Proc. No. 25-50847;

  d.  Google LLC ("Google"), Adv. Proc. No. 25-50852;

  e.  Home Expressions, Inc. ("Home Expressions"), Adv. Proc. No. 25-50885;

  f.  Lindenmeyr Central ("Lindenmeyr"), Adv. Proc. No. 25-50839;

  g.  Met Express Inc., f/k/a Metropolitan Trucking, Inc. ("Met"), Adv. Proc. No. 25-50860;

  h.  MWBT Holdings, LLC, formerly known as Boston Trailer Sales, LLC ("MWBT"), Adv. Proc. No. 25-50829;

  i.  Orly Shoe Corporation ("Orly"), Adv. Proc. No. 25-50891;

  j.  TEKSystems Global Services. ("TEKSystems"), Adv. Proc. No. 25-50876;

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the respective Settlement Agreements.

      k.      Winbrook Communication Services, Inc. ("Winbrook"), Adv. Proc. No. 25-50886.

Copies of the Settlement Agreements are attached to the proposed form of order as Exhibits 1 to 11. In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION

1.      The district court has jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and rule bases for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND

4.      On May 5, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). These cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

5. On August 16, 2023, the Court entered an order converting the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code, effective as of August 16, 2023 (the "Conversion Date") [Docket No. 545].

6. On August 16, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed George L. Miller as the chapter 7 trustee in these cases [Docket No. 546].

7. Following the Conversion Date, after conducting a review and analysis of the Debtors' records, the Trustee determined that the Debtors' records reflect that each of the Defendants received payments from the Debtors on account of outstanding indebtedness within the ninety days prior to the Petition Date (the "90-Day Transfers"), which the Trustee believes he can avoid and recover for the benefit of the Debtors' bankruptcy estates pursuant to Bankruptcy Code sections 547 and 550, and which the Defendants dispute.

8. Thereafter, the Trustee filed complaints against various Defendants requesting payment of the 90-Day Transfers, and the parties engaged in good faith, arms' length negotiations to resolve the matters.

## SUMMARY OF SETTLEMENT AGREEMENTS[3]

A. **Coastal Cocktails, Inc. dba Modern Gourmet Foods**

9. On May 5, 2025, the Trustee filed a complaint against Coastal, Adv. Pro. No. 25-50854 alleging that certain payments made by the Debtors to Coastal constituted preferential transfers pursuant to 11 U.S.C. §§ 547 and 550. The complaint against Coastal sought the avoidance and recovery of alleged preferential transfers totaling $210,000.00. Following good faith negotiations between the parties, a settlement was reached.

---

[3] The summary set forth in the Motion is only a summary. To the extent the summary conflicts with the actual terms of the Settlement Agreements, the actual terms of the Settlement Agreements shall control.

10. As set forth in the Coastal Settlement Agreement, the primary terms are as follows:

    a. Within fifteen (15) days of Court approval of the Settlement Agreement, Coastal shall pay to the Trustee $117,500.00.

    b. Within ten (10) business days after the Settlement Effective Date, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Adversary Action is dismissed.

    c. The parties will exchange mutual releases in connection with the 90-Day Transfers and/or the Adversary Action, and Coastal also waives the right to file a section 502(h) claim.

**B.**    **DRM Waste Management Corporation**

11. On May 5, 2025, the Trustee filed a complaint against DRM, Adv. Pro. No. 25-50843 alleging that certain payments made by the Debtors to DRM constituted preferential transfers pursuant to 11 U.S.C. §§ 547 and 550. The complaint against Coastal sought the avoidance and recovery of alleged preferential transfers totaling $145,491.87. Following good faith negotiations between the parties, a settlement was reached.

12. As set forth in the Coastal Settlement Agreement, the primary terms are as follows:

    a. Within fourteen (14) days of Court approval of the Settlement Agreement, Coastal shall pay to the Trustee $25,000.00.

  b. Within ten (10) business days after the Settlement Effective Date, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Adversary Action is dismissed.

  c. The parties will exchange mutual releases in connection with the 90-Day Transfers and/or the Adversary Action.

**C.** **<u>Engineering Excellence National Accounts LLC</u>**

13. On May 5, 2025, the Trustee filed a complaint against Engineering, Adv. Pro. No. 25-50847 alleging that certain payments made by the Debtors to Google constituted preferential transfers pursuant to 11 U.S.C. §§ 547 and 550. The complaint against Home sought the avoidance and recovery of alleged preferential transfers totaling $61,460.13. Following good faith negotiations between the parties, a settlement was reached.

14. As set forth in the Engineering Settlement Agreement, the primary terms are as follows:

  a. Within Seven (7) days of Court approval of the Settlement Agreement, Engineering shall pay to the Trustee $5,000.00.

  b. Within ten (10) business days after the Settlement Effective Date, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Adversary Action is dismissed.

  c. The parties will exchange mutual releases in connection with the 90-Day Transfers and/or the Adversary Action provided however Engineering may file a claim pursuant to 11 U.S.C. §502(h).

**D.    Google**

15.     On May 5, 2025, the Trustee filed a complaint against Google, Adv. Pro. No. 25-50852 alleging that certain payments made by the Debtors to Google constituted preferential transfers pursuant to 11 U.S.C. §§ 547 and 550.  The complaint against Home sought the avoidance and recovery of alleged preferential transfers totaling $91,636.94.  Following good faith negotiations between the parties, a settlement was reached.

16.     As set forth in the Google Settlement Agreement, the primary terms are as follows:

 a.    Within fifteen (15) days of Court approval of the Settlement Agreement and receipt of a W-9 from the Trustee, Google shall pay to the Trustee $8,000.00.

 b.    Within ten (10) business days after the Settlement Effective Date, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Adversary Action is dismissed.

 c.    The parties will exchange mutual releases in connection with the 90-Day Transfers and/or the Adversary Action including any claim that may be asserted by Google pursuant to 11 U.S.C. §502(h).

**E.    Home Expressions**

17.     On May 5, 2025, the Trustee filed a complaint against Home Expressions, Adv. Pro. No. 25-50885 alleging that certain payments made by the Debtors to Home Expressions constituted preferential transfers pursuant to 11 U.S.C. §§ 547 and 550.  The complaint against Home Expressions sought the avoidance and recovery of alleged preferential transfers totaling $100,000.00.  Following good faith negotiations between the parties, a settlement was reached.

18. As set forth in the Home Expressions Settlement Agreement, the primary terms are as follows:

    a. Within seven (7) days of Court approval of the Settlement Agreement, Home Expressions shall pay to the Trustee $50,000.00.

    b. Within ten (10) business days after the Settlement Effective Date, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Adversary Action is dismissed.

    c. The parties will exchange mutual releases in connection with the 90-Day Transfers and/or the Adversary Action provided however that Home Expressions does not release any claim duly filed in the Bankruptcy Case, and retains its right to file a claim pursuant to 11 U.S.C. §502(h).

**F.    <u>Lindenmeyr Central</u>**

19. On May 5, 2025, the Trustee filed a complaint against Lindenmeyr, Adv. Pro. No. 25-50839 alleging that certain payments made by the Debtors to Lindenmeyr constituted preferential transfers pursuant to 11 U.S.C. §§ 547 and 550. The complaint against Lindenmeyr sought the avoidance and recovery of alleged preferential transfers totaling $96,206.19. Following good faith negotiations between the parties, a settlement was reached.

20. As set forth in the Lindenmeyr Settlement Agreement, the primary terms are as follows:

    a. Within fifteen (15) days of Court approval of the Settlement Agreement, Lindenmeyr shall pay to the Trustee $60,000.00.

b. Within ten (10) business days after the Settlement Effective Date, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Adversary Action is dismissed.

c. The parties will exchange mutual releases in connection with the 90-Day Transfers and/or the Adversary Action, and Lindenmeyr also waives the right to file a section 502(h) claim.

### G.   Met Express Inc., f/k/a Metropolitan Trucking, Inc.

21. On May 5, 2025, the Trustee filed a complaint against Met, Adv. Pro. No. 25-50860 alleging that certain payments made by the Debtors to Met constituted preferential transfers pursuant to 11 U.S.C. §§ 547 and 550. The complaint against Met sought the avoidance and recovery of alleged preferential transfers totaling $202,381.26. Following good faith negotiations between the parties, a settlement was reached.

22. As set forth in the Met Settlement Agreement, the primary terms are as follows:

a. Within seven (7) days of Court approval of the Settlement Agreement, Met shall pay to the Trustee $15,000.00.

b. Within ten (10) business days after the Settlement Effective Date, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Adversary Action is dismissed.

c. The parties will exchange mutual releases in connection with the 90-Day Transfers and/or the Adversary Action, and Met retains its general unsecured claim and the right to file a section 502(h) claim.

**H.      MWBT Holdings, LLC, formerly known as Boston Trailer Sales, LLC**

23. On May 5, 2025, the Trustee filed a complaint against MWBT, Adv. Pro. No. 25-50829 alleging that certain payments made by the Debtors to MWBT constituted preferential transfers pursuant to 11 U.S.C. §§ 547 and 550. The complaint against MWBT sought the avoidance and recovery of alleged preferential transfers totaling $71,800.15. Following good faith negotiations between the parties, a settlement was reached.

24. As set forth in the MWBT Settlement Agreement, the primary terms are as follows:

    a. Within fifteen (15) days of Court approval of the Settlement Agreement, MWBT shall pay to the Trustee $10,000.00.

    b. Within ten (10) business days after the Settlement Effective Date, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Adversary Action is dismissed.

    c. The parties will exchange mutual releases in connection with the 90-Day Transfers, the Adversary Action, and/or the Default Judgment, including the right to file a claim pursuant to 11 U.S.C. 502(h).

**I.      Orly Shoe Corporation**

25. On May 5, 2025, the Trustee filed a complaint against Orly, Adv. Pro. No. 25-50891 alleging that certain payments made by the Debtors to Orly constituted preferential transfers pursuant to 11 U.S.C. §§ 547 and 550. The complaint against Orly sought the avoidance and recovery of alleged preferential transfers totaling $173,775.20. Following good faith negotiations between the parties, a settlement was reached.

26. As set forth in the Orly Settlement Agreement, the primary terms are as follows:

      a.      Orly shall pay to the Trustee the total sum of $70,000.00 which sum is bifurcated into two payments of $35,000.00, within seven (7) days or circulation of a fully executed settlement agreement, and within 60 days from the entry of the order approving the Settlement Agreement. The settlement agreement and installment payments are secured by a consent judgment which will be recorded only in the event of a default thereunder.

      b.      Within ten (10) business days after the Settlement Effective Date, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Adversary Action is dismissed.

      c.      The parties will exchange mutual releases in connection with the 90-Day Transfer and/or the Adversary Action, provided however, that Orly retains any filed unsecured claim and the right to file a claim pursuant to 11 U.S.C. 502(h).

**J.**      **TEKSystems Global Services**

27.      On May 5, 2025, the Trustee filed a complaint against TEKSystems, Adv. Pro. No. 25-50876 alleging that certain payments made by the Debtors to TEKSystems constituted preferential transfers pursuant to 11 U.S.C. §§ 547 and 550. The complaint against TEKSystems sought the avoidance and recovery of alleged preferential transfers totaling $133,390.00. Following good faith negotiations between the parties, a settlement was reached.

28.      As set forth in the TEKSystems Settlement Agreement, the primary terms are as follows:

      a.      Within seven (7) days of Court approval of the Settlement Agreement, TEKSystems shall pay to the Trustee $45,000.00.

b.      Within ten (10) business days after the Settlement Effective Date, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Adversary Action is dismissed.

c.      The parties will exchange mutual releases in connection with the 90-Day Transfers and/or the Adversary Action, and TEKSystems retains (1) its proofs of claim filed in the Bankruptcy Case as of the Settlement Effective Date, and (2) its right to file a claim pursuant to 11 US.C. §502(h).

**K.     Winbrook**

29.     On May 5, 2025, the Trustee filed a complaint against Winbrook, Adv. Pro. No. 25-50886 alleging that certain payments made by the Debtors to Winbrook constituted preferential transfers pursuant to 11 U.S.C. §§ 547 and 550.  The complaint against Winbrook sought the avoidance and recovery of alleged preferential transfers totaling $105,000, and which was subsequently reduced to $85,000. Following good faith negotiations between the parties, a settlement was reached.

30.     As set forth in the Winbrook Settlement Agreement, the primary terms are as follows:

a.      Within fifteen (15) days of Court approval of the Settlement Agreement, Winbrook shall pay to the Trustee $45,000.00.

b.      Within ten (10) business days after the Settlement Effective Date, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Adversary Action is dismissed.

      c.      The parties will exchange mutual releases in connection with the 90-Day Transfers and/or the Adversary Action, and Winbrook retains its right to file a claim pursuant to 11 U.S.C. §502(h).

## RELIEF REQUESTED

31.     By this Motion, the Trustee seeks entry of an order approving the Settlement Agreements, which, as stated above, are attached as Exhibits 1 to 11 to the proposed form of order.

## BASIS FOR RELIEF REQUESTED

**A.**     **Approval Pursuant to Bankruptcy Rule 9019**

32.     Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc).  Bankruptcy Rule 9019 governs the procedural prerequisites to approve a settlement, providing that:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

33.     Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution of bankruptcy cases*.  Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

Bankruptcy Rule 9019 provides that on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether the compromise is fair, reasonable, and in the interests of the estates. *In re Marvel Entertainment Group, Inc.,* 222 B.R. 243, 249 (D. Del. 1998). The decision whether to accept or reject a compromise lies within the sound discretion of the court. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

34. In making this determination, the United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court should consider: (a) the probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors. *Martin*, 91 F.3d at 393. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id.* at 395.

35. When applying the *Martin* factors to a particular motion, "the court is not supposed to have a 'mini-trial' on the merits, but should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness." *Aetna Casualty & Surety Co. v. Jasmine, Ltd (In re Jasmine, Ltd)*, 258 B.R. 119, 123 (D.N.J. 2000) (internal quotations omitted); *see also In re TSIC, Inc.*, 393 B.R. 71, 79 (Bankr. D. Del. 2008); *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006). Although approval of a compromise is within the "sound discretion" of the bankruptcy court (*World Health*, 344 B.R. at 296), the court should not substitute its judgment for that of a trustee or debtor in possession. *In re Parkview Hosp.-Osteopathic Med. Ctr.*, 211 B.R. 603, 610 (Bankr. N.D. Ohio 1996). The ultimate inquiry is whether the compromise is "fair, reasonable, and in the interests of the

estate." *TSIC*, 393 B.R. at 78.  A court need not be convinced that a proposed settlement is the best possible settlement, but "must conclude that it is within the reasonable range of litigation possibilities." *World Health*, 344 B.R. at 296 (internal citations omitted).

36. The Trustee believes the Settlement Agreements are fair and reasonable and are in the best interests of the Debtors' estates and creditors, and should be approved pursuant to Bankruptcy Rule 9019.  The settlements are the product of good-faith discussions and arms'-length bargaining among the Parties.  For the reasons outlined below, the Trustee believes that the Settlement Agreements are in the best interests of the Debtors' estates.

37. First, the Settlement Agreements resolve potential costly litigation over recovery of the 90-Day Transfers.  The Settlement Agreements are favorable because the estates receive significant cash recoveries from each of the Defendants.  In addition to the new value defense which is a question of fact and subject to proof, the Trustee also analyzed various defenses such as the application of the ordinary course of business and contemporaneous exchange defense.

38. The settlements avoid any collection difficulties or delays if the Trustee were to litigate the 90-Day Transfers against each of the Defendants, the outcome of which is uncertain and could be delayed by any appeal even assuming a favorable result to the Trustee.  In addition, the Settlement Agreements are in the best interests of the estates because the estates receive immediate cash and avoid administrative costs in pursuing litigation against each of the Defendants.

39. Aside from the standards under Rule 9019, a settlement of claims and causes of action by a trustee constitutes a use of property of the estate. *See e.g. Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999).  If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code.  *See id.*; *see also Martin*, 91 F.3d at 395 n.2 ("Section

363 of the Code is the substantive provision requiring a hearing and court approval; Bankruptcy Rule 9019 sets forth the procedure for approving an agreement to settle or compromise a controversy."). Courts normally defer to the trustee's business judgment so long as there is a legitimate business justification. *See id.*; *see also Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (Bankr. D. Del. 1999) (trustee need only have a "sound business purpose" to justify use of estate property pursuant to section 363(b)).

40. Here, the Trustee submits that approval under section 363(b) of the Bankruptcy Court is required. The Settlement Agreements provide for, among other terms, a resolution and waiver of potential claims by the Trustee against each of the Defendants. *See Northview Motors*, 186 F.3d at 350 (settling a claim against a third party constitutes a sale of the claim under section 363 and subject to court approval). For all the reasons set forth above, the Trustee, in an exercise of his sound business judgment, submits that the Settlement Agreements are fair, reasonable, and appropriate and should be approved by this Court.

## NOTICE

41. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) each of the Defendants; and (c) parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice is necessary or required.

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion, approve the Settlement Agreements, enter the proposed order, and grant such other relief as is just and proper.

| | |
|---|---|
| Dated:  March 10, 2026 | PACHULSKI STANG ZIEHL & JONES LLP |
| | */s/ Peter J. Keane* |
| | Bradford J. Sandler (DE Bar No. 4142) |
| | Peter J. Keane (DE Bar No. 5503) |
| | Edward A. Corma (DE Bar No. 6718) |
| | 919 North Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone:  (302) 652-4100 |
| | Facsimile:  (302) 652-4400 |
| | Email:    bsandler@pszjlaw.com |
| | pkeane@pszjlaw.com |
| | ecorma@pszjlaw.com |
| | *Counsel to Plaintiff George L. Miller, Chapter 7 Trustee* |